JENNIFER WITHERELL CRASTZ (SBN 185487)
SANDRA I. TIBERI (SBN 192816)
CHRISTOPHER D. CROWELL (SBN 253103)
HEMAR, ROUSSO & HEALD, LLP
15910 Ventura Boulevard, 12th Floor
Encino, California 91436
Telephone: (818) 501-3800
Facsimile: (818) 501-2985
E-mail: jcrastz@hrhlaw.com
         sandra@hrhlaw.com
         ccrowell@hrhlaw.com

Attorneys for Secured Creditor COMERICA BANK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>BENJAMIN W. GONZALES,<br><br>    Debtor. | Case No. 2:17-bk-23812-BR<br><br>Chapter 7<br><br>COMERICA BANK'S MOTION FOR ORDER INTERPRETING ORDER OF DISCHARGE; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF JENNIFER WITHERELL CRASTZ IN SUPPORT THEREOF<br><br>Hearing<br>Date: June 26, 2018<br>Time: 10:00 a.m.<br>Place: Courtroom 1668<br>       255 East Temple Street<br>       Los Angeles, California 90012 |

## MOTION

Secured creditor Comerica Bank ("Bank") hereby moves the Court for an order interpreting the Order of Discharge entered in this case on February 20, 2018 (Dkt. No. 41) ("Discharge Order"). The Bank specifically seeks a determination that the Discharge Order does not enjoin the Bank from obtaining a money judgment against debtor Benjamin W. Gonzales ("Debtor"), and obtaining an award of costs and attorney fees after entry of judgment, in the action pending before the California Superior Court for the County of Los Angeles ("State Court") entitled Comerica Bank v. C-Pak Sea

1

Foods, Inc., Case Number BC640599 ("State Court Action"), for the sole purpose of perfecting the Bank's attachment lien in the State Court Action against property of the bankruptcy estate.

The grounds for the Motion are as follows.

The Court has already determined (at the hearing on the Bank's Motion for Relief from Automatic Stay to proceed with the State Court Action) that entry of the Debtor's discharge would not prevent the Bank from perfecting its attachment lien by obtaining a judgment against the Debtor in the State Court Action[1] and that such a judgment will "relate back" regardless of when the discharge is entered. The Court's determination is the law of the case and should not be disturbed. At the same hearing, Chapter 7 Trustee David M. Goodrich ("Trustee") and the Debtor, through their counsel, indicated that they did not dispute the Court's determination in this regard, and are estopped from taking a contrary position now.

Despite the Bank's clear entitlement to proceed to judgment in the State Court Action in order to perfect the Bank's lien, the Debtor and the Trustee have taken a contrary position since the relief from stay hearing. Specifically, the Debtor filed a "Notice of Bankruptcy Discharge" in the State Court Action, stating that, "Plaintiff is enjoined and prohibited by the discharge injunction created under 11 U.S.C. § 524(a) from further prosecuting or continuing the above-entitled action against Defendant"; and, the Trustee has filed a Motion for Summary Judgment in the State Court Action, arguing that the Discharge Order precludes entry of judgment against the Debtor, thus necessitating this Motion. These filings by the Trustee and the Debtor necessarily require the state court to interpret and apply bankruptcy law in a matter that has already been settled by this bankruptcy Court.

Even if the Court determines that the law of the case doctrine and the doctrine of judicial estoppel are not applicable, the Bank is entitled to perfect its attachment lien by entry of judgment in the State Court Action.

Under California law, a creditor may only perfect an attachment lien by obtaining a judgment in the underlying action. Diamant v. Kasparian (In re Southern California Plastics, Inc.), 165 F.3d 1243, 1248 (9th Cir. 1999). A creditor with an attachment lien created outside the preference period

---

[1] This Motion uses the term "perfection" to mean conversion of an inchoate attachment lien to a choate lien by entry of judgment in the action.

2

"may not be absolutely precluded from proceeding to judgment on his claim against the debtor" simply because the debtor has filed a bankruptcy case. Id. at 1248-1249; see also First Federal Bank of California v. Robbins (In re Robbins), 310 B.R. 626, 630 (9th Cir. B.A.P. 2004) (bankruptcy court may not use automatic stay to "thwart ... right [of creditor to perfect attachment lien] permanently").

