D. EDWARD HAYS, #162507
ehays@marshackhays.com
CHAD V. HAES, #267721
chaes@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 7 Trustee,
DAVID M. GOODRICH

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| In re | Case No.  2:17-bk-23812-BR |
|---|---|
| BENJAMIN W. GONZALES, | Chapter  7 |
| Debtor. | APPLICATION BY CHAPTER 7 TRUSTEE TO EMPLOY REAL ESTATE AGENT; AND DECLARATION OF CLARENCE YOSHIKANE IN SUPPORT |
| | [NO HEARING REQUIRED] |

TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE, THE

OFFICE OF THE UNITED STATES TRUSTEE, AND ALL OTHER INTERESTED PARTIES:

David M. Goodrich, in his capacity as Chapter 7 Trustee ("Trustee") of the Bankruptcy

Estate ("Estate") of Benjamin W. Gonzales ("Debtor"), respectfully submits this application for

authorization to employ Clarence Yoshikane of Pacific / Sotheby's International Realty as the

Trustee's real estate agent ("Agent") in this bankruptcy case ("Application") for the purpose of

selling property located at 14663 Carnell Street, Whittier, California ("Carnell Property"). In

support thereof, the Trustee respectfully represents as follows:

## 1.    Background Information and the Carnell Property

On November 8, 2017, Debtor filed a voluntary petition under Chapter 7 of Title 11 of the

United States Code. On the same day, David M. Goodrich was appointed as the Chapter 7 trustee

of the Estate.

1    In his Schedule A/B, Debtor lists an ownership interest in real property located at 14663

2 Carnell Street, Whittier, CA 90603 ("Carnell Property") with a scheduled value of $700,000. The

3 Carnell Property is encumbered by a mortgage in the approximate amount of $126,813 ("PHH

4 Lien") and other liens in the approximate amount of $840,000.[1]

5    Agent has inspected the Carnell Property and informed the Trustee that the Carnell

6 Property has a value between $550,000 and $575,000.

7 **2.    Agent Employment**

8    **A.    Services to be performed**

9    In order to market the Carnell Property most effectively, and thereby to liquidate the same

10 for the best and highest price, Trustee has solicited the assistance of Agent, a licensed real estate

11 agent familiar with the market where the Carnell Property is located. A true and correct copy of

12 Agent's resume is attached as Exhibit "2." Agent, on behalf of Trustee, has examined the

13 information related to the Carnell Property and has agreed to advertise the Carnell Property at the

14 Agent's expense, to show the Carnell Property to interested parties, to represent the Estate as

15 seller in connection with the sale of the Carnell Property, and to advise Trustee with respect to

16 obtaining the highest and best offers available in the present market. Based on the foregoing

17 agreement, Trustee desires to enter into listing agreement and addendum ("Listing Agreement"),

18 in substantially the form as attached as Exhibit "1," to employ Clarence Yoshikane of Pacific /

19 Sotheby's International Realty as the Estate's real estate agent to procure and submit to Trustee

20 offers to purchase the Carnell Property.

21    Further, Agent has agreed to advance up to $5,000 to maintain, repair, clean up the Carnell

22 Property, pay utilities, and other miscellaneous expenses.[2]

23    If, and only if, the Carnell Property is sold by the Estate, said advance, subject to

24 subsequent Court approval shall be reimbursed. By this Application, Trustee is seeking

---

[1] The Trustee seeks to sell the Carnell Property for the benefit of creditors of the Estate. In furtherance of this goal, Trustee has negotiated a carve-out from funds to be paid on account of the lien in favor of Comerica for the benefit of administrative and unsecured creditors. The Motion to approve the agreement with Comerica shall be filed shortly after the filing of this Application.

[2] Currently, the Property is tenant occupied. As such, all maintenance and utilities are being paid for by the tenants. However, in the event that such expenses are not paid by the tenants, Trustee requests authority for Agent to advance such funds and for reimbursement at closing.

APPLICATION TO EMPLOY REAL ESTATE AGENT

4845-7335-4104, v. 1

1  permission to incur this debt on condition that reimbursement to Agent will occur if the Estate

2  transfers title of the Carnell Property.

3  ## B. Compensation Procedure

4  In consideration for such services, subject to further application and Court order, the

5  Agent will receive, upon consummation of a sale, a real estate agent's commission in an amount

6  equal to 5% of the purchase price, provided that the Estate nets at least such like amount. Agent

7  has been informed and understands that no sale of the Carnell Property may be consummated

8  until after notice to creditors with the opportunity for a hearing as well as a Court order.

9  Agent is aware of the provisions of Section 328(a)[3] and has agreed, notwithstanding the

10  terms and conditions of employment herein set forth, that the Court may allow compensation

11  different from the compensation provided herein if such terms and conditions proved to have been

12  improvident in light of developments unanticipated at the time of the fixing of such terms and

13  conditions.

14  ## C. Disinterestedness of Agent

15  To the best of Applicant's knowledge, and based upon the Declaration of Clarence

16  Yoshikane filed concurrently herewith, neither the Agent, nor any persons employed by Pacific /

17  Sotheby's International Realty, has any connection with the Debtor, creditors, or any other party

18  in interest, their respective attorneys and accountants, judges of the Bankruptcy Court for the

19  Central District of California, the United States Trustee, and any person employed by the Office

20  of the United States Trustee, nor holds or represents any interest adverse to that of Debtor or the

21  Estate and that Agent is a disinterested person within the meaning of 11 U.S.C. Section 101(14).

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  
---
[3] Unless otherwise indicated, all Chapter and Section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532. All references to "Rule" refer to the Federal Rules of Bankruptcy Procedure.

3

APPLICATION TO EMPLOY REAL ESTATE AGENT

1    The Trustee believes that employment of the Agent will be in the best interest of the

2  bankruptcy Estate.

3  **3.    Conclusion**

4    **WHEREFORE**, the Trustee requests and order be entered authorizing:

5    (1) The employment of Clarence Yoshikane of Pacific / Sotheby's International Realty as

6  the Estate's real estate agent on the terms and conditions set forth herein and as outlined in the

7  Listing Agreement under the standards set forth in 11 U.S.C. § 328;

8    (2) Clarence Yoshikane of Pacific / Sotheby's International Realty to advance up to

9  $5,000 to make repairs and improvements, pay utilities, and other miscellaneous expenses as

10  deemed prudent in marketing the Property located at 14663 Carnell Street, Whittier, CA 90603;

11    (3) Execute the Listing Agreement attached as Exhibit "1;" and

12    (4) For such other and further relief as is just.

13

14  Dated: October 17, 2018                Respectfully submitted,

15                                By:

16                                    DAVID M. GOODRICH
                                    Chapter 7 Trustee for the Bankruptcy Estate
17                                    of Benjamin W. Gonzales

18  Dated: December 10, 2018            MARSHACK HAYS LLP

19

20                                By:  /s/ Laila Masud
                                    D. EDWARD HAYS
21                                    CHAD V. HAES
                                    LAILA MASUD
22                                    Attorneys for Chapter 7 Trustee,
                                    DAVID M. GOODRICH
23

24

25

26

27

28

APPLICATION TO EMPLOY REAL ESTATE AGENT

4845-7335-4104, v. 1

# Declaration of Clarence Yoshikane

I,  CLARENCE YOSHIKANE, declare and state as follows:

1.      I am a licensed real estate agent and employed with Pacific / Sotheby's International Realty ("Broker" or "Firm"), 1200 Newport Center Drive, Suite 100, Newport Beach, California 92660;  telephone (714) 606-5765.

2.      I am familiar with the foregoing Application to Employ Real Estate Agent ("Application") and the property described therein located at 14663 Carnell Street, Whittier, CA 90603 ("Property"), and believe that I am qualified to represent the Trustee and the Estate in connection with the marketing of the Property. I am very familiar with the market for its sale.

3.      I  have extensive experience in residential and commercial real estate transactions. A true and correct copy of my resume is attached as **Exhibit "2."**

4.      The Broker has performed services for other Chapter 7 trustees in the Central District of California, including David M. Goodrich, and I am familiar with the rules and processes employed in the bankruptcy courts for the Central District of California.

5.      I have agreed to accept employment on the terms and conditions set forth in the Application and Listing Agreement for the sale of the Property.  A true and correct copy of the Property Listing Agreement is attached hereto **as Exhibit "1."**

6.      In my experience, 7% is a reasonable projection of the costs of sale, taking into account a 5% sales commission and 2% escrow, title and incidental costs.