The fact that the Bank is now subject to the discharge injunction rather than the automatic stay (as was the case with the creditor in Robbins) is of no moment. 11 U.S.C. § 524(a)(2), as relevant here, only enjoins "the continuation of an action ... to *collect* [or] *recover* any [discharged] debt *as a personal liability of the debtor*[.]" (Emphasis added.) The Bank in this case does not seek to collect or recover from the Debtor personally in the State Court Action but rather seeks only to perfect the Bank's attachment lien against property of the Debtor's bankruptcy estate.

This Motion is based on the accompanying Memorandum of Points and Authorities and Declaration of Jennifer Witherell Crastz, the Request for Judicial Notice filed herewith, the other papers on file in this bankruptcy case cited to herein, and on any further evidence and argument as the Bank may present at or before the hearing on the Motion.

DATED: June 5, 2018                                    HEMAR, ROUSSO & HEALD, LLP

BY:  /s/ *Jennifer Witherell Crastz*
     JENNIFER WITHERELL CRASTZ
     SANDRA I. TIBERI
     CHRISTOPHER D. CROWELL
     Attorneys for Secured Creditor
     COMERICA BANK

3

# MEMORANDUM OF POINTS AND AUTHORITIES

## RELEVANT FACTUAL BACKGROUND

**A.  The Bank's Operative Complaint and Writs of Attachment in the State Court Action**

The Bank filed its operative First Amended Complaint ("FAC") in the State Court Action on December 6, 2016. [Request for Judicial Notice filed herewith ("RJN") ¶ 1, Ex. 1.] The FAC concerns the Bank's loan to C-Pak Sea Foods, Inc., a California corporation, the repayment of which the Debtor guaranteed, both individually and as trustee of The Gonzales Family Trust of July 26, 1999 ("Family Trust"). [Id.] The FAC seeks $1,458,573.49, plus interest, late charges, and attorney fees, from the Debtor, individually and as trustee of the Family Trust.[1] [Id.]

On April 11, 2017, the State Court in the State Court Action entered its Right to Attach Orders and Orders for Issuance of Writ of Attachment and issued corresponding Writs of Attachment ("WOAs"). [RJN ¶¶ 2-5, Exs. 2-5.] The WOAs concern certain property of the Debtor and the Family Trust and are to secure $1,472,359.35 owed to the Bank. [Id.]

The following day, the Bank caused Notices of Attachment and the WOAs to be recorded in the Official Records of Los Angeles County, California, thereby creating attachment liens on the real property commonly known as (1) 14663 Carnell Street, Whittier, California 90603, and (2) 14930 Mar Vista Street, Whittier, California 90605 (individually and collectively, "Real Properties"). [RJN ¶¶ 6-7, Exs. 6-7; Cal. Civ. Proc. Code §§ 488.315 and 488.500(a).]

**B.  This Bankruptcy Case**

The Debtor filed his bankruptcy petition on November 8, 2017. [Dkt. No. 1.] In mid-December 2017, the Bank filed a Motion for Relief from Automatic Stay ("MFRS") in this bankruptcy case, seeking relief to proceed to final judgment against the Debtor in the State Court Action for the sole purpose of perfecting the Bank's attachment liens. [Dkt. No. 15.] In the MFRS, the Bank also asked the Court to delay entry of the Debtor's discharge pending entry of judgment against the Debtor and in favor of the Bank in the State Court Action, citing to Sciarrino v. Mendoza, 201 B.R. 541 (E.D. Cal. 1996), a non-binding decision from the Eastern District of California. Sciarrino holds that a

---

[1] Gretel Arend Gonzales is a co-trustee of the Family Trust and is named as a defendant in the State Court Action in such capacity.

1

prepetition attachment creditor may not reduce its claim to judgment for the purpose of perfecting its attachment lien once the debtor files bankruptcy, unless the creditor does so pre-discharge (after obtaining relief from the automatic stay), obtains a determination of nondischargeability, or successfully objects to entry of the discharge. Id. The Bank's request to delay the entry of discharge was out of abundance of caution because the Bank did not know the Court's position on Sciarrino.