7.      I have agreed and understand, notwithstanding the terms and conditions of employment set forth herein, that the Court may allow compensation different if such terms and conditions prove to have been improvident in light of developments unanticipated at the time of fixing such terms and conditions.

8.      I am a "disinterested person" within the meaning of 11 U.S.C. § 101(14). I do not have an interest adverse to the Debtor or the Estate. As of the Petition Date, I am not a creditor of the Estate and am not owed any funds by the Debtor.

9.      I do not have any pre-petition claim against Debtor's Estate.

APPLICATION TO EMPLOY REAL ESTATE AGENT

4845-7335-4104, v. 1

10. To the best of my knowledge, I have no connections with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States Trustee.

11. To the best of my knowledge, neither I nor anyone employed by Pacific / Sotheby's International Realty has any relation to any judge of the United States Bankruptcy Court for the Central District of California, the United States Trustee, or any person currently employed in the Office of the United States Trustee.

12. Neither I nor Pacific / Sotheby's International Realty have received a retainer for the services to be performed herein.

13. I understand that my compensation in this case is subject to approval of this Court pursuant to 11 U.S.C. § 328.

14. To the best of my knowledge, I represent no interest which would be adverse to this Estate or its creditors or any party in interest in this proceeding and I am a "disinterested person" as the term is defined in Bankruptcy Code Section 101(14).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October ___, 2018, at Newport Beach, California.

CLARENCE YOSHIKANE

APPLICATION TO EMPLOY REAL ESTATE AGENT

4845-7335-4104  v. 1

Scanned with CamScanner

EXHIBIT 1

14663 Carnell Street, Whittier, CA 90603



**CALIFORNIA ASSOCIATION OF REALTORS®**

### DISCLOSURE REGARDING
### REAL ESTATE AGENCY RELATIONSHIP
(Listing Firm to Seller)
(As required by the Civil Code)
(C.A.R. Form AD, Revised 12/14)

☐ (If checked) This form is being provided in connection with a transaction for a leasehold interest exceeding one year as per Civil Code section 2079.13(k) and (l).

When you enter into a discussion with a real estate agent regarding a real estate transaction, you should from the outset understand what type of agency relationship or representation you wish to have with the agent in the transaction.

**SELLER'S AGENT**

A Seller's agent under a listing agreement with the Seller acts as the agent for the Seller only. A Seller's agent or a subagent of that agent has the following affirmative obligations:

To the Seller: A Fiduciary duty of utmost care, integrity, honesty and loyalty in dealings with the Seller.

To the Buyer and the Seller:

(a)Diligent exercise of reasonable skill and care in performance of the agent's duties.

(b)A duty of honest and fair dealing and good faith.

(c)A duty to disclose all facts known to the agent materially affecting the value or desirability of the property that are not known to, or within the diligent attention and observation of, the parties. An agent is not obligated to reveal to either party any confidential information obtained from the other party that does not involve the affirmative duties set forth above.

**BUYER'S AGENT**

A selling agent can, with a Buyer's consent, agree to act as agent for the Buyer only. In these situations, the agent is not the Seller's agent, even if by agreement the agent may receive compensation for services rendered, either in full or in part from the Seller. An agent acting only for a Buyer has the following affirmative obligations:

To the Buyer: A fiduciary duty of utmost care, integrity, honesty and loyalty in dealings with the Buyer.

To the Buyer and the Seller:

(a)Diligent exercise of reasonable skill and care in performance of the agent's duties.

(b)A duty of honest and fair dealing and good faith.

(c)A duty to disclose all facts known to the agent materially affecting the value or desirability of the property that are not known to, or within the diligent attention and observation of, the parties.

An agent is not obligated to reveal to either party any confidential information obtained from the other party that does not involve the affirmative duties set forth above.

**AGENT REPRESENTING BOTH SELLER AND BUYER**

A real estate agent, either acting directly or through one or more associate licensees, can legally be the agent of both the Seller and the Buyer in a transaction, but only with the knowledge and consent of both the Seller and the Buyer.

In a dual agency situation, the agent has the following affirmative obligations to both the Seller and the Buyer:

(a)A fiduciary duty of utmost care, integrity, honesty and loyalty in the dealings with either the Seller or the Buyer.

(b)Other duties to the Seller and the Buyer as stated above in their respective sections.

In representing both Seller and Buyer, the agent may not, without the express permission of the respective party, disclose to the other party that the Seller will accept a price less than the listing price or that the Buyer will pay a price greater than the price offered.

The above duties of the agent in a real estate transaction do not relieve a Seller or Buyer from the responsibility to protect his or her own interests. You should carefully read all agreements to assure that they adequately express your understanding of the transaction. A real estate agent is a person qualified to advise about real estate. If legal or tax advice is desired, consult a competent professional.

Throughout your real property transaction you may receive more than one disclosure form, depending upon the number of agents assisting in the transaction. The law requires each agent with whom you have more than a casual relationship to present you with this disclosure form. You should read its contents each time it is presented to you, considering the relationship between you and the real estate agent in your specific transaction. **This disclosure form includes the provisions of Sections 2079.13 to 2079.24, inclusive, of the Civil Code set forth on page 2. Read it carefully. I/WE ACKNOWLEDGE RECEIPT OF A COPY OF THIS DISCLOSURE AND THE PORTIONS OF THE CIVIL CODE PRINTED ON THE BACK (OR A SEPARATE PAGE).**    APN: 8150-017-016    Case No. 2:17-bk-23812-BR

☐Buyer☑Seller☐Landlord☐Tenant _____ Date October 5, 2018
David M. Goodrich, Chapter 7 Trustee for the Estate of: Benjamin W. Gonzales

☐Buyer☐Seller☐Landlord☐Tenant _____ Date _____

Agent _Pacific Sotheby's International Realty_   BRE Lic. # 01520001
(Real Estate Broker (Firm))

By _____   BRE Lic. # 00891398   Date October 5, 2018
(Salesperson or Broker-Associate)   Clarence Yoshikane

Agency Disclosure Compliance (Civil Code §2079.14):
• When the listing brokerage company also represents Buyer/Tenant: The Listing Agent shall have one AD form signed by Seller/Landlord and a different AD form signed by Buyer/Tenant.
• When Seller/Landlord and Buyer/Tenant are represented by different brokerage companies: (i) the Listing Agent shall have one AD form signed by Seller/Landlord and (ii) the Buyer's/Tenant's Agent shall have one AD form signed by Buyer/Tenant and either that same or a different AD form presented to Seller/Landlord for signature prior to presentation of the offer. If the same form is used, Seller may sign here:

__(SELLER/LANDLORD: DO NOT SIGN HERE)__   (SELLER/LANDLORD: DO NOT SIGN HERE)
Seller/Landlord        Date   Seller/Landlord        Date

The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. Copyright © 1991-2010, CALIFORNIA ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED.

Reviewed by _____ Date _____

AD REVISED 12/14 (PAGE 1 OF 2)

### DISCLOSURE REGARDING REAL ESTATE AGENCY RELATIONSHIP (AD PAGE 1 OF 2)

HOM / Sotheby's International Realty, 1200 Newport Center Drive, Suite 100 Newport Beach CA 92660   Phone: (714) 666-5765   Fax:
CLARENCE YOSHIKANE   Produced with zipForm® by zipLogix  18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com

**EXHIBIT 1**
**Page 7**

CIVIL CODE SECTIONS 2079.24 (2079.16 APPEARS ON THE FRONT)