At the MFRS hearing, the Debtor opposed the delay of the entry of the discharge. The Trustee, without disputing the Bank's entitlement to perfect its attachment liens, opposed the MFRS, primarily because he claimed to need more time to investigate and possibly defend the State Court Action. [Dkt. No. 20.] At the January 9, 2018, hearing on the MFRS, the Bank's counsel, the Trustee's counsel, and the Court engaged in the following colloquy:

> THE COURT: …No matter what I do, there's no authority whatsoever for delaying the discharge.
>
> …
>
> MS. CRASTZ [Bank's counsel]: …But again, we have this issue of the Debtor potentially getting his discharge entered.
>
> THE COURT: Well, how would that -- I -- I'm not quite sure how that affects you.
>
> MS. CRASTZ: Well --
>
> THE COURT: Because the writ [of attachment] relates back, and it's all secured.
>
> MS. CRASTZ: You know, it's interesting. I've had this issue come up in a couple of cases recently, and I had one up in the Eastern District, and our concern was, again, the Debtor getting a discharge, and Judge McMannis [sic] absolutely disagreed with Judge Klein, and you know they're in the same District. Judge Klein takes the position that once that discharge is entered, then we cannot perfect our -- our judgment lien.[2]
>
> THE COURT: Really?
>
> MS. CRASTZ: Judge McMannis [sic] a couple of weeks ago on the same issue adamantly -- adamantly disputed that and issued a written opinion about that. If you are of that

---

[2] Counsel mistakenly referenced Judge Klein, whereas Judge Ford was actually the bankruptcy judge in the Sciarrino case being discussed by counsel at the hearing.

2

HEMAR, ROUSSO & HEALD, LLP
15910 VENTURA BOULEVARD, 12TH FLOOR
ENCINO, CA 91436
(818) 501-3800

thinking, then we're fine. So we just want to make sure that we can perfect our judgment lien and relate it back to the attachment.

THE COURT: All right. Thank you.

Anything else?

MR. HAES [Trustee's counsel]: Your Honor, I just want to make clear that we're not asking for an endless –

THE COURT: I understand.

MR. HAES: -- continuance here. Sixty days maximum[.] I think you make a very good point that either way, the judgment is going to relate back, and --

THE COURT: Well, I didn't make any point. I just -- that's just what the law is.

MR. HAES: And we're not disputing any of that, your Honor, and to a certain extent we almost recognize that at some point they should get relief from the automatic stay if these issues aren't resolved, but this case is still pretty new. It's just -- mid-November is when this case was filed, and we'd like to at least have the opportunity to not only analyze these State Court issues but also to potentially work something out with the creditor.

[RJN ¶ 8, Ex. 8.]

The Court entered its Order granting the MFRS on January 18, 2018. [Dkt. No. 27.] The Order provided that the Bank may "proceed under applicable nonbankruptcy law to enforce its remedies to proceed to final judgment in the nonbankruptcy forum, provided that the stay remains in effect with respect to enforcement of any judgment against the Debtor or property of the Debtor's bankruptcy estate," [id.] and waived the 14-day stay prescribed by Federal Rule of Bankruptcy Procedure 4001(a)(3). [Id.] As a result of the Court's and the Trustee's position that the judgment would relate back regardless of when the discharge is entered, the Bank did not pursue the request to delay entry of the discharge further, and the Bank's request that the court delay the entry of discharge was denied.

The Court entered the Discharge Order on February 20, 2018. [Dkt. No. 41.]

C.  **The Bank's and the Trustee's Dispositive Motions in the State Court Action**

On April 10, 2018, the Bank filed its Motion for Summary Adjudication in the State Court

Action, seeking judgment against the Debtor, individually and as trustee of the Family Trust, in the amount of $1,160,630.49, plus attorney fees to be determined by separate motion. [RJN ¶ 10, Ex. 10.] On May 10, 2018, the Trustee filed his Motion for Summary Judgment in the State Court Action, seeking judgment in favor of the Debtor on the sole basis that the Discharge Order precludes entry of judgment against the Debtor therein [RJN ¶ 11] and also filed an ex parte motion seeking to specially set that hearing. [RJN ¶ 12]. Hearings on both motions are set for July 18, 2018, with oppositions due July 5, 2018. [RJN ¶¶ 10-11, Exs. 10-11; Cal. Civ. Proc. Code §§ 437c(b)(2) and 12(a).]

The Bank filed its Motion for Summary Adjudication on regular notice (rather than seeking an order shortening time from the State Court immediately upon entry of the Order granting the MFRS, to ensure entry of judgment prior to the Debtor's discharge) in reliance on the Court's determination (and the Trustee's concession) that entry of the Debtor's discharge would not alter the Bank's rights with respect to its attachment liens. [Declaration of Jennifer Witherell Crastz filed herewith ¶ 6.]