**2079.13** As used in Sections 2079.14 to 2079.24, inclusive, the following terms have the following meanings: (a) "Agent" means a person acting under provisions of Title 9 (commencing with Section 2295) in a real property transaction, and includes a person who is licensed as a real estate broker under Chapter 3 (commencing with Section 10130) of Part 1 of Division 4 of the Business and Professions Code, and under whose license a listing is executed or an offer to purchase is obtained. (b) "Associate licensee" means a person who is licensed as a real estate broker or salesperson under Chapter 3 (commencing with Section 10130) of Part 1 of Division 4 of the Business and Professions Code and who is either licensed under a broker or has entered into a written contract with a broker to act as the broker's agent in connection with acts requiring a real estate license and to function under the broker's supervision in the capacity of an associate licensee. The agent in the real property transaction bears responsibility for his or her associate licensees who perform as agents of the agent. When an associate licensee owes a duty to any principal, or to any buyer or seller who is not a principal, in a real property transaction, that duty is equivalent to the duty owed to that party by the broker for whom the associate licensee functions. (c) "Buyer" means a transferee in a real property transaction, and includes a person who executes an offer to purchase real property from a seller through an agent, or who seeks the services of an agent in more than a casual, transitory, or preliminary manner, with the object of entering into a real property transaction. "Buyer" includes vendee or lessee. (d) "Commercial real property" means all real property in the state, except single-family residential real property, dwelling units made subject to Chapter 2 (commencing with Section 1940) of Title 5, mobilehomes, as defined in Section 798.3, or recreational vehicles, as defined in Section 799.29. (e) "Dual agent" means an agent acting, either directly or through an associate licensee, as agent for both the seller and the buyer in a real property transaction. (f) "Listing agreement" means a contract between an owner of real property and an agent, by which the agent has been authorized to sell the real property or to find or obtain a buyer. (g) "Listing agent" means a person who has obtained a listing of real property to act as an agent for compensation. (h) "Listing price" is the amount expressed in dollars specified in the listing for which the seller is willing to sell the real property through the listing agent. (i) "Offering price" is the amount expressed in dollars specified in an offer to purchase for which the buyer is willing to buy the real property. (j) "Offer to purchase" means a written contract executed by a buyer acting through a selling agent that becomes the contract for the sale of the real property upon acceptance by the seller. (k) "Real property" means any estate specified by subdivision (1) or (2) of Section 761 in property that constitutes or is improved with one to four dwelling units, any commercial real property, any leasehold in these types of property exceeding one year's duration, and mobilehomes, when offered for sale or sold through an agent pursuant to the authority contained in Section 10131.6 of the Business and Professions Code. (l) "Real property transaction" means a transaction for the sale of real property in which an agent is employed by one or more of the principals to act in that transaction, and includes a listing or an offer to purchase. (m) "Sell," "sale," or "sold" refers to a transaction for the transfer of real property from the seller to the buyer, and includes exchanges of real property between the seller and buyer, transactions for the creation of a real property sales contract within the meaning of Section 2985, and transactions for the creation of a leasehold exceeding one year's duration. (n) "Seller" means the transferor in a real property transaction, and includes an owner who lists real property with an agent, whether or not a transfer results, or who receives an offer to purchase real property of which he or she is the owner from an agent on behalf of another. "Seller" includes both a vendor and a lessor. (o) "Selling agent" means a listing agent who acts alone, or an agent who acts in cooperation with a listing agent, and who sells or finds and obtains a buyer for the real property, or an agent who locates property for a buyer or who finds a buyer for a property for which no listing exists and presents an offer to purchase to the seller. (p) "Subagent" means a person to whom an agent delegates agency powers as provided in Article 5 (commencing with Section 2349) of Chapter 1 of Title 9. However, "subagent" does not include an associate licensee who is acting under the supervision of an agent in a real property transaction.

**2079.14** Listing agents and selling agents shall provide the seller and buyer in a real property transaction with a copy of the disclosure form specified in Section 2079.16, and, except as provided in subdivision (c), shall obtain a signed acknowledgement of receipt from that seller or buyer, except as provided in this section or Section 2079.15, as follows: (a) The listing agent, if any, shall provide the disclosure form to the seller prior to entering into the listing agreement. (b) The selling agent shall provide the disclosure form to the seller as soon as practicable prior to presenting the seller with an offer to purchase, unless the selling agent previously provided the seller with a copy of the disclosure form pursuant to subdivision (a). (c) Where the selling agent does not deal on a face-to-face basis with the seller, the disclosure form prepared by the selling agent may be furnished to the seller (and acknowledgement of receipt obtained for the selling agent from the seller) by the listing agent, or the selling agent may deliver the disclosure form by certified mail addressed to the seller at his or her last known address, in which case no signed acknowledgement of receipt is required. (d) The selling agent shall provide the disclosure form to the buyer as soon as practicable prior to execution of the buyer's offer to purchase, except that if the offer to purchase is not prepared by the selling agent, the selling agent shall present the disclosure form to the buyer not later than the next business day after the selling agent receives the offer to purchase from the buyer.

**2079.15** In any circumstance in which the seller or buyer refuses to sign an acknowledgement of receipt pursuant to Section 2079.14, the agent, or an associate licensee acting for an agent, shall set forth, sign, and date a written declaration of the facts of the refusal.

**2079.16** Reproduced on Page 1 of this AD form.

**2079.17** (a) As soon as practicable, the selling agent shall disclose to the buyer and seller whether the selling agent is acting in the real property transaction exclusively as the buyer's agent, exclusively as the seller's agent, or as a dual agent representing both the buyer and the seller. This relationship shall be confirmed in the contract to purchase and sell real property or in a separate writing executed or acknowledged by the seller, the buyer, and the selling agent prior to or coincident with execution of that contract by the buyer and the seller, respectively. (b) As soon as practicable, the listing agent shall disclose to the seller whether the listing agent is acting in the real property transaction exclusively as the seller's agent, or as a dual agent representing both the buyer and seller. This relationship shall be confirmed in the contract to purchase and sell real property or in a separate writing executed or acknowledged by the seller and the listing agent prior to or coincident with the execution of that contract by the seller.

(c) The confirmation required by subdivisions (a) and (b) shall be in the following form.

_____(DO NOT COMPLETE. SAMPLE ONLY)_____ is the agent of (check one): ☐ the seller exclusively; or ☐ both the buyer and seller.
(Name of Listing Agent)

_____(DO NOT COMPLETE. SAMPLE ONLY)_____ is the agent of (check one): ☐ the buyer exclusively; or ☐ the seller exclusively; or
(Name of Selling Agent if not the same as the Listing Agent)      ☐ both the buyer and seller.

(d) The disclosures and confirmation required by this section shall be in addition to the disclosure required by Section 2079.14.

**2079.18** No selling agent in a real property transaction may act as an agent for the buyer only, when the selling agent is also acting as the listing agent in the transaction.

**2079.19** The payment of compensation or the obligation to pay compensation to an agent by the seller or buyer is not necessarily determinative of a particular agency relationship between an agent and the seller or buyer. A listing agent and a selling agent may agree to share any compensation or commission paid, or any right to any compensation or commission for which an obligation arises as the result of a real estate transaction, and the terms of any such agreement shall not necessarily be determinative of a particular relationship.

**2079.20** Nothing in this article prevents an agent from selecting, as a condition of the agent's employment, a specific form of agency relationship not specifically prohibited by this article if the requirements of Section 2079.14 and Section 2079.17 are complied with.

**2079.21** A dual agent shall not disclose to the buyer that the seller is willing to sell the property at a price less than the listing price, without the express written consent of the seller. A dual agent shall not disclose to the buyer that the buyer is willing to pay a price greater than the offering price, without the express written consent of the buyer. This section does not alter in any way the duty or responsibility of a dual agent to any principal with respect to confidential information other than price.

**2079.22** Nothing in this article precludes a listing agent from also being a selling agent, and the combination of these functions in one agent does not, of itself, make that agent a dual agent.

**2079.23** A contract between the principal and agent may be modified or altered to change the agency relationship at any time before the performance of the act which is the object of the agency with the written consent of the parties to the agency relationship.

**2079.24** Nothing in this article shall be construed to either diminish the duty of disclosure owed buyers and sellers by agents and their associate licensees, subagents, and employees or to relieve agents and their associate licensees, subagents, and employees from liability for their conduct in connection with acts governed by this article or for any breach of a fiduciary duty or a duty of disclosure.


Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the California Association of REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020



Reviewed by _____ Date _____

AD REVISED 12/14 (PAGE 2 OF 2)

**DISCLOSURE REGARDING REAL ESTATE AGENCY RELATIONSHIP (AD PAGE 2 OF 2)**

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com   Generic Transfer

**EXHIBIT 1**
**Page 8**



**CALIFORNIA ASSOCIATION OF REALTORS®**

## POSSIBLE REPRESENTATION OF MORE THAN ONE BUYER OR SELLER - DISCLOSURE AND CONSENT
### (C.A.R. Form PRBS, 11/14)

A real estate broker (Broker), whether a corporation, partnership or sole proprietorship, may represent more than one buyer or seller. This multiple representation can occur through an individual licensed as a broker or salesperson or through different individual broker's or salespersons (associate licensees) acting under the Broker's license. The associate licensees may be working out of the same or different office locations.