**D.    The Debtor's and Trustee's Curious Failure to Pursue the Bank's Alleged Violation of the Discharge Order in Bankruptcy Court**

Despite their assertion that the Bank may not proceed against the Debtor in the State Court Action, neither the Debtor nor the Trustee has taken any of the typical actions one would take in the case of an actual discharge violation, i.e., they have not sent the Bank a "cease and desist" letter, or threatened the Bank with contempt for violating the discharge, or filed any motion or adversary proceeding with this Court over the alleged discharge violation.

Instead, the Trustee has incurred considerable expense to the estate in preparing a Motion for Summary Judgment <u>and</u> an ex parte motion to specially set that Motion for Summary Judgment. If the Trustee's and the Debtor's position about the discharge was correct, they could have easily shut down the State Court Action by obtaining much swifter justice from this Court in the nature of a contempt motion. Their failure to do so speaks volumes. The Trustee's decision to seek redress from a state court judge for a matter already resolved by this Court is akin to a child asking one parent for permission without notifying that parent that the other parent had already made a decision. The Trustee's Motion for Summary Judgment appears to be an attempt to mislead the state court and the Trustee is counting on the state court's lack of expertise in bankruptcy law to obtain an unwarranted

4

result. The Trustee's motivation is clear: the writs of attachment leave zero equity for the estate, so the Trustee filed a bad faith motion in an attempt to bully the Bank into a carve out.

## ARGUMENT

**A.  The Court Has Already Determined that the Discharge Order Does Not Bar the Bank from Obtaining a Judgment Against the Debtor in the State Court Action and the Debtor and Trustee are Estopped from Arguing to the Contrary**

The Court, at the hearing on the MFRS, determined that entry of the Debtor's discharge does not bar the Bank from perfecting its attachment liens via entry of judgment in the State Court Action. Under the "law of the case" doctrine,

> a court is generally precluded from reconsidering an issue that has already been decided by the same court … in the identical case[.] A court may have discretion to depart from the law of the case where: 1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) a manifest injustice would otherwise result. Failure to apply the doctrine of the law of the case absent one of the requisite conditions constitutes an abuse of discretion.

U.S. v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997). The Court's determination is the law of the case and none of the Alexander factors warrant a departure from that determination.

Furthermore, the Trustee, because he concurred with the Court's determination at the MFRS hearing, and the Debtor having failed to object while present at the MFRS hearing, are estopped from taking a contrary position. "Judicial estoppel is an equitable doctrine that prevents a party from benefitting by taking one position, but then later seeking to benefit by taking a clearly inconsistent position." Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 782 (9th Cir. 2001). In deciding whether to apply the doctrine, courts consider (among other factors) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." Id. at 783. Application of the doctrine is particularly appropriate "to bar litigants from making incompatible statements in two different cases." Id.

The Bank filed its Motion for Summary Adjudication on regular notice with the understanding that the Trustee would not seek to use the Debtor's discharge as a cudgel in the State Court Action. By proceeding on a regular timeframe in the State Court Action, the Bank afforded the Trustee exactly

5

what he requested when he opposed the MFRS: additional time to investigate the merits of any defenses to the State Court Action. The Trustee's sharp tactics in the State Court Action warrant application of the judicial estoppel doctrine here.[3]

**B.   Even if the Court Determines that the Law of the Case Doctrine and the Doctrine of Judicial Estoppel are not Applicable, the Bank is Entitled to Perfect its Attachment Lien by Entry of Judgment in the State Court Action.**

Under California attachment law, "[t]he attaching creditor obtains only a potential right or contingent lien, which is perfected or converted to a judgment lien upon judgment for the creditor." Diamant v. Kasparian (In re Southern California Plastics, Inc.), 165 F.3d 1243, 1246 (9th Cir. 1999) (internal citation omitted). Even though an attachment lien is inchoate, it may not be avoided under the trustee's strong arm powers because "assuming that the attachment creditor reduces its claim to judgment, the lien cannot be defeated by a judicial creditor whose lien arose after the attachment." Id. And, of course, an attachment lien in favor of a non-insider created more than 90 days before the bankruptcy petition date (such as the Bank's lien in this case) may not be set aside as a preference. 11 U.S.C. §§ 101(54)(A); 547(b)(4)(A).