**Multiple Buyers:** Broker (individually or through its associate licensees) may be working with many prospective buyers at the same time. These prospective buyers may have an interest in, and make offers on, the same properties. Some of these properties may be listed with Broker and some may not. Broker will not limit or restrict any particular buyer from making an offer on any particular property whether or not Broker represents other buyers interested in the same property.

**Multiple Sellers:** Broker (individually or through its associate licensees) may have listings on many properties at the same time. As a result, Broker will attempt to find buyers for each of those listed properties. Some listed properties may appeal to the same prospective buyers. Some properties may attract more prospective buyers than others. Some of these prospective buyers may be represented by Broker and some may not. Broker will market all listed properties to all prospective buyers whether or not Broker has another or other listed properties that may appeal to the same prospective buyers.

**Dual Agency:** If Seller is represented by Broker, Seller acknowledges that broker may represent prospective buyers of Seller's property and consents to Broker acting as a dual agent for both seller and buyer in that transaction. If Buyer is represented by Broker, buyer acknowledges that Broker may represent sellers of property that Buyer is interested in acquiring and consents to Broker acting as a dual agent for both buyer and seller with regard to that property.

In the event of dual agency, seller and buyer agree that: **(a)** Broker, without the prior written consent of the Buyer, will not disclose to seller that the Buyer is willing to pay a price greater than the offered price; **(b)** Broker, without the prior written consent of the seller, will not disclose to the buyer that seller is willing to sell property at a price less than the listing price; and **(c)** other than as set forth in (a) and (b) above, a dual agent is obligated to disclose known facts materially affecting the value or desirability of the property to both parties.

**Offers not necessarily confidential:** Buyer is advised that seller or listing agent may disclose the existence, terms, or conditions of buyer's offer unless all parties and their agent have signed a written confidentiality agreement. Whether any such information is actually disclosed depends on many factors, such as current market conditions, the prevailing practice in the real estate community, the listing agent's marketing strategy and the instructions of the seller.

Buyer and seller understand that Broker may represent more than one buyer or more than one seller and even both buyer and seller on the same transaction and consents to such relationships.

Seller and/or Buyer acknowledges reading and understanding this Possible Representation of More Than One Buyer or Seller - Disclosure and Consent and agrees to the agency possibilities disclosed.

Seller _____ David M. Goodrich, Ch 7 Trustee    Date October 5, 2018
Seller _____    Date _____
Buyer _____    Date _____
Buyer _____    Date _____
Real Estate Broker (Firm) _Pacific Sotheby's International Realty_    CalBRE Lic # 01520001    Date _____
By _____    CalBRE Lic # 00801398    Date October 5, 2018
_Clarence Yoshikane_
Real Estate Broker (Firm) _____    CalBRE Lic # _____    Date _____
By _____    CalBRE Lic # _____    Date _____

© 2014, California Association of REALTORS®, Inc. United States copyright law (Title 17 U.S. Code) forbids the unauthorized distribution, display and reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats.
THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ACCURACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is made available to real estate professionals through an agreement with or purchase from the California Association of REALTORS®. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the California Association of REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

Reviewed by _____ Date _____

PRBS 11/14 (PAGE 1 OF 1)
### POSSIBLE REPRESENTATION OF MORE THAN ONE BUYER OR SELLER (PRBS PAGE 1 OF 1)

H064 / Sotheby's International Realty, 1200 Newport Center Drive, Suite 100 Newport Beach CA 92660    Phone: (714) 646-5765    Fax:    Generic Transfer
CLARENCE YOSHIKANE    Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026    www.zipLogix.com

**EXHIBIT 1**
**Page 9**

## CALIFORNIA ASSOCIATION OF REALTORS®

## RESIDENTIAL LISTING AGREEMENT
(Exclusive Authorization and Right to Sell)
(C.A.R. Form RLA, Revised 6/17)

Date Prepared: October 5, 2018

**1. EXCLUSIVE RIGHT TO SELL:** _David M. Goodrich, Ch 7 Trustee_ ("Seller")
hereby employs and grants _Pacific Sotheby's International Realty_ ("Broker")
beginning (date) _October 5, 2018_ and ending at 11:59 P.M. on (date) _April 5, 2019_ ("Listing Period")
the exclusive and irrevocable right to sell or exchange the real property described as .... 14663 Carnell Street
_____, situated in _Whittier_ ...., _____ (City),
_Orange_ (County), California, _90603_ (Zip Code), Assessor's Parcel No. _8150-017-016_ ("Property").
☐ This Property is a manufactured (mobile) home. See addendum for additional terms.
☐ This Property is being sold as part of a probate, conservatorship or guardianship. See addendum for additional terms.

**2. LISTING PRICE AND TERMS:**    APN: 8150-017-016    Case No. 2:17-bk-23812-BR
  A. The listing price shall be: _____
  _____ Dollars ($ _____ ).
  B. Listing Terms: _____.

**3. COMPENSATION TO BROKER:**
Notice: The amount or rate of real estate commissions is not fixed by law. They are set by each Broker individually and may be negotiable between Seller and Broker (real estate commissions include all compensation and fees to Broker).
  A. Seller agrees to pay to Broker as compensation for services irrespective of agency relationship(s), either ☒ _____ percent
     of the listing price (or if a purchase agreement is entered into, of the purchase price), or ☐ $ _____,
     AND _____, as follows:
     (1) If during the Listing Period, or any extension, Broker, cooperating broker, Seller or any other person procures a ready,
        willing, and able buyer(s) whose offer to purchase the Property on any price and terms is accepted by Seller, provided the
        Buyer completes the transaction or is prevented from doing so by Seller. (Broker is entitled to compensation whether any
        escrow resulting from such offer closes during or after the expiration of the Listing Period, or any extension.)
     OR (2) If within _____ calendar days (a) after the end of the Listing Period or any extension, or (b) after any cancellation of this
        Agreement, unless otherwise agreed, Seller enters into a contract to sell, convey, lease or otherwise transfer the Property to
        anyone ("Prospective Buyer") or that person's related entity: (i) who physically entered and was shown the Property during
        the Listing Period or any extension by Broker or a cooperating broker; or (ii) for whom Broker or any cooperating broker
        submitted to Seller a signed, written offer to acquire, lease, exchange or obtain an option on the Property. Seller, however,
        shall have no obligation to Broker under paragraph 3A(2) unless, not later than the end of the Listing Period or any
        extension or cancellation, Broker has given Seller a written notice of the names of such Prospective Buyers.
     OR (3) If, without Broker's prior written consent, the Property is withdrawn from sale, conveyed, leased, rented, otherwise
        transferred, or made unmarketable by a voluntary act of Seller during the Listing Period, or any extension.
  B. If completion of the sale is prevented by a party to the transaction other than Seller, then compensation which otherwise would have
     been earned under paragraph 3A shall be payable only if and when Seller collects damages by suit, arbitration, settlement or
     otherwise, and then in an amount equal to the lesser of one-half of the damages recovered or the above compensation, after first
     deducting title and escrow expenses and the expenses of collection, if any.
  C. In addition, Seller agrees to pay Broker: _____.
  D. Seller has been advised of Broker's policy regarding cooperation with, and the amount of compensation offered to, other brokers.
     (1) Broker is authorized to cooperate with and compensate brokers participating through the multiple listing service(s) ("MLS")
        by offering to MLS brokers out of Broker's compensation specified in 3A, either ☐ _____ percent of the
        purchase price, or ☐ $ _____.
     (2) Broker is authorized to cooperate with and compensate brokers operating outside the MLS as per Broker's policy.
  E. Seller hereby irrevocably assigns to Broker the above compensation from Seller's funds and proceeds in escrow. Broker may
     submit this Agreement, as instructions to compensate Broker pursuant to paragraph 3A, to any escrow regarding the Property
     involving Seller and a buyer, Prospective Buyer or other transferee.
  F. (1) Seller represents that Seller has not previously entered into a listing agreement with another broker regarding the Property,
        unless specified as follows: _____
     (2) Seller warrants that Seller has no obligation to pay compensation to any other broker regarding the Property unless the
        Property is transferred to any of the following individuals or entities: _____
     (3) If the Property is sold to anyone listed above during the time Seller is obligated to compensate another broker: (i) Broker is
        not entitled to compensation under this Agreement; and (ii) Broker is not obligated to represent Seller in such transaction.