Obtaining a judgment in the underlying action is the only way for a creditor to perfect its attachment lien in California; the bankruptcy claims allowance process is not a substitute for entry of judgment. Southern California Plastics, 165 F.3d at 1248. Ninth Circuit authority "clearly establishes that a creditor with an attachment lien granted outside the preference period has a right to perfect its lien and that such perfection can only be made by entry of a state court judgment. That being the case, it is error to use the automatic stay to thwart that right permanently." First Federal Bank of California v. Robbins (In re Robbins), 310 B.R. 626, 630 (9th Cir. B.A.P. 2004) (citing, among other authorities, Southern California Plastics).

---

[3] The Trustee's conduct violates his statutory duties under 11 U.S.C. § 704 and raises a question as to whether the Trustee should remain as trustee in this case. There is some authority for the *sua sponte* removal of a trustee. In re Walker, 515 F.3d 1204, 1212 (11th Cir. 2008) and In re Morgan, 573 F.3d 615, 624-625 (8th Cir. 2009). At a minimum, the Court should disallow any compensation for the Trustee's counsel associated with the Trustee's ill-conceived Motion for Summary Judgment in the State Court Action.

Entry of the Discharge Order does not preclude the Bank from perfecting its attachment lien against property of the bankruptcy estate (including the Real Properties) by obtaining a judgment against the Debtor in the State Court Action. 11 U.S.C. § 524(a)(2), as relevant here, only enjoins "the continuation of an action … to *collect* [or] *recover* any [discharged] debt *as a personal liability of the debtor*[.]" (Emphasis added.) The Bank does not seek to collect or recover anything from the Debtor personally in the State Court Action. This is no different from a lender that obtains relief from stay to foreclose on real property. If the discharge is entered before the foreclosure is completed, the lender does not lose its rights to foreclose. The lender is entitled to complete the exercise of its rights against the *property* of the debtor, as here.

The Trustee's sole authority for the contrary proposition in his Motion for Summary Judgment is Sciarrino v. Mendoza, 201 B.R. 541 (E.D. Cal. 1996), a non-binding decision which predates Southern California Plastics and Robbins. *Sciarrino is the exact same case the Bank's counsel cited in its MFRS, which was rejected by this Court.* As discussed, *supra*, Sciarrino holds that a prepetition attachment creditor may not reduce its claim to judgment for the purpose of perfecting its attachment lien once the debtor files bankruptcy, unless the creditor does so pre-discharge (after obtaining relief from the automatic stay), obtains a determination of nondischargeability, or successfully objects to entry of the discharge. Id. Because the creditors in Sciarrino "failed to covert [sic] the attachment lien to a judgment lien under any of these three avenues available to them, they were precluded from conversion of the lien once the discharge was issued." Id.

To the extent Sciarrino turns on the creditors' lack of diligence in pursuing their rights, the case is distinguishable. See Montano Cigarette, Candy & Tobacco, Inc. v. Shivani (In re Shivani), 2004 WL 484549 at *4 (Bankr. D. Conn. Mar. 11, 2004) (finding Sciarrino unpersuasive "even if the court accepts a laches or waiver type analysis similar to that set forth" therein). The Bank in this case promptly sought and obtained relief from the automatic stay and then proceeded apace in the State Court Action. If Sciarrino stands for the proposition that 11 U.S.C. § 524(a)(2) categorically bars entry of judgment to perfect an attachment lien, Sciarrino is inconsistent with the plain language of 11 U.S.C. § 524(a)(2) cited above and with the Ninth Circuit's statement in Southern California Plastics that an attachment creditor "may not be absolutely precluded from proceeding to judgment on his

7

claim against the debtor" simply because the debtor has filed a bankruptcy case. 165 F.3d at 1248-1249. Either way, Sciarrino does not control the result here. And, based on the comments of this Court at the MFRS hearing when the Sciarrino case was raised again by the Bank's counsel as an issue of concern, this Court also rejects Sciarrino.

## CONCLUSION

For the foregoing reasons, the Bank requests that the Court enter an order determining that the Discharge Order does not enjoin the Bank from obtaining a money judgment against the Debtor, individually and as trustee of the Family Trust, in the State Court Action, and obtaining an award of costs and attorney fees after entry of judgment, for the sole purpose of perfecting the Bank's attachment lien against property of the Debtor's bankruptcy estate. The Bank also encourages this court to impose further relief as is just, as against the Trustee and the Debtor, for acting in a manner that ultimately required the Bank to file the present Motion.