© 2017, California Association of REALTORS®, Inc.

Seller's Initials ( _____ ) ( _____ )

RLA REVISED 6/17 (PAGE 1 OF 5)

**RESIDENTIAL LISTING AGREEMENT - EXCLUSIVE (RLA PAGE 1 OF 5)**

ROM / Sotheby's International Realty, 1200 Newport Center Drive, Suite 100 Newport Beach CA 92660    Phone: (714) 646-5765    Fax:    Generic Transfer
CLARENCE YOSHIKANE    Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026    www.zipLogix.com

**EXHIBIT 1**
**Page 10**

Property Address: ___, ___, 14663 Carnell Street, Whittier, CA 90603 _____     Date: October 5, 2018

**4. A. ITEMS EXCLUDED AND INCLUDED:** Unless otherwise specified in a real estate purchase agreement, all fixtures and fittings that are attached to the Property are included, and personal property items are excluded, from the purchase price.
ADDITIONAL ITEMS EXCLUDED: _____.
ADDITIONAL ITEMS INCLUDED: _____.
Seller intends that the above items be excluded or included in offering the Property for sale, but understands that: (i) the purchase agreement supersedes any intention expressed above and will ultimately determine which items are excluded and included in the sale; and (ii) Broker is not responsible for and does not guarantee that the above exclusions and/or inclusions will be in the purchase agreement.

**B. (1) Leased Or Not Owned Items:** The following items are leased or not owned by Seller:
☐ Solar power system  ☐ Alarm system  ☐ Propane tank  ☐ Water Softener
☐ Other _____

**(2) Liened Items:** The following items have been financed and a lien has been placed on the Property to secure payment:
☐ Solar power system  ☐ Windows or doors  ☐ Heating/Ventilation/Air conditioning system
☐ Other _____
Seller will provide to Buyer, as part of the sales agreement, copies of lease documents, or other documents obligating Seller to pay for any such leased or liened item.

**5. MULTIPLE LISTING SERVICE:**

**A.** Broker is a participant/subscriber to ___CRMLS___ Multiple Listing Service (MLS) and possibly others. Unless otherwise instructed in writing the Property will be listed with the MLS(s) specified above. That MLS is (or if checked ☐ is not) the primary MLS for the geographic area of the Property. All terms of the transaction, including sales price and financing, if applicable, (i) will be provided to the MLS in which the property is listed for publication, dissemination and use by persons and entities on terms approved by the MLS and (ii) may be provided to the MLS even if the Property was not listed with the MLS.

---

**BENEFITS OF USING THE MLS; IMPACT OF OPTING OUT OF THE MLS; PRESENTING ALL OFFERS**

**WHAT IS AN MLS?** The MLS is a database of properties for sale that is available and accessible by all other real estate agents who are participants or subscribers to the MLS. Property information submitted to the MLS describes the price, terms and conditions under which the Seller's property is offered for sale (including but not limited to the listing broker's offer of compensation to other brokers). It is likely that a significant number of real estate practitioners in any given area are participants or subscribers to the MLS. The MLS may also be part of a reciprocal agreement to which other multiple listing services belong. Real estate agents belonging to other multiple listing services that have reciprocal agreements with the MLS also have access to the information submitted to the MLS. The MLS may further transmit listing information to Internet sites that post property listings online.

**EXPOSURE TO BUYERS THROUGH MLS:** Listing property with an MLS exposes a seller's property to all real estate agents and brokers (and their potential buyer clients) who are participants or subscribers to the MLS or a reciprocating MLS.

**CLOSED/PRIVATE LISTING CLUBS OR GROUPS:** Closed or private listing clubs or groups are not the same as the MLS. The MLS referred to above is accessible to all eligible real estate licensees and provides broad exposure for a listed property. Private or closed listing clubs or groups of licensees may have been formed outside the MLS. Private or closed listing clubs or groups are accessible to a more limited number of licensees and generally offer less exposure for listed property. Whether listing property through a closed, private network - and excluding it from the MLS - is advantageous or disadvantageous to a seller, and why, should be discussed with the agent taking the Seller's listing.

**NOT LISTING PROPERTY IN A LOCAL MLS:** If the Property is listed in an MLS which does not cover the geographic area where the Property is located then real estate agents and brokers working that territory, and Buyers they represent looking for property in the neighborhood, may not be aware the Property is for sale.

**OPTING OUT OF MLS:** If Seller elects to exclude the Property from the MLS, Seller understands and acknowledges that: (a) real estate agents and brokers from other real estate offices, and their buyer clients, who have access to that MLS may not be aware that Seller's Property is offered for sale; (b) information about Seller's Property will not be transmitted from the MLS to various real estate Internet sites that are used by the public to search for property listings; (c) real estate agents, brokers and members of the public may be unaware of the terms and conditions under which Seller is marketing the Property.

**REDUCTION IN EXPOSURE:** Any reduction in exposure of the Property may lower the number of offers and negatively impact the sales price.

**PRESENTING ALL OFFERS:** Seller understands that Broker must present all offers received for Seller's Property unless Seller gives Broker written instructions to the contrary.

Seller's Initials ( _____ )( _____ )          Broker's/Agent's Initials ( _____ )( _____ )

Seller's Initials _____

---

**RESIDENTIAL LISTING AGREEMENT - EXCLUSIVE (RLA PAGE 2 OF 5)**
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com          Generic Transfer

**EXHIBIT 1**
**Page 11**

Property Address: ...., ...., 14663 Carnell Street, Whittier, CA 90603      Date: October 5, 2018

**B.** MLS rules generally provide that residential real property and vacant lot listings be submitted to the MLS within 2 days or some other period of time after all necessary signatures have been obtained on the listing agreement. Broker will not have to submit this listing to the MLS if, within that time, Broker submits to the MLS an appropriate form signed by Seller.
☐ Seller elects to exclude the Property from the MLS by signing by C.A.R. Form SELM or the local equivalent form.

**C.** MLS rules allow MLS data to be made available by the MLS to additional Internet sites unless Broker gives the MLS instructions to the contrary. Seller acknowledges that for any of the below opt-out instructions to be effective, Seller must make them on a separate instruction to Broker signed by Seller. Specific information that can be excluded from the Internet as permitted by (or in accordance with) the MLS is as follows:

**(1) Property Availability On The MLS; Address On the MLS:** Seller can instruct Broker to have the MLS not display the Property or the Property address on the Internet. Seller understands that either of these opt-outs would mean consumers searching for listings on the Internet may not see the Property or Property's address in response to their search.

**(2) Feature Opt-Outs:** Seller can instruct Broker to advise the MLS that Seller does not want visitors to MLS Participant or Subscriber Websites or Electronic Displays that display the Property listing to have the features below. Seller understands (i) that these opt-outs apply only to Websites or Electronic Displays of MLS Participants and Subscribers who are real estate broker and agent members of the MLS; (ii) that other Internet sites may or may not have the features set forth herein; and (iii) that neither Broker nor the MLS may have the ability to control or block such features on other Internet sites.

**(a) Comments And Reviews:** The ability to write comments or reviews about the Property on those sites; or the ability to link to another site containing such comments or reviews if the link is in immediate conjunction with the Property display.

**(b) Automated Estimate Of Value:** The ability to create an automated estimate of value or to link to another site containing such an estimate of value if the link is in immediate conjunction with the Property display. ☐ Seller elects to opt out of certain Internet features as provided by C.A.R. Form SELI or the local equivalent form.

~~**6. SELLER REPRESENTATIONS.** Seller represents that, unless otherwise specified in writing, Seller is unaware of: (i) any Notice of Default recorded against the Property; (ii) any delinquent amounts due under any loan secured by, or other obligation affecting, the Property; (iii) any bankruptcy, insolvency or similar proceeding affecting the Property; (iv) any litigation, arbitration, administrative action, government investigation or other pending or threatened action that affects or may affect the Property or Seller's ability to transfer it; and (v) any current, pending or proposed special assessments affecting the Property. Seller shall promptly notify Broker in writing if Seller becomes aware of any of these items during the Listing Period or any extension thereof.~~

**7. BROKER'S AND SELLER'S DUTIES:**

**A.** Broker agrees to exercise reasonable effort and due diligence to achieve the purposes of this Agreement. Unless Seller gives Broker written instructions to the contrary, Broker is authorized, but not required, to (i) order reports and disclosures including those specified in 7C as necessary, (ii) advertise and market the Property by any method and in any medium selected by Broker, including MLS and the Internet, and, to the extent permitted by these media, control the dissemination of the information submitted to any medium; and (iii) disclose to any real estate licensee making an inquiry the receipt of any offers on the Property and the offering price of such offers.