DATED: June 5, 2018

Respectfully submitted,

HEMAR, ROUSSO & HEALD, LLP

BY: /s/ Jennifer Witherell Crastz
JENNIFER WITHERELL CRASTZ
SANDRA I. TIBERI
CHRISTOPHER D. CROWELL
Attorneys for Secured Creditor
COMERICA BANK

# DECLARATION OF JENNIFER WITHERELL CRASTZ

I, Jennifer Witherell Crastz, declare:

1. I am an attorney at law duly licensed and admitted to practice before this Court. I am a partner at Hemar, Rousso & Heald, LLP ("Hemar"), attorneys of record in this bankruptcy case and in the State Court Action[1] for Comerica Bank ("Bank"). I am one of the Hemar attorneys actively involved in both cases. I have personal knowledge of the matters set forth in this declaration and would testify competently to such matters if asked to do so.

2. The Bank filed the FAC in the State Court Action on December 6, 2016. A true and correct copy of the FAC is attached to the Request for Judicial Notice filed herewith ("RJN") as Exhibit 1. The FAC concerns the Bank's loan to C-Pak Sea Foods, Inc., a California corporation, the repayment of which the Debtor guaranteed, both individually and as trustee of The Family Trust. The FAC seeks $1,458,573.49, plus interest, late charges, and attorney fees, from the Debtor, individually and as trustee of the Family Trust.[2]

3. On April 11, 2017, the State Court in the State Court Action entered its Right to Attach Orders and Orders for Issuance of Writ of Attachment ("RTAOs") and issued corresponding Writs of Attachment ("WOAs"). The RTAOs and the WOAs concern certain property of the Debtor and the Family Trust and are to secure $1,472,359.35 owed to the Bank. True and correct copies of the RTAOs and the WOAs are attached to the RJN as Exhibits 2-5.

4. The following day, the Bank caused Notices of Attachment and the WOAs to be recorded in the Official Records of Los Angeles County, California, thereby creating attachment liens on the real property commonly known as (1) 14663 Carnell Street, Whittier, California 90603, and (2) 14930 Mar Vista Street, Whittier, California 90605. True and correct copies of the recorded Notices of Attachment and WOAs are attached to the RJN as Exhibits 6-7.

5. I attended the January 9, 2018, hearing on the Bank's Motion for Relief from Automatic Stay in this bankruptcy case ("MFRS"), seeking relief to proceed to final judgment against

---

[1] All capitalized terms not defined in this Declaration have the meanings the accompanying Motion or Memorandum of Points and Authorities ascribes to such terms.

[2] Gretel Arend Gonzales is a co-trustee of the Family Trust and is named as a defendant in the State

1

the Debtor in the State Court Action for the sole purpose of perfecting the Bank's attachment liens. When I prepared the MFRS, I also asked the Court to delay entry of the Debtor's discharge pending entry of judgment against the Debtor and in favor of the Bank in the State Court Action, citing to Sciarrino v. Mendoza, 201 B.R. 541 (E.D. Cal. 1996), a non-binding decision from the Eastern District of California. I made this request out of an abundance of caution because I did not know this Court's position on the Sciarrino case. I again brought up this issue at the MFRS hearing to be assured that the discharge would not prevent the Bank from perfecting its lien. A true and correct copy of the transcript for that hearing is attached to the RJN as Exhibit 8, wherein the Court and the Trustee's counsel agreed that the judgment would relate back to the writ of attachment regardless of the entry of the discharge. Consequently, I did not pursue the request to delay entry of the discharge any further.

6. After this Court entered its Order granting the MFRS, the Bank filed its Motion for Summary Adjudication in the State Court Action on regular notice, in reliance on this Court's determination (and the Trustee's concession) at the hearing on the MFRS that entry of the Debtor's discharge would not alter the Bank's rights with respect to its attachment liens. The Bank otherwise would have sought an order shortening time from the State Court immediately upon entry of the Order granting the MFRS, to ensure entry of judgment prior to the Debtor's discharge.

7. On or about February 21, 2018, the Debtor filed a Notice of Bankruptcy Discharge in the State Court Action. A true and correct copy of that notice is attached to the RJN as Exhibit 9.