**B.** Seller agrees to consider offers presented by Broker, and to act in good faith to accomplish the sale of the Property by, among other things, making the Property available for showing at reasonable times and, subject to paragraph 3F, referring to Broker all inquiries of any party interested in the Property. Seller is responsible for determining at what price to list and sell the Property.

**C.** Investigations and Reports: Seller agrees, within 5 (or ___ ) Days of the beginning date of this Agreement, to pay for the following pre-sale reports: ☐ Structural Pest Control ☐ General Property Inspection ☐ Homeowners Association Documents ☐ Other _____

~~**D.** Seller further agrees to indemnify, defend and hold Broker harmless from all claims, disputes, litigation, judgments attorney fees and costs arising from any incorrect or incomplete information supplied by Seller, or from any material facts that Seller knows but fails to disclose including dangerous or hidden conditions on the Property.~~

**8. DEPOSIT:** Broker is authorized to accept and hold on Seller's behalf any deposits to be applied toward the purchase price.

**9. AGENCY RELATIONSHIPS:**

**A.** Disclosure: The Seller acknowledges receipt of a ☒ "Disclosure Regarding Real Estate Agency Relationships" (C.A.R. Form AD).

**B.** Seller Representation: Broker shall represent Seller in any resulting transaction, except as specified in paragraph 3F.

**C.** Possible Dual Agency With Buyer: Depending upon the circumstances, it may be necessary or appropriate for Broker to act as an agent for both Seller and buyer, exchange party, or one or more additional parties ("Buyer"). Broker shall, as soon as practicable, disclose to Seller any election to act as a dual agent representing both Seller and Buyer. If a Buyer is procured directly by Broker or an associate-licensee in Broker's firm, Seller hereby consents to Broker acting as a dual agent for Seller and Buyer. In the event of an exchange, Seller hereby consents to Broker collecting compensation from additional parties for services rendered, provided there is disclosure to all parties of such agency and compensation. Seller understands and agrees that: (i) Broker, without the prior written consent of Seller, will not disclose to Buyer that Seller is willing to sell the Property at a price less than the listing price; (ii) Broker, without the prior written consent of Buyer, will not disclose to Seller that Buyer is willing to pay a price greater than the offered price; and (iii) except for (i) and (ii) above, a dual agent is obligated to disclose known facts materially affecting the value or desirability of the Property to both parties.

**D.** Confirmation: Broker shall confirm the agency relationship described above, or as modified, in writing, prior to or concurrent with Seller's execution of a purchase agreement.

( Seller's Initials ( X ) ( ) )

RLA REVISED 6/17 (PAGE 3 OF 5)

**RESIDENTIAL LISTING AGREEMENT - EXCLUSIVE (RLA PAGE 3 OF 5)**
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com     Generic Transfer

**EXHIBIT 1**
**Page 12**

Property Address: ....., ..., 14663 Carnell Street, Whittier, CA 90603 _____ Date: October 5, 2018

**E. Potentially Competing Sellers and Buyers:** Seller understands that Broker may have or obtain listings on other properties, and that potential buyers may consider, make offers on, or purchase through Broker, property the same as or similar to Seller's Property. Seller consents to Broker's representation of sellers and buyers of other properties before, during and after the end of this Agreement. Seller acknowledges receipt of a ☒ "Possible Representation of More than One Buyer or Seller - Disclosure and Consent" (C.A.R. Form PRBS).

**10. SECURITY, INSURANCE, SHOWINGS, AUDIO AND VIDEO:** Broker is not responsible for loss of or damage to personal or real property, or person, whether attributable to use of a keysafe/lockbox, a showing of the Property, or otherwise. Third parties, including, but not limited to, appraisers, inspectors, brokers and prospective buyers, may have access to, and take videos and photographs of, the interior of the Property. Seller agrees: (i) to take reasonable precautions to safeguard and protect valuables that might be accessible during showings of the Property; and (ii) to obtain insurance to protect against these risks. Broker does not maintain insurance to protect Seller. Persons visiting the Property may not be aware that they could be recorded by audio or visual devices installed by Seller (such as "nanny cams" and hidden security cameras). Seller is advised to post notice disclosing the existence of security devices.

**11. PHOTOGRAPHS AND INTERNET ADVERTISING:**

**A.** In order to effectively market the Property for sale it is often necessary to provide photographs, virtual tours and other media to buyers. Seller agrees (or ☐ if checked, does not agree) that Broker may photograph or otherwise electronically capture images of the exterior and interior of the Property ("Images") for static and/or virtual tours of the Property by buyers and others for use on Broker's website, the MLS, and other marketing materials and sites. Seller acknowledges that once Images are placed on the Internet neither Broker nor Seller has control over who can view such Images and what use viewers may make of the Images, or how long such Images may remain available on the Internet. Seller further assigns any rights in all Images to the Broker and agrees that such Images are the property of Broker and that Broker may use such Images for advertising, including post sale and for Broker's business in the future.

**B.** Seller acknowledges that prospective buyers and/or other persons coming onto the property may take photographs, videos or other images of the property. Seller understands that Broker does not have the ability to control or block the taking and use of Images by any such persons. (If checked ) ☐ Seller instructs Broker to publish in the MLS that taking of Images is limited to those persons preparing Appraisal or Inspection reports. Seller acknowledges that unauthorized persons may take images who do not have access to or have not read any limiting instruction in the MLS or who take images regardless of any limiting instruction in the MLS. Once Images are taken and/or put into electronic display on the Internet or otherwise, neither Broker nor Seller has control over who views such Images nor what use viewers may make of the Images.

**12. KEYSAFE/LOCKBOX:** A keysafe/lockbox is designed to hold a key to the Property to permit access to the Property by Broker, cooperating brokers, MLS participants, their authorized licensees and representatives, authorized inspectors, and accompanied prospective buyers. Broker, cooperating brokers, MLS and Associations/Boards of REALTORS® are not insurers against injury, theft, loss, vandalism or damage attributed to the use of a keysafe/lockbox. Seller does (or if checked ☐ does not) authorize Broker to install a keysafe/lockbox. If Seller does not occupy the Property, Seller shall be responsible for obtaining occupant(s)' written permission for use of a keysafe/lockbox (C.A.R. Form KLA).

**13. SIGN:** Seller does (or if checked ☐ does not) authorize Broker to install a FOR SALE/SOLD sign on the Property.

**14. EQUAL HOUSING OPPORTUNITY:** The Property is offered in compliance with federal, state and local anti-discrimination laws.

**15. ATTORNEY FEES:** In any action, proceeding or arbitration between Seller and Broker to enforce the compensation provisions of this Agreement, the prevailing Seller or Broker shall be entitled to reasonable attorney fees and costs from the non-prevailing Seller or Broker, except as provided in paragraph 19A.

**16. ADDITIONAL TERMS:** ☐ REO Advisory Listing (C.A.R. Form REOL) ☐ Short Sale Information and Advisory (C.A.R. Form SSIA)
☐ Trust Advisory (C.A.R. Form TA)
*PROPERTY TO BE SOLD IN "AS-IS", "WHERE-IS" CONDITION WITH ALL FAULTS AND WITHOUT ANY WARRANTIES, EXPRESSED OR IMPLIED. PEST CONTROL/TERMITE INSPECTION REPORT AND ANY CORRECTIVE WORK WILL NOT BE PROVIDED, COMPLETED BY NOR PAID FOR BY SELLER. TRUSTEE'S ADDENDUM TO EXCLUSIVE AND RIGHT TO SELL IS INCORPORATED HEREIN IN ITS ENTIRETY.*

**17. MANAGEMENT APPROVAL:** If an associate-licensee in Broker's office (salesperson or broker-associate) enters into this Agreement on Broker's behalf, and Broker or Manager does not approve of its terms, Broker or Manager has the right to cancel this Agreement, in writing, within 5 Days After its execution.