8. True and correct copies of the Bank's Motion for Summary Adjudication, the Trustee's Motion for Summary Judgment, both of which are set for hearing in the State Court Action on July 18, 2018, and the Trustee's ex parte application to advance the hearing date are attached to the RJN as Exhibits 10, 11 and 12, respectively.

///

///

///

///

---

Court Action in such capacity.

2

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on June 5, 2018, at Encino, California.

/s/ *Jennifer Witherell Crastz*
JENNIFER WITHERELL CRASTZ

HEMAR, ROUSSO & HEALD, LLP
15910 VENTURA BOULEVARD, 12TH FLOOR
ENCINO, CA 91436
(818) 501-3800

HEMAR, ROUSSO & HEALD, LLP
15910 VENTURA BOULEVARD, 12TH FLOOR
ENCINO, CA 91436
(818) 501-3800

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 15910 Ventura Blvd., 12th Floor, Encino, California 91436.

A true and correct copy of the foregoing document described as **COMERICA BANK'S MOTION FOR ORDER INTERPRETING ORDER OF DISCHARGE; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF JENNIFER WITHERELL CRASTZ IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **June 5, 2018** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**X** Service information continued on attached page

**2. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On **June 5, 2018**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**X** Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **June 5, 2018** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

**X** Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 6/5/18 | SANAZ ADNANI | /s/ Sanaz Adnani |
|---|---|---|
| Date | Printed Name | Signature |

PROOF OF SERVICE

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING**

   <u>Chapter 7 Trustee</u>
   **David M Goodrich (TR)** dgoodrich@wgllp.com, c143@ecfcbis.com; dgoodrich11@ecf.epiqsystems.com; lrobles@wgllp.com

   <u>Chapter 7 Trustee's Counsel</u>
   **Chad V Haes** chaes@marshackhays.com, 8649808420@filings.docketbird.com
   **D Edward Hays** ehays@marshackhays.com, 8649808420@filings.docketbird.com
   **Laila Masud** lmasud@marshackhays.com, 8649808420@filings.docketbird.com

   <u>Debtor's Counsel</u>
   **Daniel J Weintraub** dan@wsrlaw.net, elayna@wsrlaw.net; vinnet@ecf.inforuptcy.com
   **James R Selth** jim@wsrlaw.net, jselth@yahoo.com; melissa@wsrlaw.net; vinnet@ecf.inforuptcy.com

   <u>United States Trustee</u>
   **United States Trustee (LA)** ustpregion16.la.ecf@usdoj.gov

   <u>Interested Parties</u>
   **Bhagwati Barot** bbarot@aissolution.com
   **Jennifer Witherell Crastz** jcrastz@hemar-rousso.com, dbrotman@hrhlaw.com
   **Howard M Ehrenberg** hehrenberg@sulmeyerlaw.com, hehrenberg@ecf.inforuptcy.com; mviramontes@ecf.inforuptcy.com
   **Andy J Epstein** taxcpaesq@gmail.com
   **Valerie Smith** claims@recoverycorp.com

2. **SERVED BY UNITED STATES MAIL**

   <u>Debtor</u>
   Benjamin W. Gonzales
   PO Box 1530
   Los Angeles, CA 90001

   <u>United States Trustee</u>
   United States Trustee
   915 Wilshire Blvd, Suite 1850
   Los Angeles, CA 90017

   <u>Debtor's Non-Filing Spouse/Former Spouse</u>
   Gretel Gonzales
   28346 Camino Del Rio
   San Juan Capistrano, CA 92675

   <u>Real Property Lienholder per Schedules</u>
   (via certified mail)
   Bank of America, N.A.
   Attn: Brian T. Moynihan, CEO
   100 North Tryon Street
   Charlotte, NC 28255

   <u>Real Property Lienholder per Schedules</u>
   Frank O. Fox
   4262 Wilshire Boulevard, 3rd Floor
   Los Angeles, CA 90010

   <u>Real Property Lienholder per Schedules</u>
   PHH Mortgage Corporation
   PO Box 5443
   Mt. Laurel, NJ 08054

3. **SERVED BY PERSONAL DELIVERY**

   <u>Judge</u>
   Hon. Barry Russell
   U.S. Bankruptcy Court
   255 East Temple Street, Suite 1660
   Los Angeles, CA 90012