**18. SUCCESSORS AND ASSIGNS:** This Agreement shall be binding upon Seller and Seller's successors and assigns.

**19. DISPUTE RESOLUTION:**

**A. MEDIATION:** Seller and Broker agree to mediate any dispute or claim arising between them regarding the obligation to pay compensation under this Agreement, before resorting to arbitration or court action. Mediation fees, if any, shall be divided equally among the parties involved. If, for any dispute or claim to which this paragraph applies, any party (i) commences an action without first attempting to resolve the matter through mediation, or (ii) before commencement of an action, refuses to mediate after a request has been made, then that party shall not be entitled to recover attorney fees, even if they would otherwise be available to that party in any such action. Exclusions from this mediation agreement are specified in paragraph 19B.

Seller's Initials ( ____ ) ( ____ )

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com    Cerenic Transfer

**EXHIBIT 1**
**Page 13**

Property Address: ...,  ..., 14663 Carnell Street, Whittier, CA 90603 _____ Date: October 5, 2018

**B. ADDITIONAL MEDIATION TERMS:** The following matters shall be excluded from mediation: (i) a judicial or non-judicial foreclosure or other action or proceeding to enforce a deed of trust, mortgage or installment land sale contract as defined in Civil Code §2985; (ii) an unlawful detainer action; (iii) the filing or enforcement of a mechanic's lien; and (iv) any matter that is within the jurisdiction of a probate, small claims or bankruptcy court. The filing of a court action to enable the recording of a notice of pending action, for order of attachment, receivership, injunction, or other provisional remedies, shall not constitute a waiver or violation of the mediation provisions.

**C. ADVISORY:** If Seller and Broker desire to resolve disputes arising between them through arbitration rather than court, they can document their agreement by attaching and signing an Arbitration Agreement (C.A.R. Form ARB).

**20. ENTIRE AGREEMENT:** All prior discussions, negotiations and agreements between the parties concerning the subject matter of this Agreement are superseded by this Agreement, which constitutes the entire contract and a complete and exclusive expression of their agreement, and may not be contradicted by evidence of any prior agreement or contemporaneous oral agreement. If any provision of this Agreement is held to be ineffective or invalid, the remaining provisions will nevertheless be given full force and effect. This Agreement and any supplement, addendum or modification, including any photocopy or facsimile, may be executed in counterparts.

**21. OWNERSHIP, TITLE AND AUTHORITY:** Seller warrants that: (i) Seller is the owner of the Property; (ii) no other persons or entities have title to the Property; and (iii) Seller has the authority to both execute this Agreement and sell the Property. Exceptions to ownership, title and authority are as follows: _____
_____

☐ **REPRESENTATIVE CAPACITY:** This Listing Agreement is being signed for Seller by an individual acting in a Representative Capacity as specified in the attached Representative Capacity Signature Disclosure (C.A.R. Form RCSD-S). Wherever the signature or initials of the representative identified in the RCSD appear on this Agreement or any related documents, it shall be deemed to be in a representative capacity for the entity described and not in an individual capacity, unless otherwise indicated. Seller (i) represents that the entity for which the individual is signing already exists and (ii) shall Deliver to Broker, within 3 Days After Execution of this Agreement, evidence of authority to act (such as but not limited to: applicable trust document, or portion thereof, letters testamentary, court order, power of attorney, resolution, or formation documents of the business entity).

By signing below, Seller acknowledges that Seller has read, received a copy of and agrees to the terms of this Agreement.            APN: 8150-017-016        Case No. 2:17-bk-23812-BR

Seller _____ Date October 5, 2018 _____
David M. Goodrich, Chapter 7 Trustee of the Estate: Benjamin W. Gonzales
Address _____ City _____ State _____ Zip _____
Telephone _____ Fax _____ E-mail _____

Seller _____ Date _____
Address _____ City _____ State _____ Zip _____
Telephone _____ Fax _____ E-mail _____

☐ Additional Signature Addendum attached (C.A.R. Form ASA)

Real Estate Broker (Firm) _Pacific Sotheby's International Realty_ _____ CalBRE Lic. # _01520001_
Address _1200 Newport Center Drive, Suite 100_ ___ City _Newport Beach_ ____ State _CA_ ___ Zip _92660_

By _____ Tel. _(714) 606-5765_ E-mail _Clarence.Yoshikane@gmail.com_ CalBRE Lic._#00801398_ Date _October 5, 2018_
_Clarence Yoshikane_
By _____ Tel. _____ E-mail _____ CalBRE Lic.#_____ Date _____

☐ Two Brokers with different companies are co-listing the Property. Co-listing Broker information is on the attached Additional Broker Acknowledgement (C.A.R. Form ABA).

© 1991-2017, California Association of REALTORS®, Inc. United States copyright law (Title 17 U.S. Code) forbids the unauthorized distribution, display and reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS®. NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ACCURACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the California Association of REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

Reviewed by _____ Date _____

**RLA REVISED 6/17 (PAGE 5 OF 5)**

**RESIDENTIAL LISTING AGREEMENT -EXCLUSIVE (RLA PAGE 5 OF 5)**

Produced with zipForm® by zipLogix  18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com         Gonzric Transfer

**EXHIBIT 1**
**Page 14**

## ADDENDUM TO EXCLUSIVE AUTHORIZATION AND RIGHT TO SALE

David M. Goodrich, the duly appointed and acting Chapter 7 Trustee ("Trustee") of the bankruptcy estate ("Estate") of Benjamin W. Gonzales ("Debtor"), the debtor in the bankruptcy case pending in the United States Bankruptcy Court for the Central District of California, Case No. 2:17-bk-23812-BR, and Clarence Yoshikane and Pacific / Sotheby's International Realty ("Broker"), enter into this Addendum to the Exclusive Authorization and Right to Sell ("Listing Agreement"), who will have the exclusive right to negotiate a sale of the real property located at 14663 Carnell Street, Whittier, CA 90603 (APN: 8150-017-016) ("Property").

1.      Addendum.  This Addendum amends certain terms and conditions in the Listing Agreement.  Notwithstanding any contrary terms and conditions in the Listing Agreement, the terms and conditions set forth in this Addendum shall apply.

2.      Bankruptcy Court Approval.  The Trustee shall not be under any obligation to perform under the Listing Agreement or this Addendum until and unless the Bankruptcy Court has approved the employment of the Broker and the terms of the Listing Agreement and the Addendum.

3.      Commission.  The total commission paid to the Broker and the successful buyer's broker shall be 5%.

4.      No Liability.  The Trustee is listing the Property for sale with the Broker in his capacity as the Chapter 7 Trustee of the Estate, and not in his personal capacity, and no liability or obligations shall accrue to him personally as a result of such listing.

5.      Termination.  The Trustee may terminate the Listing Agreement at his option and upon written notice to the Broker at any time, and no liability or obligations shall accrue to the estate or to the Trustee, either personally or in his capacity as Trustee, as a result of any such termination.

6.      Abandonment.  The Trustee reserves the right, in his sole discretion, to determine not to sell the Property and to abandon the Property.  In the event of any such abandonment, the Listing Agreement and this Addendum shall terminate and no liability or obligations shall accrue to the Estate or to the Trustee, either personally or in his capacity as Trustee, as a result of any such abandonment and termination.

7.      Conditions of Sale.  The Broker agrees and understands that any sale of the Property shall be subject to the following terms and conditions:

a.      The Trustee is selling the Property in his capacity, as the Chapter 7 Trustee of the Estate, and not in his personal capacity, and no liability or obligations shall accrue to him personally as a result of any sale.

b.      If for any reason, or no reason whatsoever, the Trustee is unable to deliver possession or title to the Property to any potential purchaser, the purchaser's sole remedy shall be the return of any money that the purchaser has deposited towards the purchase of the Property.

**EXHIBIT 1**
**Page 15**

c.      The Trustee is selling the Property on an "AS IS" condition or basis by quitclaim or bankruptcy trustee's deed without any representations or warranties whatsoever, express or implied, including, without limitation, representations or warranties as to title, oil and mineral rights, city or government agency notifications regarding work to be done, marketability of title, ownership, physical condition, compliance with California, city or federal statutes, codes, ordinances, or regulations, geological stability, zoning, suitability for improvement, and fire insurance policies to cover any improvements on the Property, nor any assurances regarding the subdivisibility of the Property.

d.      The sale of the Property is subject to Bankruptcy Court approval after notice to the Debtors, all creditors, the United States Trustee, and other parties in interest, as required by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rules.

e.      The purchaser shall, at the purchaser's sole expense, acquire any and all insurance policies that the purchaser desires to cover the Property. The Trustee does not agree to acquire or transfer any insurance policies to the purchaser.

f.      The purchaser is to arrange for all financing of the acquisition of the Property before the close of escrow.

g.      All escrow fees shall be shared and paid on a 50/50 basis by the Trustee and the purchaser.

h.      The purchaser shall, at the purchaser's sole expense, install all smoke detectors, if any, as may be required by state or local law. The Trustee is not required to deliver to the purchaser a written statement of compliance with any applicable state and local law.

i.      The purchaser shall, at purchaser's sole expense, obtain all pest control inspections and repairs that purchaser deems appropriate.

j.      If any local ordinance requires that the Property be brought into compliance with minimum energy conservation standards as a condition of sale or transfer, the purchaser shall comply with and pay for these requirements at purchaser's sole expense.

k.      Any sale is subject to the following conditions being satisfied before the close of escrow:

(1)     The Trustee must prevail with respect to any objections to the proposed sale; and

(2)     All sales are subject to overbid unless the Bankruptcy Court orders otherwise, and

(3)     The Trustee reserves the right to reject any and all offers which in his judgment are insufficient; and

(4)     The Bankruptcy Court must approve the sale.



**EXHIBIT 1**
**Page 16**

l.    The Property is being sold subject to:

(1)    All general and special taxes that are presently due, or may become due, regarding the Property, other than real property taxes, which shall be prorated as of the close of escrow;

(2)    The lien of supplemental taxes, if any, assessed pursuant to the provisions of Chapter 3.5 (commencing with Section 75) of the California Revenue and Taxation Code; and

(3)    Any and all easements, restrictions, rights and conditions of record and rights of way, against, on or regarding the Property. Title, however, is to be transferred free and clear of secured claims of record.

8.    <u>Payment of Commission</u>. The commissions to be paid to the Broker shall only be paid from the proceeds of the sale of the Property. If a sale is not consummated for any or no reason whatsoever, the Broker shall not be entitled to a commission. The Broker's commission may only be paid after the Bankruptcy Court approve the payment of the Broker's commission.

9.    <u>Entire Agreement</u>. This Addendum and the Listing Agreement, to the extent that such Listing Agreement is not contrary to the terms and conditions herein, constitute the entire contract between the parties. All prior agreements between the parties are incorporated into this contract. Its terms are intended by the parties as a final expression of their agreement with respect to such terms as are included herein, and may not be contradicted by evidence of any prior agreement or contemporaneous oral agreement. The parties further intend that this agreement constitutes the complete, final and exclusive statement of its terms and that no extrinsic evidence whatsoever may be introduced in any judicial or arbitration proceeding, if any, involving this agreement.

10.    <u>Bankruptcy Court Jurisdiction</u>. The Bankruptcy Court shall have exclusive jurisdiction to resolve any and all disputes relating to the Listing Agreement and this Addendum.

DATED: October 5, 2018

_____
David M. Goodrich
Chapter 7 Trustee of the Bankruptcy Estate of
Benjamin W. Gonzales

DATED: October 5, 2018

_____
Clarence Yoshikane, Agent

**EXHIBIT 1**
**Page 17**

EXHIBIT 2

**Real Estate Sales Executive**
**Asset Management**
**Bankruptcy Specialist**
**CA BRE License # 00801398**
**714.606.5765, Direct Line**

# Clarence Yoshikane

**Experience**            **Residential & Commercial Real Estate Sales**

**April 1, 2018 to Present**
**Pacific Sotheby's International Realty (Formerly HOM / Sotheby's International Realty)**
**Servicing California (Nationwide & International Network)**

**September 12, 2016 through March 31, 2018**
**HOM / Sotheby's International Realty**
**Servicing California (Nationwide & International Network)**

**Fall 2013 through September 11, 2016**
**BHHS   /   Berkshire   Hathaway HomeServices California Properties (Formerly Pru CA Realty)**
**Servicing California (Nationwide Network)**

**1989 through Fall 2013**
**Prudential California Realty**
**Servicing California (Nationwide Network)**

**1980 through 1989**
**Merrill Lynch Realty**

**US Bankruptcy Court, State Court Receivership, & Probate and Short Sale Specialist**

**Orange, Los Angeles, Riverside, San Bernardino & San Diego Counties**

**EXHIBIT 2**
**Page 18**

**Expert Handling of Occupied, Vacant & Tenant Occupied Properties**
**Licensed in California since 1980**

**Consistently Top Producer – Top 5% of Agents in Company**

**Assessed damages, obtained bids for repairs, Listed & Sold –**
**US Bankruptcy Court, State Court Receivership, Probate Court, REO,**
**Bank Owned & Corporate Owned Properties**

**Developed, Owned & Managed – owner & non-owner occupied**
**properties in Orange & Los Angeles Counties**

**Professional**          **Newport Beach Association of Realtors (NBAOR)**
**Associations**          **California Regional Multiple Listing Service (CRMLS)**
                          **National Association of Realtors**
                          **California Association of Realtors**

--

**Clarence Yoshikane**
**Sales Executive**

**Asset Management**
**Bankruptcy Specialist**

**CA BRE License # 00801398**

**HOM / Sotheby's International Realty**

**1200 Newport Center Drive, Suite 100**
**Newport Beach, California 92660**

**714.606.5765, Direct Line**

**clarence.yoshikane@gmail.com**

**www.YoshikaneGroup.com**

**EXHIBIT 2**
**Page 19**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled (*specify*): **TRUSTEE'S APPLICATION TO EMPLOY REAL ESTATE AGENT; DECLARATION OF CLARENCE YOSHIKANE IN SUPPORT**  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On  **December 10, 2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On **December 10, 2018**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR**
BENJAMIN W GONZALES
P.O. BOX 1530
LOS ANGELES, CA 90001-0530

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **December 10, 2018**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Barry Russell – via personal delivery
U.S. Bankruptcy Court, Suite 1660
Roybal Federal Building
255 E. Temple Street
Los Angeles, CA  90012-3332

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 10, 2018 | Chanel Mendoza | /s/ Chanel Mendoza |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
4845-7335-4104, v. 1

**F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- CREDITOR BMW BANK OF NORTH AMERICA, C/O AIS PORTFOLIO SERVICES, LP: BHAGWATI Barot bbarot@aissolution.com
- CREDITOR COMERICA BANK: Jennifer Witherell Crastz    jcrastz@hemar-rousso.com, DBrotman@hrhlaw.com
- CREDITOR COMERICA BANK: Christopher D Crowell    ccrowell@hrhlaw.com
- INTERESTED PARTY COURTESY NEF: Howard M Ehrenberg    hehrenberg@sulmeyerlaw.com, hehrenberg@ecf.inforuptcy.com; mviramontes@ecf.inforuptcy.com
- INTERESTED PARTY ANDY EPSTEIN: Andy J Epstein    taxcpaesq@gmail.com
- DAVID M GOODRICH (TR):    dgoodrich@wgllp.com, c143@ecfcbis.com;dgoodrich11@ecf.epiqsystems.com;lrobles@wgllp.com
- TRUSTEE DAVID M GOODRICH (TR): Chad V Haes    chaes@marshackhays.com, 8649808420@filings.docketbird.com
- TRUSTEE DAVID M GOODRICH (TR): D Edward Hays    ehays@marshackhays.com, 8649808420@filings.docketbird.com
- TRUSTEE DAVID M GOODRICH (TR): Laila Masud    lmasud@marshackhays.com, 8649808420@filings.docketbird.com
- DEBTOR BENJAMIN W GONZALES: James R Selth    jim@wsrlaw.net, jselth@yahoo.com;brian@wsrlaw.net;vinnet@ecf.inforuptcy.com
- INTERESTED PARTY COURTESY NEF: Valerie Smith    claims@recoverycorp.com
- UNITED STATES TRUSTEE (LA)    ustpregion16.la.ecf@usdoj.gov
- DEBTOR BENJAMIN W GONZALES: Daniel J Weintraub    dan@wsrlaw.net, vinnet@ecf.inforuptcy.com;brian@wsrlaw.net

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
*4845-7335-4104, v. 1*

**F 9013-3.1.PROOF.SERVICE**