1   Christopher D. Crowell (SBN 253103)
    HEMAR, ROUSSO & HEALD, LLP
2   15910 Ventura Boulevard, 12th Floor
    Encino, California 91436
3   Telephone: (818) 501-3800
    Facsimile: (818) 501-2985
4   E-mail: ccrowell@hrhlaw.com

5   Attorneys for Plaintiff COMERICA BANK

6

7

8                    UNITED STATES BANKRUPTCY COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                       LOS ANGELES DIVISION

11  In re                                    Case No. 2:17-bk-23812-BR

12  BENJAMIN W. GONZALES,                    Chapter 7

13              Debtor.                      Adv. No.

14  COMERICA BANK,                           COMPLAINT (1) TO DETERMINE VALIDITY
                                             OF PURPORTED LIENS; (2) FOR OBJECTION
15              Plaintiff,                    TO CLAIM; AND (3) FOR BREACH OF
                                             CONTRACT
16       vs.
                                             (Hearing date to be set by summons)
17  THE LAW FIRM OF FOX AND FOX, as
    successor in interest by assignment to GRETEL A.
18  GONZALES,

19              Defendant.

20

21       Plaintiff Comerica Bank ("Plaintiff" or "Comerica") complains and alleges as follows:

22                              JURISDICTION

23       1.    This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §

24  1334(b) because this adversary proceeding arises under, or arises in or is related to a case under, Title

25  11 of the United States Code. This adversary proceeding relates to the chapter 7 bankruptcy case

26  styled In re Benjamin W. Gonzales pending before the United States Bankruptcy Court for the Central

27  District of California, Los Angeles Division, as Case Number 2:17-bk-23812-BR ("Bankruptcy

28  Case"). Plaintiff consents to this Court's entry of a final judgment in this adversary proceeding.

HEMAR, ROUSSO & HEALD, LLP
15910 VENTURA BOULEVARD, 12TH FLOOR
ENCINO, CA 91436
(818) 501-3800

INTRODUCTION

2.     This is a proceeding to determine the validity of purported liens on the real property located at 14930 Mar Vista Street, Whittier, California 90605 ("Mar Vista Property") and on the net proceeds from the sale of the real property located at 14663 Carnell Street, Whittier, California 90603 (respectively, "Carnell Property Proceeds" and "Carnell Property"), and for other related relief, including an objection to the claim purportedly secured by such liens. The Mar Vista Property and the Carnell Property are hereinafter referred to individually and collectively as the "Whittier Properties."

THE PARTIES

3.     Plaintiff is a national banking association organized and existing under the laws of the United States of America and duly registered to do business in the State of California. Plaintiff holds a lien on the Mar Vista Property and the Carnell Property Proceeds securing a judgment entered by the Los Angeles County Superior Court ("State Court") in favor of Plaintiff and against (among other defendants) the debtor in the Bankruptcy Case Benjamin William Gonzales ("Debtor").

4.     Defendant The Law Firm of Fox and Fox ("Fox") is a business organization whose form is presently unknown. Fox is the purported successor in interest by assignment to Gretel A. Gonzales ("Gretel") with respect to the claim and liens at issue in this adversary proceeding.

GENERAL ALLEGATIONS

A.     Fox's Representation of Gretel, Fox's Alleged Liens, and Fox's Lawsuit Against Gretel

5.     In February 2015 Gretel, by and through her attorney Fox, commenced a marriage dissolution action in the State Court against Debtor styled Gretel A. Gonzales v. William Benjamin Gonzales and assigned Case Number BD616423 ("Dissolution Action").

6.     Gretel thereafter executed two Deeds of Trust whereby she transferred her interest in the Mar Vista Property in trust for Fox's benefit and two separate Deeds of Trust whereby she transferred her interest in the Carnell Property in trust for Fox's benefit. Each Deed of Trust purportedly secures payment of indebtedness evidenced by one of four corresponding Promissory Notes, which indebtedness is for Fox's attorney's fees incurred in the Dissolution Action. The liens on the Whitter Properties purportedly created by the four Deeds of Trust are hereinafter referred to individually and collectively as the "Fox Liens."

HEMAR, ROUSSO & HEALD, LLP
15910 VENTURA BOULEVARD, 12TH FLOOR
ENCINO, CA 91436
(818) 501-3800

7.      In November 2017, Fox filed an action against Gretel in the State Court styled The Law Firm of Fox & Fox v. Gretel Gonzales and assigned Case Number BC682953 ("Fox Case"), seeking $763,330.48 in damages for breach of contract arising from Gretel's alleged failure to pay Fox's attorney's fees incurred in the Dissolution Action. Fox's claim against Gretel for unpaid attorney's fees is hereinafter referred to as the "Fox Claim."

B.      The Liens at Issue in this Adversary Proceeding

8.      The liens on the Whittier Properties at issue in this adversary proceeding were purportedly created by the recordation of an Abstract of Support Judgment in the Official Records of Los Angeles County, California ("Official Records"), on February 19, 2016, as Instrument Number 20160183748 ("Gretel Abstract"). The Gretel Abstract names Gretel as judgment creditor and William Benjamin Gonzales as judgment debtor. The Gretel Abstract, a true and correct copy of which is attached hereto as Exhibit 1 and incorporated herein by this reference, purportedly relates to an order for payment of spousal, family, or child support entered by the State Court in the Dissolution Action.

C.      The Bankruptcy Case

9.      Debtor commenced the Bankruptcy Case by filing a voluntary chapter 7 petition on November 8, 2017 ("Petition Date"). As of the Petition Date and at all relevant times prior thereto, title to the Whittier Properties was held by Benjamin William Gonzales and Gretel Arend Gonzales, Trustees of the Gonzales Family Trust dated July 26, 1999 ("Gonzales Trust").

10.     In addition to the Whittier Properties, Debtor's Amended Schedule A/B, filed in the Bankruptcy Case on January 22, 2018, lists an interest in three real properties in Costa Rica (individually and collectively, "Costa Rica Properties") collectively valued at $725,000. A true and correct copy of the pages from Debtor's Amended Schedule A/B listing the Whittier Properties and the Costa Rica Properties is attached hereto as Exhibit 2 and incorporated herein by this reference.

11.     On March 5, 2018, Gretel filed a $1,462,961.80 Proof of Claim in the Bankruptcy Case ("Gretel POC"), evidencing a claim ("Gretel Claim") for "unpaid court-ordered spousal support." A true and correct copy of the Gretel POC is attached hereto as Exhibit 3 and incorporated herein by this reference. Plaintiff is informed and believes, and thereon alleges, that the Gretel Claim arises from the same domestic support obligation purportedly secured by the Gretel Abstract.

HEMAR, ROUSSO & HEALD, LLP
15910 VENTURA BOULEVARD, 12TH FLOOR
ENCINO, CA 91436
(818) 501-3800

12.    The chapter 7 trustee appointed in the Bankruptcy Case ("Trustee"), in his capacity as the trustee for Debtor's bankruptcy estate ("Bankruptcy Estate"), Plaintiff, Debtor, and Gretel entered into a Carve-Out Agreement and Release dated January 8, 2019 ("Carve-Out Agreement"), a true and correct copy of which is attached hereto as Exhibit 4 and incorporated herein by this reference.

13.    In the Carve-Out Agreement, Gretel "waive[d] and release[d] any and all liens in her favor against the [Whittier] Properties including, but not limited to, any liens resulting from the Gretel Abstract." In connection with the Carve-Out Agreement, Gretel executed and delivered to the Trustee a Withdrawal of Abstract of Judgment and Release of Lien ("Release"), whereby Gretel withdrew the Gretel Abstract and released the liens on the Whittier Properties allegedly created by recordation of the Gretel Abstract in the Official Records. The Carve-Out Agreement authorizes the Trustee "to cause the Release to be recorded upon both: (a) entry of an order granting this Agreement; *and* dismissal or resolution of the Fox Case that results in no out of pocket costs to" Gretel.

14.    The Carve-Out Agreement also provides that

Comerica shall challenge, litigate, and attempt to fully liquidate the Fox Claim and the Fox Liens allegedly resulting therefrom ("Comerica/Fox Litigation"). Comerica shall either intervene in the Fox Case as a party in interest or have its counsel associate into the Fox case as counsel for [Gretel.] The Comerica/Fox Litigation will occur in any forum required to fully liquidate the Fox Claim and Fox Liens, including the State Court. The Comerica/Fox Litigation must result in dismissal or a complete resolution of the Fox Case that does not result in any monetary obligations owed to [Fox] by [Gretel.] The Fox Claim must be fully liquidated, which may include some payment on the Fox Claim.

15.    This Court entered an Order in the Bankruptcy Case approving the Carve-Out Agreement on March 1, 2019, a true and correct copy of which is attached hereto as Exhibit 5 and incorporated herein by this reference.

16.    In reliance on Gretel's agreement to waive and release her purported liens on the Whittier Properties, Plaintiff rendered substantial assistance to Gretel in defending the Fox Claim and the Fox Case and incurred substantial attorney's fees and costs in the process.

17.    On March 22, 2019, Plaintiff commenced an adversary proceeding in the Bankruptcy Case styled Comerica Bank v. The Law Firm of Fox and Fox and assigned Case Number 2:19-ap-01081-BR ("Fox Adversary Proceeding"). In the Fox Adversary Proceeding, Plaintiff sought (among other relief) a judicial determination that the Fox Liens would be invalid by operation of California's

HEMAR, ROUSSO & HEALD, LLP
15910 VENTURA BOULEVARD, 12TH FLOOR
ENCINO, CA  91436
(818) 501-3800

4

so-called one action rule insofar as Fox obtained a money judgment against Gretel in the Fox Case for the same indebtedness purportedly secured by the Fox Liens.

18.     Had Plaintiff not brought this issue to Fox's attention, Fox would have proceeded with the Fox Case and likely obtained a money judgment against Gretel therein, thereby waiving the Fox Liens as a matter of law. The Fox Liens, to the extent they are valid liens against the Whittier Properties, are senior in priority to Plaintiff's judgment liens against the Whittier Properties, so Plaintiff would have benefitted from Fox obtaining a judgment against Gretel in the Fox Case and thereby waiving the Fox Liens.

19.     Plaintiff also worked closely with Gretel's counsel in the Fox Case over many months, including with respect to Gretel's efforts to obtain a stay of the Fox Case pending resolution of the Fox Adversary Proceeding. Plaintiff also authored an "amicus" mediation brief and attended an approximately 10-hour mediation of the disputes in the Fox Case in June 2019, wherein Plaintiff advocated on Gretel's behalf.

20.     Notwithstanding Plaintiff's substantial efforts on Gretel's behalf, Gretel on June 18, 2019, filed a Limited Objection to the Trustee's Motion for Order Authorizing Sale of the Carnell Property, wherein she contended that she "is not obligated to release the Gretel Abstract … [b]ecause Comerica has failed to abide by the terms of the Carve-Out Agreement" as described in paragraph 14 hereof. In so doing, Gretel repudiated the Carve-Out Agreement without just cause.

21.     On June 25, 2019, the Trustee and Gretel entered into a Stipulation Re: Withdrawal of Abstract of Judgment and Release of Lien ("Withdrawal Stipulation"), which states that "Gretel's liens, claims, and interests, if any, against the Carnell Property shall attach to the proceeds from the sale of the Carnell Property" and authorizes the Trustee to record the Release. Notably, the Withdrawal Stipulation does not provide for Gretel to retain any lien against the Mar Vista Property following recordation of the Release. A true and correct copy of the Withdrawal Stipulation is attached hereto as Exhibit 6 and incorporated herein by this reference.

22.     The Trustee filed the Release in the Bankruptcy Case on July 2, 2019. A true and correct copy of the Release, as filed in the Bankruptcy Case, is attached hereto as Exhibit 7 and incorporated herein by this reference.

HEMAR, ROUSSO & HEALD, LLP
15910 VENTURA BOULEVARD, 12TH FLOOR
ENCINO, CA 91436
(818) 501-3800

5

23.     On July 11, 2019, this Court entered an Order in the Bankruptcy Case approving the Trustee's sale of the Carnell Property free and clear of all interests pursuant to 11 U.S.C. § 363(f), with such interests to attach to the Carnell Property Proceeds with the same validity, priority, and extent as they enjoyed with respect to the Carnell Property. The Carnell Property Proceeds remain property of the Bankruptcy Estate, as does the Mar Vista Property.

24.     On or about October 31, 2019, Gretel and Fox entered into a Settlement, Release and Indemnification Agreement ("Fox/Gretel Settlement Agreement"). The Fox/Gretel Settlement Agreement reflects that Gretel owed Fox $801,665.98 as of September 17, 2019, for attorney's fees incurred in the Dissolution Action and three other State Court actions in which Fox represented Gretel. In the Fox/Gretel Settlement Agreement, Fox released Gretel from any liability for these attorney fees and agreed to dismiss the Fox Case with prejudice. In exchange, Gretel assigned to Fox all of her interest and rights in the Bankruptcy Case, including by virtue of the Gretel Abstract and the Gretel Claim. Notably, the Fox/Gretel Settlement Agreement did not require Gretel to pay any money to Fox. A true and correct copy of the Fox/Gretel Settlement Agreement is attached hereto as Exhibit 8 and incorporated herein by this reference.

25.     In connection with the Fox/Gretel Settlement Agreement, Gretel, individually and as co-Trustee of the Gonzales Family Trust, executed an Irrevocable Assignment of Interest in Trust/Estate of even date in Fox's favor ("Fox/Gretel Assignment"), a true and correct copy of which is attached hereto as Exhibit 9 and incorporated herein by this reference.

26.     The Fox/Gretel Settlement Agreement was the direct product of Plaintiff's substantial assistance to Gretel in defending the Fox Claim and the Fox Case as set forth herein. Plaintiff fully complied with its obligations under the Carve-Out Agreement and Plaintiff's efforts resulted in a resolution of Gretel's disputes with Fox which did not require Gretel to pay anything to Fox.

FIRST CLAIM FOR RELIEF

(For Determination of Lien Validity)

27.     Plaintiff reiterates and incorporates by reference the allegations set forth in paragraphs 1-26, inclusive, as though set forth in full herein.

28.     Recordation of the Gretel Abstract in the Official Records did not create a lien against

HEMAR, ROUSSO & HEALD, LLP
15910 VENTURA BOULEVARD, 12TH FLOOR
ENCINO, CA 91436
(818) 501-3800

the Whittier Properties because the Gretel Abstract did not meet the requirements of California Code of Civil Procedure section 674 and California Family Code section 4506. The Gretel Abstract (a) incorrectly states Debtor's name as William Benjamin Gonzales; (b) does not state Debtor's Driver's License Number; and (c) does not state Gretel's address.[1]

29.    Even if recordation of the Gretel Abstract in the Official Records created a lien against the Whittier Properties, Gretel waived and released any liens on the Whittier Properties in her favor, including by virtue of the Gretel Abstract, pursuant to the Carve-Out Agreement, the Release, and the Withdrawal Stipulation.

30.    In reliance on Gretel's agreement to waive and release her liens on the Whittier Properties, Plaintiff took substantial steps and incurred substantial attorney's fees to assist Gretel in defending the Fox Claim and the Fox Case. The Fox/Gretel Settlement Agreement was the direct result of Plaintiff's efforts and resulted in the "complete resolution of the Fox Case [without Gretel owing] any monetary obligation" to Fox, as contemplated by the Carve-Out Agreement.

## SECOND CLAIM FOR RELIEF

### (For Objection to Claim)

31.    Plaintiff reiterates and incorporates by reference the allegations set forth in paragraphs 1-30, inclusive, as though set forth in full herein.

32.    Plaintiff hereby objects to the Gretel Claim. The Gretel Claim is unenforceable against Debtor and property of the Debtor insofar as the Gretel Claim must be reduced, under principles of offset or otherwise, to reflect Gretel's receipt and retention of rents from the Carnell Property and proceeds from the sale of the Costa Rica Properties, all of which were and are community property of Gretel and Debtor and therefore property of the Bankruptcy Estate.

## THIRD CLAIM FOR RELIEF

### (For Breach of Contract)

33.    Plaintiff reiterates and incorporates by reference the allegations set forth in paragraphs 1-32, inclusive, as though set forth in full herein.

---

[1] Plaintiff is informed and believes, and thereon alleges, that Gretel knew Debtor's Driver's License Number at the time she applied for the Gretel Abstract.

HEMAR, ROUSSO & HEALD, LLP
15910 VENTURA BOULEVARD, 12TH FLOOR
ENCINO, CA 91436
(818) 501-3800

34.    The Carve-Out Agreement is a valid and binding contract between Plaintiff and Gretel.

35.    Plaintiff fully performed its obligations to Gretel under the Carve-Out Agreement, except insofar as Plaintiff's performance of such obligations was excused or prevented as a result of Gretel's conduct. Specifically, Plaintiff provided substantial assistance to Gretel in defending the Fox Claim and the Fox Case, resulting in the "complete resolution of the Fox Case [without Gretel owing] any monetary obligation" to Fox, as contemplated by the Carve-Out Agreement.

36.    Gretel breached the Carve-Out Agreement insofar as Gretel has failed and refused to release her alleged liens on the Whittier Properties.

37.    Plaintiff has sustained and will continue to sustain damages as a result of Gretel's breaches of the Carve-Out Agreement.

38.    Fox, via the Fox/Gretel Settlement Agreement and the Fox/Gretel Assignment, voluntarily accepted the benefits of Gretel's rights and interests in the Bankruptcy Case. Fox thereby consented to all the obligations arising therefrom, including Gretel's obligations to Plaintiff under the Carve-Out Agreement, insofar as Fox knew or should have known about such obligations. Fox as the purported successor in interest by assignment to Gretel, is therefore liable for Plaintiff's damages sustained as a result of Gretel's breaches of the Carve-Out Agreement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against Fox as follows:

## AS TO THE FIRST CLAIM FOR RELIEF

1.    For a judgment determining that the recordation of the Gretel Abstract in the Official Records did not create a lien against the Whittier Properties or, alternatively, that Gretel waived and released any liens on the Whittier Properties in her favor, including under the Gretel Abstract, in either case such that Fox as successor in interest by assignment to Gretel does not hold a valid lien on the Mar Vista Property or the Carnell Property Proceeds.

## AS TO THE SECOND CLAIM FOR RELIEF

1.    For a judgment disallowing the Gretel Claim insofar as Gretel received rents from the Carnell Property and proceeds from the sale of the Costa Rica Properties and did not turn over said rents and sale proceeds to the Bankruptcy Estate, all in amounts to be determined according to proof.

8

HEMAR, ROUSSO & HEALD, LLP
15910 VENTURA BOULEVARD, 12TH FLOOR
ENCINO, CA  91436
(818) 501-3800

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HEMAR, ROUSSO & HEALD, LLP
15910 VENTURA BOULEVARD, 12TH FLOOR
ENCINO, CA  91436
(818) 501-3800

### AS TO THE THIRD CLAIM FOR RELIEF

1.    For damages arising from Gretel's breaches of the Carve-Out Agreement or, alternatively, for restitution of benefits conferred by Plaintiff on Gretel in connection with the Carve-Out Agreement, in each case including (without limitation) attorney fees and costs incurred by Plaintiff to assist Gretel in defending the Fox Claim and the Fox Case, all in amounts to be determined according to proof.

### AS TO ALL CLAIMS FOR RELIEF

1.    For Plaintiff's costs of suit incurred herein.

2.    For such other and further relief as the Court may deem just and proper.

DATED:  March 16, 2020            HEMAR, ROUSSO & HEALD, LLP


                                 BY:    /s/ Christopher D. Crowell
                                        Christopher D. Crowell
                                 Attorneys for Plaintiff COMERICA BANK

# EXHIBIT 1



**This page is part of your document - DO NOT DISCARD**

## 20160183748





**Pages:**
**0003**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**02/19/16 AT 01:36PM**

| | |
|---|---|
| FEES: | 30.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 30.00 |



**L E A D S H E E T**



**201602193310025**

**00011735724**



**007391539**

**SEQ:**
**01**

**DAR - Counter (Upfront Scan)**



**THIS FORM IS NOT TO BE DUPLICATED**

E535543

RECORDING REQUESTED BY

The Law Firm Of Fox & Fox

**WHEN RECORDED MAIL TO**

NAME Frank O. Fox
C/O Law Firm Of Fox & Fox

MAILING 4262 Wilshire Bl. 3rd Flr. LA., Ca
90010

CITY, STATE, ZIP CODE
LA., CA  90010

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

## TITLE

Abstract Of Support Judgement

FL-480

ATTORNEY OR PARTY WITHOUT ATTORNEY (name, address, and State Bar number).
After recording, return to:
THE LAW FIRM OF FOX AND FOX
FRANK O. FOX - STATE BAR NO. 117780
4262 WILSHIRE BOULEVARD, THIRD FLOOR
LOS ANGELES, CA 90010-3505

TEL NO: (323)937-4422 FAX NO. (optional): (323)937
E-MAIL ADDRESS (optional): FRANK@FOXANDFOX.CO

| X | ATTORNEY FOR | | JUDGMENT CREDITOR | | ASSIGNEE OF RECORD |
GRETEL

RECEIVED – CENTRAL
FAMILY LAW CLERK'S OFFICE

FEB 02 2016

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 NORTH HILL STREET
MAILING ADDRESS:
CITY AND ZIP CODE: LOS ANGELES, 90012
BRANCH NAME: CENTRAL DISTRICT

PETITIONER/PLAINTIFF: GRETEL A. GONZALES

RESPONDENT/DEFENDANT: BENJAMIN GONZALES

FOR RECORDER'S USE ONLY

CASE NUMBER:
BD 616 423

FOR COURT USE ONLY

### ABSTRACT OF SUPPORT JUDGMENT

1. The [X] original judgment creditor [ ] assignee of record
applies for an abstract of a support judgment and represents the following:
a. Judgment debtor's
name and last known address
WILLIAM BENJAMIN GONZALES
14930 MAR VISTA STREET
WHITTIER, CA 90605

b. Driver's license no. and state:                          [X] Unknown
c. Social security number [last four digits]: 1518          [ ] Unknown
d. Birthdate: FEBRUARY 20, 1962                              [ ] Unknown
Date: JANUARY 28, 2016

FRANK O. FOX-THE LAW FIRM OF FOX AND FOX
(TYPE OR PRINT NAME)                                         (SIGNATURE OF APPLICANT OR ATTORNEY)

2. I CERTIFY that the judgment entered in this action contains an order for payment of spousal, family, or child support.

3. Judgment creditor (name): GRETEL GONZALES

whose address appears on this form above the court's name.

4. [ ] The support is ordered to be paid to the following county officer (name and address):

5. Judgment debtor (full name as it appears in judgment):
WILLIAM BENJAMIN GONZALES

6. a. A judgment was entered on (date): JANUARY 12, 2016
b. Renewal was entered on (date):
c. Renewal was entered on (date):

7. [ ] An execution lien is endorsed on the judgment as follows:
a. Amount: $
b. In favor of (name and address):

8. A stay of enforcement has
a. [X] not been ordered by the court.
b. [ ] been ordered by the court effective until (date):

9. [ ] This is an installment judgment.

[SEAL]

This abstract issued on (date): FEB 02 2016

Clerk, by _____, Deputy
SHERRI R. CARTER

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
FL-480 [Rev. January 1, 2015]

### ABSTRACT OF SUPPORT JUDGMENT

Legal Solutions Plus

Code of Civil Procedure, §§ 488.480, 674,
697.320, 700.190
www.courts.ca.gov

# EXHIBIT 2

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| James R. Selth - Bar #123420<br>Elaine V. Nguyen - Bar #256432<br>WEINTRAUB & SELTH, APC<br>11766 Wilshire Boulevard, Suite 1170<br>Los Angeles, CA 90025<br><br>Telephone: (310) 207-1494<br>Facsimile: (310) 442-0660<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for Debtor* | |

## UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| In re:<br>BENJAMIN W. GONZALES<br><br><br><br>Debtor(s) | CASE NO.: 2:17-bk-23812-BR<br>CHAPTER: 7<br><br>**SUMMARY OF AMENDED SCHEDULES, MASTER MAILING LIST, AND/OR STATEMENTS**<br>**[LBR 1007-1(c)]** |
|---|---|

A filing fee is required to amend Schedules D or E/F (see Abbreviated Fee Schedule on the Court's website www.cacb.uscourts.gov). A supplemental master mailing list (do not repeat any creditors on the original) is required as an attachment if creditors are being added to the Schedule D or E/F.
Are one or more creditors being added? ☒ Yes ☐ No

The following schedules, master mailing list or statements (check all that apply) are being amended:

☒ Schedule A/B    ☐ Schedule C    ☒ Schedule D    ☐ Schedule E/F    ☐ Schedule G
☒ Schedule H    ☐ Schedule I    ☐ Schedule J    ☐ Schedule J-2    ☒ Statement of Financial Affairs
☐ Statement About Your Social Security Numbers    ☐ Statement of Intention    ☐ Master Mailing List
☐ Other (*specify*) _____

I/we declare under penalty of perjury under the laws of the United States that the amended schedules, master mailing list, and or statements are true and correct.

Date: 01/22/2018

_____
Debtor 1 Signature

_____
Debtor 2 (Joint Debtor) Signature (if applicable)

***NOTE***: It is the responsibility of the Debtor, or the Debtor's attorney, to serve copies of all amendments on all creditors listed in this Summary of Amended Schedules, Master Mailing List, and/or Statements, and to complete and file the attached Proof of Service of Document.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California

*December 2015*    Page 1    **F 1007-1.1.AMENDED.SUMMARY**

Fill in this information to identify your case and this filing:

| | | | |
|---|---|---|---|
| Debtor 1 | **Benjamin W Gonzales** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA

Case number    **2:17-bk-23812-BR**                                          ☑ Check if this is an amended filing

Official Form 106A/B

# Schedule A/B: Property                                         12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:**  Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest in

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

☐ No. Go to Part 2.

☑ Yes. Where is the property?

| | | |
|---|---|---|
| 1.1 | | |

**14930 Mar Vista St.**
Street address, if available, or other description

| | | | | |
|---|---|---|---|---|
| **Whittier** | | **CA** | **90605-0000** | |
| City | | State | ZIP Code | |

**Los Angeles**
County

**What is the property?** Check all that apply

☑ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☑ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$1,900,000.00** | **$1,900,000.00** |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

**Fee simple**

☑ Check if this is community property (see instructions)

Debtor 1    Benjamin W Gonzales                                    Case number *(if known)*   2:17-bk-23812-BR

| | | |
|---|---|---|
| 1.2 | **If you own or have more than one, list here:** | |

**14663 Carnell St.**
Street address, if available, or other description

| | | |
|---|---|---|
| **Whittier** | **CA** | **90603-0000** |
| City | State | ZIP Code |



**Los Angeles**
County

**What is the property?** Check all that apply

- ☑ Single-family home
- ☐ Duplex or multi-unit building
- ☐ Condominium or cooperative
- ☐ Manufactured or mobile home
- ☐ Land
- ☐ Investment property
- ☐ Timeshare
- ☐ Other

**Who has an interest in the property?** Check one

- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☑ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$700,000.00** | **$700,000.00** |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

**Fee Simple**

☑ **Check if this is community property** (see instructions)

---

| | |
|---|---|
| 1.3 | **If you own or have more than one, list here:** |

**"Red House" on 7 acres**
**Playas de San Francisco, Costa Rica**
Street address, if available, or other description

| | | |
|---|---|---|
| City | State | ZIP Code |



County

**What is the property?** Check all that apply

- ☑ Single-family home
- ☐ Duplex or multi-unit building
- ☐ Condominium or cooperative
- ☐ Manufactured or mobile home
- ☐ Land
- ☐ Investment property
- ☐ Timeshare
- ☐ Other

**Who has an interest in the property?** Check one

- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☑ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

**Title to property in name of separated nondebtor spouse**

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$500,000.00** | **$500,000.00** |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

☑ **Check if this is community property** (see instructions)

---

Debtor 1    **Benjamin W Gonzales**                    Case number *(if known)*    **2:17-bk-23812-BR**

---

**1.4**    If you own or have more than one, list here:

**5 acre parcel of land adjacent to "Red House"**
**Playas de San Francisco, Costa Rica**
Street address, if available, or other description

| City | State | ZIP Code |
|---|---|---|

County

**What is the property?** Check all that apply

- ☐ Single-family home
- ☐ Duplex or multi-unit building
- ☐ Condominium or cooperative
- ☐ Manufactured or mobile home
- ☑ Land
- ☐ Investment property
- ☐ Timeshare
- ☐ Other

**Who has an interest in the property?** Check one

- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☑ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

**Title to property in name of separated nondebtor spouse**

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $140,000.00 | $140,000.00 |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

☐ Check if this is community property (see instructions)

---

**1.5**    If you own or have more than one, list here:

**Small house**
**Playas de San Francisco, Costa Rica**
Street address, if available, or other description

| City | State | ZIP Code |
|---|---|---|

County

**What is the property?** Check all that apply

- ☐ Single-family home
- ☐ Duplex or multi-unit building
- ☐ Condominium or cooperative
- ☐ Manufactured or mobile home
- ☐ Land
- ☐ Investment property
- ☐ Timeshare
- ☐ Other

**Who has an interest in the property?** Check one

- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☑ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

**Title to property in name of separated nondebtor spouse (may have been sold)**

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $85,000.00 | $85,000.00 |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

☑ Check if this is community property (see instructions)

---

2.  Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here.................................................................=>    **$3,325,000.00**

**Part 2:    Describe Your Vehicles**

Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not? Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

---

# EXHIBIT 3

Fill in this information to identify the case:

| | |
|---|---|
| Debtor 1 | BENJAMIN GONZALES |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | CENTRAL District of CA (State) |
| Case number | 2:17-bk-23812 |

## Official Form 410
# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1:   Identify the Claim

**1. Who is the current creditor?**

GRETEL GONZALES
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☒ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

William T. Kermisch, Esq.
Name

12711   Ventura Blvd., Suite 200
Number   Street

Studio City        CA        91604
City        State        ZIP Code

Contact phone    818-478-1043

Contact email    william@kpsclaw.com

Where should payments to the creditor be sent? (if different)

_____
Name

_____
Number   Street

_____
City        State        ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_____

**4. Does this claim amend one already filed?**

☒ No
☐ Yes. Claim number on court claims registry (if known) _____

Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☒ No
☐ Yes. Who made the earlier filing? _____

Official Form 410                     Proof of Claim                     page 1

American LegalNet, Inc.
www.FormsWorkFlow.com


**Part 2:**  Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**
☒ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____

**7. How much is the claim?**  $ _____1,462,961.80_____ . Does this amount include interest or other charges?
☐ No
☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_unpaid court-ordered spousal support_

**9. Is all or part of the claim secured?**
☒ No
☐ Yes. The claim is secured by a lien on property.

Nature of property:
☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☐ Motor vehicle
☐ Other. Describe: _____

Basis for perfection: _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:   $ _____
Amount of the claim that is secured:   $ _____

Amount of the claim that is unsecured: $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:   $ _____

Annual Interest Rate (when case was filed) _____%
☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**
☒ No
☐ Yes. Amount necessary to cure any default as of the date of the petition.   $ _____

**11. Is this claim subject to a right of setoff?**
☒ No
☐ Yes. Identify the property: _____

American LegalNet, Inc.
www.FormsWorkFlow.com

**12.** Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No

☒ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|
| ☒ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)( _____ ) that applies. | $ _____ |

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3:  Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☒ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  02 / 09 / 2018
                   MM / DD / YYYY

Signature:  *Gretel Gonzales*

Print the name of the person who is completing and signing this claim:

| Name | Gretel | | Gonzales |
|---|---|---|---|
| | First name | Middle name | Last name |

Title

Company _____
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  28346  CAMINO DEL RIO
         Number    Street
         SAN JUAN CAPISTRANO   CA   92675
         City                  State   ZIP Code

Contact phone  562. 685.5438   Email  ggandtiki28 90L.COM

---

American LegalNet, Inc.
www.FormsWorkFlow.com

## ATTACHMENT TO PROOF OF CLAIM

Gretel Gonzales's ("Creditor's") claim against Benjamin Gonzales (the "Debtor") arises out of unpaid spousal support payments the Los Angeles County Superior Court (the "Family Law Court") ordered Debtor to pay Creditor on January 12, 2016 in case no. BD616423. On January 12, 2016, the Family Law Court ordered Debtor to pay Creditor monthly spousal support payments of $55,952.00 starting on February 1, 2016. In addition, on January 12, 2016, the Family Law Court ordered Debtor to pay Creditor spousal support retroactive to April 1, 2015 in the same monthly amount of $55,952.00. As of November 8, 2017 (the "Petition Date"), Creditor's claim against the Debtor was no less than $1,462,961.80. The entire amount of Creditor's claim is entitled to priority under 11 U.S.C. § 507(a)(1)(A).

Creditor's claim of $1,462,961.80 is calculated as follows:

| | |
|---|---|
| Principal Amount of Unpaid Spousal Support since 2/1/16 | $ 899,107.00[1] |
| Interest on Above Amount as of 11/8/17 | $ 75,444.46 |
| Principal Amount of Spousal Support Arrears predating 2/1/16 | $ 469,520.00 |
| Interest on Above Amount as of 11/8/17 | $ 18,890.41[2] |
| Total | $1,462,961.87 |

Creditor reserves the right to amend this proof of claim at any time and in any respect. Creditor attaches the following documents in support of her claim:

Exhibit 1 – January 12, 2016 Minute Order Awarding Spousal Support
Exhibit 2 – Executioner worksheet showing interest calculations as of 11/8/17.

---

[1] Takes into account credit for $331,837.00 in payments the Debtor made as of 11/8/17.

[2] Takes into account credit for $90,000 in payments the Debtor made as of 11/8/17.

# EXHIBIT 1

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| Date | 01-12-16 | | | | Dept: CE 6 |
|---|---|---|---|---|---|
| Honorable | Rolf M Treu | Judge | Gestelle Gammage | | Deputy Clerk |
| Honorable | | Judge Pro Tem | Gina Serles | | Court Assistant |
| | NONE | Deputy Sheriff | NOT REPORTED | | Reporter |

| 8:30 am | BD616423 | | |
|---|---|---|---|
| | Gretel A Gonzales (N/A) | Counsel For Petitioner: | No appearance |
| | VS. | | |
| | William Benjamin Gonzales (N/A) | Counsel For Respondent: | No appearance |

The Court notes Petitioner appears to request Respondent receive credit on spousal support payments of $9,000.00 from June, 2014. The issue was not addressed by Respondent. The Court is pointed to no factual/legal basis for this order and does not make same. If the parties had a stipulation or there was a prior order the Court was not made aware of, the parties are to discuss same in their respective positions on the Order After Hearing.

As and for additional spousal support, Respondent is ordered to maintain Petitioner as the sole beneficiary on his current existing life insurance policies, and timely pay the premiums thereon, to wit:

1. Lincoln Benefit Life (Allstate), policy #...0544, with a face value of $3,000,000.
2. Farmers Life Insurance, policy # ...685T, with a face value of $114,548.
3. Farmers Life Insurance, policy # ...2359, with a face value of $100,000.

The Court finds under Family Code section 2030:

1. An attorney fee award under Family Code section 2030 is appropriate;
2. There is a disparity in access to funds to retain counsel;
3. Respondent is able to pay for legal representation of both parties;

The Court orders Respondent to pay to Petitioner the sum of $115,730.59 (as reflected by Exhibit 29) in attorney fees and costs, payable no later than February 26, 2016. The question put to Petitioner regarding her current balance affords insufficient foundation for the higher fee amount requested, and there was no other evidence on the issue.

The attorney fee award is subject to Family Code section 2030(c).

All payments ordered herein to be deposited directly into Petitioner's checking account at Wells Fargo. The Order After Hearing to specify the account number.

Petitioner to prepare Order After Hearing.

| Moplain.doc | Page 2 of 3 | DEPT: CE 6 | MINUTES ENTERED 01-12-16 COUNTY CLERK |
|---|---|---|---|

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | | | Dept: CE 6 |
|---|---|---|---|---|
| Date | 01-12-16 | | | Deputy Clerk |
| Honorable | Rolf M Treu | Judge | Gestelle Gammage | Court Assistant |
| Honorable | | Judge Pro Tem | Gina Serles | Reporter |
| | NONE | Deputy Sheriff | NOT REPORTED | |

| | | | | |
|---|---|---|---|---|
| 8:30 am | BD616423 | | | |
| | Gretel A Gonzales (N/A) | Counsel For Petitioner: | No appearance | |
| | VS. | | | |
| | William Benjamin Gonzales (N/A) | Counsel For Respondent: | No appearance | |

NATURE OF PROCEEDINGS: RULING ON SUBMITTED MATTER

In this matter, taken under submission on December 14, 2015, the Court now makes the following findings and orders:

The Court finds Respondent's monthly income to be $112,817.00 per month and Petitioner's income to be zero. Although the August 25, 2015 filed Income and Expense Declaration reflected average monthly income to Petitioner of $3,667.00, current monthly income was listed as zero. (She was not examined on these entries.) There, however, was uncontradicted testimony from Petitioner that her payroll status on the family business, C-Pak, ended as of the spring or summer of 2015, and that she had no other source of income so the court will assume that the $3667.00 referred to an averaging of her previous C-Pak income.

The Court finds guideline spousal support based on the above to be $55,952.00 per month. This amount was requested in Petitioner's Opening Argument, filed November 20, 2015. Respondent, while disputing the amount of his income, did not dispute the accuracy of the calculation of the guideline support figure based on an income of $112,817.00 in his December 11, 2015 filed Rebuttal Brief.

The above ordered spousal support is ordered paid on the first of each month commencing February 1, 2016 until further order of this court. It is ordered retroactive to April 1, 2015, with credit to be accorded Respondent in the amount of $9,000.00 per month paid since that time through 1-31-16. Retroactivity to be paid at the rate of $10,000.00 per month on the 15th of each month, commencing February 15, 2016, until paid in full, or in the alternative in lump sum payments as Respondent may elect as long as such payments, prorated, equal the minimum $10,000.00 per month payment.

---

| | | |
|---|---|---|
| Moplain.doc | Page 1 of 3 | DEPT: CE 6 |

MINUTES ENTERED
01-12-16
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| Date | 01-12-16 | | | Dept: CE 6 |
|---|---|---|---|---|
| Honorable | Rolf M Treu | Judge | Gestelle Gammage | Deputy Clerk |
| Honorable | | Judge Pro Tem | Gina Serles | Court Assistant |
| | NONE | Deputy Sheriff | NOT REPORTED | Reporter |

| 8:30 am | BD616423 | | |
|---|---|---|---|
| | Gretel A Gonzales (N/A) | Counsel For Petitioner: | No appearance |
| | VS. | | |
| | William Benjamin Gonzales (N/A) | Counsel For Respondent: | No appearance |

Counsel shall retrieve all exhibits from department 6 no later than February 2, 2016.

All exhibits shall be kept by counsel for safekeeping pending expiration of any appeal period.

Clerk to give notice.

It is so ordered.

_____
ROLF M. TREU, JUDGE
LOS ANGELES COUNTY SUPERIOR COURT

### CERTIFICATE OF MAILING

I, Sherri R. Carter, Executive Office/Clerk of the Superior Court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order upon the parties and/or counsel named below by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered document in a separate sealed envelope to each address shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Frank O. Fox
4262 Wilshire Boulevard, Third floor
Los Angeles, California 90010-3513

Sanford L. Horn
200 South Los Robles Ave, Suite 500
Pasadena, California 91101

| Dated: 01-12-16 | Sherri R. Carter, By | Gestelle Gammage | , Deputy |
|---|---|---|---|
| | | Gestelle Gammage | |

| DEPT: CE 6 | MINUTES ENTERED 01-12-16 COUNTY CLERK |
|---|---|

# EXHIBIT 2

**Gretel Gonzales vs. William Gonzales (Respondent), Case Number BD 616 423, 1/26/2018**

### Amounts Due Now

| | |
|---|---|
| Costs: | $0.00 |
| Principal: | $899,107.00 |
| *Interest: | $75,444.46 |
| **Fam C §4722 Penalty: | $0.00 |
| | ------------ |
| Total: | $974,551.46 |

Daily interest from Wednesday, November 8, 2017 is:    $246.33

* Interest (and principal, if spousal or family support) is taxable to recipient in full in the year received, regardless of when due.
** Penalty applicable to child support payments accruing after January 1, 1992, if Notice has been properly filed and served 30 days prior to issuance of this writ.

Kermisch & Paletz LLP, Kermisch & Paletz LLP
CFLR Executioner 2017-1b(tm); 1/26/2018 2:21 PM

Case Number BD 616 423

Nov 08, 2017

Kermisch & Paletz LLP

| Date | Action | Payment Due | Payment Paid | Penalty Bal | Interest Accr | Interest Cred | Interest Bal | Principal & Costs Cred | Principal & Costs Bal |
|------|--------|------|------|------|------|------|------|------|------|
| Feb 01, 2016 | @10.00% | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Feb 01, 2016 | pmt due | 55952.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 55952.00 |
| Feb 01, 2016 | pmt | 0.00 | 20167.00 | 0.00 | 0.00 | 0.00 | 0.00 | 20167.00 | 35785.00 |
| Mar 01, 2016 | pmt due | 55952.00 | 0.00 | 0.00 | 284.32 | 0.00 | 284.32 | 0.00 | 91737.00 |
| Mar 01, 2016 | pmt | 0.00 | 20167.00 | 0.00 | 0.00 | 0.00 | 284.32 | 20167.00 | 71570.00 |
| Apr 01, 2016 | pmt due | 55952.00 | 0.00 | 0.00 | 607.85 | 0.00 | 892.17 | 0.00 | 127522.00 |
| Apr 01, 2016 | pmt | 0.00 | 20167.00 | 0.00 | 0.00 | 0.00 | 892.17 | 20167.00 | 107355.00 |
| May 01, 2016 | pmt due | 55952.00 | 0.00 | 0.00 | 882.37 | 0.00 | 1774.54 | 0.00 | 163307.00 |
| May 01, 2016 | pmt | 0.00 | 20167.00 | 0.00 | 0.00 | 0.00 | 1774.54 | 20167.00 | 143140.00 |
| Jun 01, 2016 | pmt due | 55952.00 | 0.00 | 0.00 | 1215.71 | 0.00 | 2990.25 | 0.00 | 199092.00 |
| Jun 01, 2016 | pmt | 0.00 | 20167.00 | 0.00 | 0.00 | 0.00 | 2990.25 | 20167.00 | 178925.00 |
| Jul 01, 2016 | pmt due | 55952.00 | 0.00 | 0.00 | 1470.62 | 0.00 | 4460.87 | 0.00 | 234877.00 |
| Jul 01, 2016 | pmt | 0.00 | 20167.00 | 0.00 | 0.00 | 0.00 | 4460.87 | 20167.00 | 214710.00 |
| Aug 01, 2016 | pmt due | 55952.00 | 0.00 | 0.00 | 1823.56 | 0.00 | 6284.43 | 0.00 | 270662.00 |
| Aug 01, 2016 | pmt | 0.00 | 20167.00 | 0.00 | 0.00 | 0.00 | 6284.43 | 20167.00 | 250495.00 |
| Sep 01, 2016 | pmt due | 55952.00 | 0.00 | 0.00 | 2127.49 | 0.00 | 8411.93 | 0.00 | 306447.00 |
| Sep 01, 2016 | pmt | 0.00 | 20167.00 | 0.00 | 0.00 | 0.00 | 8411.93 | 20167.00 | 286280.00 |
| Oct 01, 2016 | pmt due | 55952.00 | 0.00 | 0.00 | 2352.99 | 0.00 | 10764.91 | 0.00 | 342232.00 |
| Oct 01, 2016 | pmt | 0.00 | 20167.00 | 0.00 | 0.00 | 0.00 | 10764.91 | 20167.00 | 322065.00 |
| Nov 01, 2016 | pmt due | 55952.00 | 0.00 | 0.00 | 2735.35 | 0.00 | 13500.26 | 0.00 | 378017.00 |
| Nov 01, 2016 | pmt | 0.00 | 20167.00 | 0.00 | 0.00 | 0.00 | 13500.26 | 20167.00 | 357850.00 |
| Dec 01, 2016 | pmt due | 55952.00 | 0.00 | 0.00 | 2941.23 | 0.00 | 16441.49 | 0.00 | 413802.00 |
| Dec 01, 2016 | pmt | 0.00 | 20167.00 | 0.00 | 0.00 | 0.00 | 16441.49 | 20167.00 | 393635.00 |
| Jan 01, 2017 | pmt due | 55952.00 | 0.00 | 0.00 | 3343.20 | 0.00 | 19784.69 | 0.00 | 449587.00 |
| Jan 01, 2017 | pmt | 0.00 | 10000.00 | 0.00 | 0.00 | 0.00 | 19784.69 | 10000.00 | 439587.00 |
| Feb 01, 2017 | pmt due | 55952.00 | 0.00 | 0.00 | 3733.48 | 0.00 | 23518.17 | 0.00 | 495539.00 |
| Feb 01, 2017 | pmt | 0.00 | 10000.00 | 0.00 | 0.00 | 0.00 | 23518.17 | 10000.00 | 485539.00 |
| Mar 01, 2017 | pmt due | 55952.00 | 0.00 | 0.00 | 3724.68 | 0.00 | 27242.86 | 0.00 | 541491.00 |
| Mar 01, 2017 | pmt | 0.00 | 10000.00 | 0.00 | 0.00 | 0.00 | 27242.86 | 10000.00 | 531491.00 |
| Apr 01, 2017 | pmt due | 55952.00 | 0.00 | 0.00 | 4514.03 | 0.00 | 31756.89 | 0.00 | 587443.00 |
| Apr 01, 2017 | pmt | 0.00 | 10000.00 | 0.00 | 0.00 | 0.00 | 31756.89 | 10000.00 | 577443.00 |
| May 01, 2017 | pmt due | 55952.00 | 0.00 | 0.00 | 4746.11 | 0.00 | 36503.00 | 0.00 | 633395.00 |
| May 01, 2017 | pmt | 0.00 | 10000.00 | 0.00 | 0.00 | 0.00 | 36503.00 | 10000.00 | 623395.00 |
| Jun 01, 2017 | pmt due | 55952.00 | 0.00 | 0.00 | 5294.59 | 0.00 | 41797.58 | 0.00 | 679347.00 |
| Jun 01, 2017 | pmt | 0.00 | 10000.00 | 0.00 | 0.00 | 0.00 | 41797.58 | 10000.00 | 669347.00 |
| Jul 01, 2017 | pmt due | 55952.00 | 0.00 | 0.00 | 5501.48 | 0.00 | 47299.07 | 0.00 | 725299.00 |
| Jul 01, 2017 | pmt | 0.00 | 10000.00 | 0.00 | 0.00 | 0.00 | 47299.07 | 10000.00 | 715299.00 |
| Aug 01, 2017 | pmt due | 55952.00 | 0.00 | 0.00 | 6075.14 | 0.00 | 53374.21 | 0.00 | 771251.00 |
| Aug 01, 2017 | pmt | 0.00 | 10000.00 | 0.00 | 0.00 | 0.00 | 53374.21 | 10000.00 | 761251.00 |
| Sep 01, 2017 | pmt due | 55952.00 | 0.00 | 0.00 | 6465.42 | 0.00 | 59839.63 | 0.00 | 817203.00 |
| Sep 01, 2017 | pmt | 0.00 | 10000.00 | 0.00 | 0.00 | 0.00 | 59839.63 | 10000.00 | 807203.00 |
| Oct 01, 2017 | pmt due | 55952.00 | 0.00 | 0.00 | 6634.55 | 0.00 | 66474.17 | 0.00 | 863155.00 |
| Oct 01, 2017 | pmt | 0.00 | 10000.00 | 0.00 | 0.00 | 0.00 | 66474.17 | 10000.00 | 853155.00 |
| Nov 01, 2017 | pmt due | 55952.00 | 0.00 | 0.00 | 7245.97 | 0.00 | 73720.15 | 0.00 | 909107.00 |
| Nov 01, 2017 | pmt | 0.00 | 10000.00 | 0.00 | 0.00 | 0.00 | 73720.15 | 10000.00 | 899107.00 |
| Nov 08, 2017 | appl | 0.00 | 0.00 | 0.00 | 1724.31 | 0.00 | 75444.46 | 0.00 | 899107.00 |
| Nov 08, 2017 | totals | 1230944.00 | 331837.00 | 0.00 | 75444.46 | 0.00 | 75444.46 | 331837.00 | 899107.00 |

**Gretel Gonzales vs. William Gonzales (Respondent), Case Number BD 616 423, 1/26/2018**

### Amounts Due Now

| | |
|---|---|
| Costs: | $0.00 |
| Principal: | ~~$218,000.00~~ |
| *Interest: | $18,890.41 |
| **Fam C §4722 Penalty: | $0.00 |
| | ---------- |
| Total: | ~~$236,890.41~~ |

Daily interest from Wednesday, November 8, 2017 is:    $57.53

* Interest (and principal, if spousal or family support) is taxable to recipient in full in the year received, regardless of when due.
** Penalty applicable to child support payments accruing after January 1, 1992, if Notice has been properly filed and served 30 days prior to issuance of this writ.

Kermisch & Paletz LLP, Kermisch & Paletz LLP
CFLR Executioner 2017-1b(tm); 1/26/2018 2:13 PM

# EXHIBIT 4

## Carve-Out Agreement and Release

THIS CARVE-OUT AGREEMENT AND RELEASE ("Agreement") is entered into on January  8  , 2019, ("Effective Date") by and between David M. Goodrich ("Trustee"), solely in his capacity as Chapter 7 trustee for the bankruptcy estate of Benjamin W. Gonzales ("Estate"), Comerica Bank ("Comerica"), Benjamin W. Gonzales ("Debtor"), and Gretel Gonzales ("Ms. Gonzales"), Debtor's ex-spouse. The Trustee, Comerica, the Debtor, and Ms. Gonzales are collectively referred to as the "Parties."

# I. Recitals

### The Fox Liens and Resulting Lawsuit

A.      On or about February 24, 2015, Ms. Gonzales retained The Law Firm of Fox and Fox ("Fox Firm") as her family law counsel to commence a dissolution action against Debtor in the Los Angeles Superior Court ("State Court").

B.      On February 27, 2015, the Fox Firm commenced State Court Case No. BD616423 ("Divorce Case") on Ms. Gonzales' behalf.

C.      Between February 24, 2015, and October 26, 2017, Ms. Gonzales incurred alleged attorneys' fees related to the Divorce Case.

D.      On June 30, 2015, the Fox Firm recorded a deed of trust ("First DoT") against the real property located at 14930 Mar Vista Street, Whittier, California 90605 ("Mar Vista Property") at the Los Angeles County Recorder's Office as instrument no.15-0779609 to secure an alleged debt of Ms. Gonzales in the amount of $150,000. On August 10, 2015, the Fox Firm recorded the deed of trust ("Second DoT") against the real property located at 14663 Carnell Street, Whittier, California 90603 ("Carnell Property") at the Los Angeles County Recorder's Office as instrument no. 15-973660. Collectively, the First DoT and Second DoT are referred to herein as the "First FLARPL."

E.      On February 19, 2016, the Fox Firm, on behalf Ms. Gonzales, filed an abstract of judgment at the Los Angeles County Recorder's Office as instrument no. 16-0183748 reflecting a spousal support judgment against Debtor entered on January 12, 2016 ("Gretel Abstract").

F.      On August 9, 2016, the Fox Firm recorded a deed of trust against the Mar Vista Property at the Los Angeles County Recorder's Office as instrument no. 16-940681 to secure an alleged debt of Ms. Gonzales in the amount of $250,000 ("Second FLARPL").

G.      On February 27, 2017, the Fox Firm recorded a deed of trust against the Carnell Property at the Los Angeles County Recorder's Office as instrument no. 17-0231102 to secure an alleged debt of Ms. Gonzales in the amount of $250,000 ("Third FLARPL").

H.      The First FLARPL, Second FLARPL, and Third FLARPL are collectively referred to herein as the "Fox Liens."

I.      On November 9, 2017, the Fox Firm filed a civil lawsuit against Ms. Gonzales commencing Civil Case No. BC682953 ("Fox Case"). The complaint commencing the Fox Case asserts claims for breach of contract arising from Ms. Gonzales' alleged failure to pay attorneys' fees in the Divorce Case and seeks damages in the amount of $763,330.48 ("Fox Damages").

J.       On January 5, 2018, Ms. Gonzales filed an answer disputing the Fox Damages and a cross-complaint against the Fox Firm ("Cross-Claims"). The trial in the Fox Case is currently set for March 2019.

K.       As of October 9, 2018, the Fox Firm alleges that it is owed attorneys' fees and interest in the total amount of $837,783.23 ("Fox Claim"). The Fox Claim is allegedly secured by the Properties pursuant to the Fox Liens.

## Comerica Claim

L.       On November 14, 2016, Comerica Bank ("Plaintiff") filed a complaint against Debtor, Ms. Gonzales, The Gonzales Family Trust of July 26, 1999 ("Trust"), and Debtor's affiliated business entities, commencing State Court case entitled *Comerica Bank v. C-Pak Sea Foods et al.*, Case No. BC640599 ("Comerica Case"). The complaint demanded $1,458,573.49 and alleged causes of action for breach of contract and breach of guaranty.

M.       On April 11, 2017, the State Court issued a prejudgment writ of attachment ("Writ") against all defendants.

N.       On September 28, 2018, Comerica secured a judgment against Debtor, Ms. Gonzales and the Trust in the amount of $1,120,658.30 ("Comerica Claim"). The judgment relates back to the date of the Writ. The recording of an abstract of judgment against the Properties in the amount of the Comerica Claim will result in a lien against the Properties in the amount of the Comerica Claim ("Comerica Liens").

## Bankruptcy Case

O.       On November 8, 2017, Debtor filed a voluntary petition under Chapter 7 of Title 11 of the United States Code in the Central District of California, commencing Bankruptcy Case No. 2:17-bk-23812-BR. David M. Goodrich, was appointed the Chapter 7 Trustee of the Estate.

P.       In his Schedule A/B, Debtor lists an ownership interest in: (1) the Mar Vista Property with a scheduled value of $1,900,000; and (2) the Carnell Property with a scheduled value of $700,000. According to Ms. Gonzales, a Schafer & Sons piano was located at the Mar Vista Property ("Piano") when she moved out. Recently, police reported that the Piano was stolen from the Mar Vista Property. The Piano holds substantial sentimental value to the Gonzales family. The approximate fair market value of the Piano is $3,000.

Q.       Title to the Mar Vista Property and the Carnell Property is held in the name of the Trust. Debtor and Ms. Gonzales are the sole trustees of the Trust.

R.       The Trustee seeks to sell the Properties for the benefit of creditors. To that end, the Trustee has negotiated a $100,000 carve-out from Bank of America ("BofA"), the first and second priority lienholder on the Mar Vista Property. Pursuant to the carve-out ("BofA Agreement"), BofA has also agreed to pay the 6% broker commission and all standard costs of sale, including title and escrow fees, related to the sale of the Mar Vista Property. The Trustee has sought Court-approval of the BofA Agreement.

S.       On September 4, 2018, the Trustee and Ms. Gonzales entered into a settlement agreement whereby Ms. Gonzales agreed to subordinate her priority domestic support obligation to allowed administrative expenses of the Estate pursuant to 11 U.S.C. §507(a)(1)(C) in exchange for

the release of certain claims of the Estate ("Subordination Agreement"). On November 16, 2018, the Court entered an order granting the Subordination Agreement.

T.    The Trustee recently retained Clarence Yoshikane of Pacific / Sotheby's International Realty ("Mr. Yoshikane") as real estate broker to market and sell the Carnell Property. Mr. Yoshikane has agreed to a reduced broker commission of 5%.

U.    The Trustee believes the fair market value of the Mar Vista Property is approximately $1,800,000. The Trustee believes the fair market value of the Carnell Property is approximately $600,000. The following charts reflect that the proceeds available to the various junior lienholders do not change as a result of issues of cross-collateralization. As such, there are no marshaling issues that arise based on which property sells first. Based on the above facts, the equity available to pay the Fox Firm Claim and the other secured claims are as follows:

| Total Sales Proceeds | |
|---|---|
| Mar Vista Property value | $1,800,000 |
| Carnell Property value | $  600,000 |
| **Total** | **$2,400,000** |

| Total Equity to Pay Other Liens | |
|---|---|
| Total Sales Proceeds | $2,400,000 |
| BofA First Priority Lien on Mar Vista | ($ 455,802) |
| BofA Second Priority Lien on Mar Vista | ($ 715,745) |
| PHH First Priority Lien on Carnell | ($ 126,813) |
| Costs of Sale related to Mar Vista | ($         0) – To be paid by BofA |
| 5% Commission to Carnell Broker | ($   30,000) |
| 1% Costs of Carnell Sale | ($   6,000) |
| **Total to Left to Pay Other Liens** | **$1,065,640** |

V.    To facilitate the sale of the Properties, and to ensure the Estate receives a benefit from such sales, Comerica agrees to carve-out $150,000 from the Comerica Liens for the benefit of the Estate.

W.    Comerica disputes the validity, priority, and extent of the Fox Liens. As such, Comerica has agreed to challenge, litigate, and attempt to fully liquidate the Fox Claim and alleged Fox Liens resulting therefrom. The Trustee will retain settlement authority with respect to such litigation, but the litigation must result in dismissal or resolution of Fox Case (which may include some payment on the Fox Claim) that does not result in any monetary obligations of Ms. Gonzales to the Fox Firm.

4822-2707-9810, v. 1

X.    Taking into account the carveout set forth in the BofA Agreement, the Estate will net $250,000 from the sale of the Properties.

Y.    To ensure that the Estate receives funds from sales of the Properties, the Parties enter into this global settlement providing for, *inter alia*: (1) allowance of the Comerica Claim; (2) a carve-out and assignment to the Estate of funds otherwise subject to the Comerica Liens; (3) full liquidation of the Fox Claim; (4) waiver of the Gretel Abstract; (5) consent to sales free and clear of alleged liens and encumbrances; and (6) Debtor's and Ms. Gonzales' waiver and release of their right, if any, to claim an exemption in the Properties and/or the proceeds from the sales of the Properties.

## II. SETTLEMENT TERMS

In consideration of the Recitals above and the mutual promises contained in this Agreement, and for other good and valuable consideration, the receipt and adequacy of which are acknowledged, the Parties agree, covenant, and represent as follows subject to approval by the Bankruptcy Court in Debtor's case:

1.    Incorporation of Recitals. The Parties incorporate the Recitals above as though fully set forth here, and the Recitals are made part of this Agreement.

2.    Trust Revocation. With respect to the Properties, the Trust is revoked and all real properties owned or held by the Trust constitute property of the Estate.

3.    Carve-Out by Comerica. Comerica has agreed to a carve-out and assignment to the Estate of funds otherwise subject to its Liens as follows:

      a.    The carve-out is only for the benefit of allowed administrative claims and unsecured creditors of the Estate; and

      b.    Comerica agrees to a $150,000 carve-out for the benefit of creditors of the Estate. From the carved-out funds, the Trustee will pay claims according to the priorities set forth in 11 U.S.C. § 726 and pursuant to the Subordination Agreement.

3.    Allowance of Comerica Claim. For purposes of this Agreement, the Comerica Claim shall be deemed allowed and the Comerica Liens deemed valid.

4.    Sale Free and Clear of Comerica Liens. Comerica consents to the sale of the Properties free and clear of the Comerica Liens, with such liens to attach to the sales proceeds to the extent applicable and as set forth in this Agreement.

5.    Sale Free and Clear of Disputed Liens. To the extent the Fox Liens and FH Abstract (collectively, the "Disputed Liens") are not fully liquidated and/or resolved prior to the sale of the Properties, the Trustee shall seek a sale free and clear of the Disputed Liens, with such liens to attach to the sales proceeds to the extent applicable.

6.    Abandonment of Piano. The Trustee, on behalf of the Estate, abandons the Estate's interest, if any, in the Piano pursuant to 11 U.S.C. § 554(a).

7.    Waiver and Release of Gretel Abstract and any Resulting Lien. Ms. Gonzales waives and releases any and all liens in her favor against the Properties including, but not limited to, any liens resulting from the Gretel Abstract. Concurrent with execution of this Agreement, Ms.

Gonzales shall sign and notarize the Withdrawal of Abstract of Judgment and Release of Lien ("Release"). The Trustee is authorized to cause the Release to be recorded upon both: (a) entry of an order granting this Agreement; *and* (b) dismissal or resolution of the Fox Case that results in no out of pocket costs to Ms. Gonzales.

8.    Defense of Fox Case and Liquidation of Fox Claim. Comerica shall challenge, litigate, and attempt to fully liquidate the Fox Claim and the Fox Liens allegedly resulting therefrom ("Comerica/Fox Litigation"). Comerica shall either intervene in the Fox Case as a party in interest or have its counsel associate into the Fox Case as counsel for Ms. Gonzales. The Comerica/Fox Litigation will occur in any forum required to fully liquidate the Fox Claim and Fox Liens, including the State Court. The Comerica/Fox Litigation must result in dismissal or a complete resolution of the Fox Case that does not result in any monetary obligations owed to the Fox Firm by Ms. Gonzales. The Fox Claim must be fully liquidated, which may include some payment on the Fox Claim.

9.    Trustee Cooperation. The Trustee will cooperate and provide strategic assistance to Comerica in furtherance of the Comerica/Fox Litigation. To the extent necessary or substantially beneficial, the Trustee will join Comerica's pleadings and appear at hearings related to the Comerica/Fox Litigation.

10.    Settlement Authority. The Trustee shall retain all settlement authority with respect to the Comerica/Fox Litigation. If the Trustee and Comerica reach an impasse regarding settlement, then the Trustee may file a compromise motion and Comerica may oppose the motion.

11.    Consent to Sale and Waiver of Claim of Exemption. Debtor and Ms. Gonzales, in their individual capacities and as trustees of the Trust (collectively, the Gonzales Parties"), consent to the sale of the Properties under the terms set forth herein. The Gonzales Parties waive and release their respective rights, if any, to claim exemptions in the Properties, the proceeds from the sales of the Properties, or the carve-outs.

12.    Payment from Escrow: The Parties shall provide a copy of this Agreement to the escrow companies assisting with the sales of the Properties and shall instruct each respective escrow to pay all net proceeds to the Trustee directly from the escrow account opened for each respective sale. No funds shall be disbursed on account of the proposed carve-out, the Comerica Claim, or the Disputed Liens until the sales of both Properties close, the Disputed Liens are resolved, and the Trustee determines that sufficient funds are available for the proposed carve-outs to provide a net benefit to the Estate.

13.    Trustee's Capacity. The Trustee is signing this Agreement in his capacity solely as Chapter 7 trustee of the bankruptcy estate of Debtor. Nothing contained in this Agreement shall in any way impute liability to the Trustee, personally or as a member of any professional organization or anyone acting on his behalf.

14.    Admissions. If this Agreement fails to become effective for any reason or is otherwise not fully consummated, nothing in this Agreement shall bind the Parties or constitute an admission by the Parties.

15.    Authority. The signatories to this Agreement acknowledge that they have the authority and have obtained the requisite approval to enter this Agreement and to act on behalf of and bind any

entity on whose behalf they are signing.

16.    Representation by Counsel. The Parties further represent that they have been represented by legal counsel or have had the opportunity to seek advice of legal counsel during the course of the negotiations leading to the signing of this Agreement and that they have been advised by legal counsel with respect to the meaning of this Agreement and its legal effect.

17.    No Partnership or Joint Venture: Nothing in this Agreement is intended to be construed as or to create a partnership or joint venture between the parties.

18.    Brokerage Commissions and Expenses of Sale: The Parties acknowledge that brokerage commissions and costs of sale are administrative expenses subject to allowance by the court and to be paid before distributions are made to unsecured creditors. However, BofA has agreed to pay all brokerage commissions and costs of sale related to the sale of the Mar Vista Property.

19.    Integration. This Agreement constitutes an integrated written contract expressing the entire agreement of the Parties. Other than this Agreement there is no other agreement, written or oral, express or implied, between the Parties with respect to this subject matter.

20.    Modification or Amendment. This Agreement cannot be orally modified or amended. This Agreement may be modified or amended only by a written agreement signed by all Parties.

21.    Counterparts. This Agreement may be executed in counter-parts, including facsimile and email signatures, with the same effect as if all original signatures were placed on one document and all of which together shall be one and the same agreement.

22.    Binding Agreement. This Agreement is and shall be binding upon and shall inure to the benefit of the heirs, assigns, principals, and successors of all of the Parties.

23.    Interpretive Law. This Agreement is made and entered into in the State of California and shall, in all respects be interpreted, enforced, and governed by and under the laws of the State of California and the United States Bankruptcy Code as applied in the Ninth Circuit.

24.    Ambiguities. This Agreement has been reviewed by the Parties and their respective counsel. Further, the Parties have had full opportunity to negotiate the terms and conditions of this Agreement. Accordingly, the Parties expressly waive any common-law or statutory rule of construction that ambiguities should be construed against the drafter, and agree, covenant, and represent that the language in all parts of this Agreement shall be in all cases construed as a whole, according to its fair meaning.

25.    Miscellaneous Provisions.

a.    The Parties represent that they have read this Agreement and fully understand all of its terms; that they have conferred with or had the opportunity to confer with their attorneys about this Agreement; that they have executed this Agreement without coercion or duress of any kind; and that they understand any rights that they have or may have and sign this Agreement with full knowledge of any such rights.

b.    The Parties acknowledge that, other than as expressly set forth in this Agreement, no representations, statements or promises made by the other Party, or by their respective agents or attorneys, have been relied on in entering into this Agreement.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

4822-2707-9810, v. 1

     c.    Each Party understands that the facts with respect to which this Agreement is entered into may be materially different from those the Parties now believe to be true. Each Party accepts and assumes this risk and agrees that this Agreement and the release in it shall remain in full force and effect and legally binding, notwithstanding the discovery or existence of any additional or different facts, or any claims with respect to those facts.

THE UNDERSIGNED HAVE READ THE FOREGOING AND ACCEPT AND AGREE TO THE PROVISIONS CONTAINED HEREIN, AND HEREBY EXECUTE IT, KNOWINGLY, VOLUNTARILY, AND WITH FULL UNDERSTANDING OF ITS CONSEQUENCES.

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement on the dates indicated below.

DATED: January 8, 2019

By: _____
CHAPTER 7 TRUSTEE,
DAVID GOODRICH

DATED: January __, 2019

By: *(See next page for signature)*
BARRY COHEN, as Senior Vice President
Of COMERICA BANK

DATED: January __, 2019

By: *(See next page for signature)*
BENJAMIN GONZALES, as an
individual

DATED: January __, 2019

By: *(See next page for signature)*
GRETEL GONZALES, as an
individual

4822-2707-9810, v. 1

       c.     Each Party understands that the facts with respect to which this Agreement is entered into may be materially different from those the Parties now believe to be true. Each Party accepts and assumes this risk and agrees that this Agreement and the release in it shall remain in full force and effect and legally binding, notwithstanding the discovery or existence of any additional or different facts, or any claims with respect to those facts.

THE UNDERSIGNED HAVE READ THE FOREGOING AND ACCEPT AND AGREE TO THE PROVISIONS CONTAINED HEREIN, AND HEREBY EXECUTE IT, KNOWINGLY, VOLUNTARILY, AND WITH FULL UNDERSTANDING OF ITS CONSEQUENCES.

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement on the dates indicated below.

DATED: January __, 2019

By: _(Please see previous page for signature)_
CHAPTER 7 TRUSTEE,
DAVID GOODRICH

DATED: January 7TH, 2019

By: _____
BARRY COHEN, as Senior Vice President
Of COMERICA BANK

DATED: January __, 2019

By: _(Please see next page for signature)_
BENJAMIN GONZALES, as an
individual

DATED: January __, 2019

By: _(Please see next page for signature)_
GRETEL GONZALES, as an
individual

4822-2707-9810, v. 1

       c.     Each Party understands that the facts with respect to which this Agreement is entered into may be materially different from those the Parties now believe to be true. Each Party accepts and assumes this risk and agrees that this Agreement and the release in it shall remain in full force and effect and legally binding, notwithstanding the discovery or existence of any additional or different facts, or any claims with respect to those facts.

     THE UNDERSIGNED HAVE READ THE FOREGOING AND ACCEPT AND AGREE TO THE PROVISIONS CONTAINED HEREIN, AND HEREBY EXECUTE IT, KNOWINGLY, VOLUNTARILY, AND WITH FULL UNDERSTANDING OF ITS CONSEQUENCES.

     IN WITNESS WHEREOF, the Parties hereto have executed this Agreement on the dates indicated below.

DATED: January ___, 2019

By: _____ *(See previous page for signature)*
     CHAPTER 7 TRUSTEE,
     DAVID GOODRICH

DATED: January ___, 2019

By: _____ *(See previous page for signature)*
     BARRY COHEN, as Senior Vice President
     Of COMERICA BANK

DATED: January 3 , 2019

By: _____
     BENJAMIN GONZALES, as an
     individual

DATED: January ___, 2019

By: _____ *(Please see next page for signature)*
     GRETEL GONZALES, as an
     individual

     c.    Each Party understands that the facts with respect to which this Agreement is entered into may be materially different from those the Parties now believe to be true. Each Party accepts and assumes this risk and agrees that this Agreement and the release in it shall remain in full force and effect and legally binding, notwithstanding the discovery or existence of any additional or different facts, or any claims with respect to those facts.

THE UNDERSIGNED HAVE READ THE FOREGOING AND ACCEPT AND AGREE TO THE PROVISIONS CONTAINED HEREIN, AND HEREBY EXECUTE IT, KNOWINGLY, VOLUNTARILY, AND WITH FULL UNDERSTANDING OF ITS CONSEQUENCES.

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement on the dates indicated below.

DATED: January ___, 2019

By: _*(Please see previous page for signature)*_
CHAPTER 7 TRUSTEE,
DAVID GOODRICH

DATED: January ___, 2019

By: _*(Please see previous page for signature)*_
BARRY COHEN, as Senior Vice President
Of COMERICA BANK

DATED: January ___, 2019

By: _*(Please see previous page for signature)*_
BENJAMIN GONZALES, as an
individual

DATED: January 3, 2019

By: _____
GRETEL GONZALES, as an
individual

4822-2707-9810, v. 1

DATED:  January 3 , 2019

By: _____
    BENJAMIN GONZALES, as Trustee of the The
    Gonzales Family Trust of July 26, 1999


DATED:  January __, 2019

By: _____*(See next page for signature)*_____
    GRETEL GONZALES, as Trustee of the The
    Gonzales Family Trust of July 26, 1999


APPROVED AS TO FORM:

MARSHACK HAYS LLP

By: _____
    D. EDWARD HAYS
    CHAD V. HAES
    Attorneys for DAVID GOODRICH,
    Chapter 7 Trustee for the bankruptcy estate of Benjamin Gonzales


HEMAR, ROUSSO & HEALD, LLP

By: _____*(See next page for signature)*_____
    JENNIFER WITHERELL CRASTZ
    Attorneys for COMERICA BANK


LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____*(See next page for signature)*_____
    JASMIN YANG
    Attorney for GRETEL GONZALES


WEINTRAUB & SELTH

By: _____
    JAMES R. SELTH
    Attorney for BENJAMIN GONZALES


4822-2707-9810, v. 1

DATED: January    , 2019

By: _(See previous page for signature)_
    BENJAMIN GONZALES, as Trustee of the The
    Gonzales Family Trust of July 26, 1999


DATED: January 3, 2019

By: _[signature]_
    GRETEL GONZALES, as Trustee of the The
    Gonzales Family Trust of July 26, 1999


APPROVED AS TO FORM:

MARSHACK HAYS LLP

By: _(See previous page for signature)_
    D. EDWARD HAYS
    CHAD V HAES
    Attorneys for DAVID GOODRICH,
    Chapter 7 Trustee for the bankruptcy estate of Benjamin Gonzales


HEMAR, ROUSSO & HEALD, LLP

By: _(See next page for signature)_
    JENNIFER WITHERELL CRASTZ
    Attorneys for COMERICA BANK


LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _[signature]_
    JASMIN YANG
    Attorney for GRETEL GONZALES


WEINTRAUB & SELTH

By: _(See previous page for signature)_
    JAMES R. SELTH
    Attorney for BENJAMIN GONZALES


4822-2707-9810, v. 1

Scanned by CamScanner

DATED:  January __, 2019

By: _(Please see previous page for signature)_
BENJAMIN GONZALES, as Trustee of the The
Gonzales Family Trust of July 26, 1999


DATED:  January __, 2019

By: _(Please see previous page for signature)_
GRETEL GONZALES, as Trustee of the The
Gonzales Family Trust of July 26, 1999


APPROVED AS TO FORM:

MARSHACK HAYS LLP

By: _(Please see previous page for signature)_
D. EDWARD HAYS
CHAD V. HAES
Attorneys for DAVID GOODRICH,
Chapter 7 Trustee for the bankruptcy estate of Benjamin Gonzales


HEMAR, ROUSSO & HEALD, LLP

By: _____
JENNIFER WITHERELL CRASTZ
Attorneys for COMERICA BANK


LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _(Please see previous page for signature)_
JASMIN YANG
Attorney for GRETEL GONZALES


WEINTRAUB & SELTH

By: _(Please see previous page for signature)_
JAMES R. SELTH
Attorney for BENJAMIN GONZALES


4822-2707-9810, v. 1

# EXHIBIT 5

1 | D. EDWARD HAYS, #162507
ehays@marshackhays.com
2 | CHAD V. HAES, #267221
chaes@marshackhays.com
3 | MARSHACK HAYS LLP
870 Roosevelt
4 | Irvine, California 92620-5749
Telephone: (949) 333-7777
5 | Facsimile: (949) 333-7778

6 | Attorneys for Chapter 7 Trustee,
DAVID A. GOODRICH

7

**FILED & ENTERED**

**MAR 01 2019**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY fortier    DEPUTY CLERK

8 | UNITED STATES BANKRUPTCY COURT

9 | CENTRAL DISTRICT OF CALIFORNIA- LOS ANGELES DIVISION

10

11 | In re

12 | BENJAMIN W. GONZALES,

13 | Debtor.

14

15

16

17

Case No. 2:17-bk-23812-BR

Chapter 7

ORDER GRANTING TRUSTEE'S MOTION
TO APPROVE CARVE-OUT AGREEMENT
AND COMPROMISE

[MOTION – DOCKET NO. 123]

Date:    February 12, 2019
Time:    10:00 a.m.
Ctrm:    1668

18

19 |     The Motion to Approve Compromise Between Trustee and Comerica Bank ("Comerica"),

20 | filed by David M. Goodrich, in his capacity as Chapter 7 Trustee ("Trustee") for the bankruptcy

21 | estate of Benjamin W. Gonzales, filed on January 18, 2019, as Docket No. 123 ("Motion[1]"), came on

22 | for hearing on February 12, 2019, at 10:00 a.m., the Honorable Barry Russell, presiding. The Trustee

23 | appeared by and through his counsel of record Marshack Hays LLP, by Chad V. Haes. No other

24 | appearances were made.

25 |     The Court has considered the Motion and its supporting evidence, the notice of Motion, the

26 | Law Firm of Fox and Fox's Opposition, all other pleadings and papers filed in this case, and the oral

27

28

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

1

4852-3231-6037 v 1/1239-013

1 | arguments and representations of counsel on the record at the hearing. For the reasons set forth in the

2 | Motion, and on the record, the Court enters its order as follows:

3 |     IT IS ORDERED that:

4 |     1.    The Motion is granted in its entirety;

5 |     2.    The Agreement attached as Exhibit "1" to the Motion ("Agreement") is approved;

6 | and

7 |     3.    The Trustee is authorized to take the steps necessary to consummate the Agreement

8 | set forth in the Motion.

9 |     ###

Date: March 1, 2019

Barry Russell
United States Bankruptcy Judge

4852-3231-6037 v. 1/1239-013

# EXHIBIT 6

1  D. EDWARD HAYS, #162507
   ehays@marshackhays.com
2  CHAD V. HAES, #267221
   chaes@marshackhays.com
3  MARSHACK HAYS LLP
   870 Roosevelt
4  Irvine, California 92620
   Telephone: (949) 333-7777
5  Facsimile: (949) 333-7778

6  Attorneys for Chapter 7 Trustee,
   DAVID M. GOODRICH
7

8              UNITED STATES BANKRUPTCY COURT

9        CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

10

11  In re                                    Case No. 2:17-bk-23812-BR

12  BENJAMIN W. GONZALES,                     Chapter 7

13        Debtor.                             STIPULATION BETWEEN CHAPTER 7
                                              TRUSTEE AND GRETEL GONZALES RE:
14                                            WITHDRAWAL OF ABSTRACT OF
                                              JUDGMENT AND RELEASE OF LIEN
15
                                              [NO HEARING REQUIRED]
16

17

18  TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY COURT

19  JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED

20  PARTIES:

21        This Stipulation is entered into by and between David M. Goodrich, in his capacity as

22  Chapter 7 trustee ("Trustee") for the Bankruptcy Estate ("Estate") of Benjamin W. Gonzales

23  ("Debtor"), and Gretel Gonzales ("Ms. Gonzales"), (collectively, the "Parties"), with regard to the

24  following:

25                            **RECITALS**

26        A.      On or about February 24, 2015, Ms. Gonzales retained The Law Firm of Fox and

27  Fox ("Fox Firm") as her family law counsel to commence a dissolution action against Debtor in

28  the Los Angeles Superior Court ("State Court").

                              1
             STIPULATION RE: WITHDRAWAL OF ABSTRACT
290808v1/1413-001

1      B.      On February 27, 2015, the Fox Firm commenced State Court Case No. BD616423

2  ("Divorce Case") on Ms. Gonzales' behalf.

3      C.      Between February 24, 2015, and October 26, 2017, Ms. Gonzales incurred alleged

4  attorneys' fees related to the Divorce Case.

5      D.      On February 19, 2016, the Fox Firm, on behalf Ms. Gonzales, filed an abstract of

6  judgment at the Los Angeles County Recorder's Office as instrument no. 16-0183748 reflecting a

7  spousal support judgment against Debtor entered on January 12, 2016 ("Abstract").

8      E.      On November 9, 2017, the Fox Firm filed a civil lawsuit against Ms. Gonzales

9  commencing Civil Case No. BC682953 ("Fox Case"). The complaint commencing the Fox Case

10  asserts claims for breach of contract arising from Ms. Gonzales' alleged failure to pay attorneys'

11  fees in the Divorce Case and seeks damages in the amount of $763,330.48.

12      F.      On November 8, 2017, Debtor filed a voluntary petition under Chapter 7 of Title 11

13  of the United States Code in the Central District of California, commencing Bankruptcy Case No.

14  2:17-bk-23812-BR. David M. Goodrich, was appointed the Chapter 7 Trustee of the Estate.

15      G.      In his Schedule A, Debtor lists an ownership interest in the real property located at

16  14663 Carnell Street, Whittier, California 90603 ("Carnell Property").

17      H.      In his Amended Schedules E/F, Debtor lists Ms. Gonzales as a priority unsecured

18  creditor with a "domestic support obligation" claim in the amount of $1,471,581. Debtor lists the

19  debt owed to Ms. Gonzales as "disputed."

20      I.      On March 5, 2018, Ms. Gonzales filed proof of claim no. 4-1 in the amount of

21  $1,462,961.80 ("DSO Claim") for "unpaid court-ordered spousal support."

22      J.      On or around January 8, 2019, the Trustee, Ms. Gonzales, Debtor, and Comerica

23  Bank ("Comerica") entered into a carve-out agreement and release ("Agreement"). The Agreement

24  provides, *inter alia*, that: (1) Comerica shall carve out and assign $150,000 to the Estate from the

25  sale of the Carnell Property and one other real property (collectively, the "Properties");

26  (2) Comerica and Ms. Gonzales consent to the sale of the Properties; and (3) Ms. Gonzales waives

27  and releases any and all liens in her favor against the Properties including, any liens resulting from

28  the Abstract.

STIPULATION RE: WITHDRAWAL OF ABSTRACT

290808v1/1413-001

1    K.    Concurrent with the Agreement, Ms. Gonzales executed a withdrawal of abstract of

2 judgment and release of lien ("Withdrawal"). However, the Agreement provides that the

3 Withdrawal may be recorded by the Trustee only upon both: (a) entry of an order granting the

4 Agreement; *and* (b) dismissal or resolution of the Fox Case that results in no out of pocket costs to

5 Ms. Gonzales.

6    A.    On March 1, 2019, the Court entered an order approving the Agreement.

7    B.    On June 11, 2019, the Trustee filed a motion for authority to sell the Carnell

8 Property free and clear of liens, claims, and interests ("Sale Motion").

9    C.    On June 18, 2019, Ms. Gonzales filed a limited objection to the Sale Motion in

10 which Ms. Gonzales consents to the sale, but argues that her alleged lien must attach to the sale

11 proceeds. Ms. Gonzales also argues that she is not required to release the Abstract because

12 Comerica breached its promise to resolve Fox Case with no out of pocket costs to Ms. Gonzales.[1]

13 As such, Ms. Gonzales objects to the Trustee's recordation of the Withdrawal.

14    D.    In an effort to facilitate the sale of the Carnell Property, the Parties agree that Ms.

15 Gonzales' liens, claims, and interests, if any, against the Carnell Property shall attach to the

16 proceeds from the sale of the Carnell Property. In exchange, Ms. Gonzales consents to: (1) the sale

17 of the Carnell Property; and (2) the Trustee's immediate recordation of the Withdrawal.

18    **STIPULATION**

19    NOW, THE PARTIES STIPULATE AS FOLLOWS:

20    1.    Ms. Gonzales' liens, claims, and interests, if any, against the Carnell Property shall

21 attach to the proceeds from the sale of the Carnell Property;

22    2.    The Trustee may record the Withdrawal;

23    3.    The Parties reserve all rights, claims, and defenses; and

24    4.    This Stipulation may be executed by facsimile or electronic signature and in any

25 number of counterparts and by the different parties on separate counterparts. Each such counterpart

26

27 _____

28 [1] The Trustee takes no position with respect to any dispute between Ms. Gonzales and Comerica.

3

STIPULATION RE: WITHDRAWAL OF ABSTRACT

290808v1/1413-001

1   shall be deemed an original, but all such counterparts together shall constitute one and the same

2   Stipulation.

3

4   Dated: June 25 , 2019                    MARSHACK HAYS LLP

5

6                                           By: /s/ Chad V. Haes

7                                               D. EDWARD HAYS
                                                CHAD V. HAES
                                                Attorneys for Chapter 7 Trustee,
8                                               DAVID M. GOODRICH

9

10  Dated: June 25 , 2019                    LEWIS BRISBOIS BISGAARD &
                                            SMITH LLP
11

12                                          By:

13                                              JASMIN YANG
                                                Attorneys for Creditor,
14                                              GRETEL GONZALES

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION RE; WITHDRAWAL OF ABSTRACT

290808v1/1413-001

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled (*specify*): **STIPULATION BETWEEN CHAPTER 7 TRUSTEE AND GRETEL GONZALES RE: WITHDRAWAL OF ABSTRACT OF JUDGMENT AND RELEASE OF LIEN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **June 25, 2019**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On **June 25, 2019**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

| **DEBTOR** | **ATTORNEYS FOR CREDITOR THE LAW** |
|---|---|
| BENJAMIN W GONZALES | **FIRM OF FOX AND FOX** |
| P.O. BOX 1530 | FRANK O. FOX |
| LOS ANGELES, CA 90001-0530 | THE LAW FIRM OF FOX AND FOX |
|  | 4262 WILSHIRE BLVD., THIRD FLOOR |
|  | LOS ANGELES, CA 90010--3505 |

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **June 25, 2019**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY**
PRESIDING JUDGE'S COPY
Bankruptcy Judge Barry Russell
United States Bankruptcy Court, Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1660 / Courtroom 1668
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 25, 2019 | Chanel Mendoza | /s/ Chanel Mendoza |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

June 2012
4843-0409-8694, v. 1

1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF): CON'T**

- CREDITOR BMW BANK OF NORTH AMERICA, C/O AIS PORTFOLIO SERVICES, LP: Bhagwati Barot    bbarot@aissolution.com
- ATTORNEY FOR COMERICA BANK: Jennifer Witherell Crastz    jcrastz@hrhlaw.com
- CREDITOR COMERICA BANK: Christopher D Crowell    ccrowell@hrhlaw.com
- INTERESTED PARTY: Howard M Ehrenberg    hehrenberg@sulmeyerlaw.com, hehrenberg@ecf.inforuptcy.com;mviramontes@ecf.inforuptcy.com
- INTERESTED PARTY: Andy J Epstein    taxcpaesq@gmail.com
- **TRUSTEE:** David M Goodrich (TR)    dgoodrich@wgllp.com, c143@ecfcbis.com;dgoodrich11@ecf.epiqsystems.com;lrobles@wgllp.com
- **ATTORNEY FOR TRUSTEE:** Chad V Haes    chaes@marshackhays.com, 8649808420@filings.docketbird.com
- **ATTORNEY FOR TRUSTEE:** D Edward Hays    ehays@marshackhays.com, 8649808420@filings.docketbird.com
- Sam S Leslie    admin@leaaccountancy.com
- **ATTORNEY FOR TRUSTEE:** Laila Masud    lmasud@marshackhays.com, 8649808420@filings.docketbird.com
- **ATTORNEY FOR DEBTOR AND INTERESTED PARTY:** James R Selth    jim@wsrlaw.net, jselth@yahoo.com;brian@wsrlaw.net;vinnet@ecf.inforuptcy.com
- INTERESTED PARTY: Valerie Smith    claims@recoverycorp.com
- **U.S. TRUSTEE:** United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- **DEBTOR BENJAMIN W. GONZALES:** Daniel J Weintraub    dan@wsrlaw.net, vinnet@ecf.inforuptcy.com;brian@wsrlaw.net
- INTERESTED PARTY AND CREDITOR BONIAL & ASSOCIATES, P.C.: Gilbert R Yabes    ecfcacb@aldridgepite.com, GRY@ecf.inforuptcy.com;gyabes@aldridgepite.com
- **CREDITOR GRETEL GONZALES:** Jasmin Yang    Jasmin.Yang@lewisbrisbois.com, Cheryl.Scranton@lewisbrisbois.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

*June 2012*
4843-0409-8694, v. 1

# EXHIBIT 7

1    D. EDWARD HAYS, #162507
     ehays@marshackhays.com
2    CHAD V. HAES, #267221
     chaes@marshackhays.com
3    MARSHACK HAYS LLP
     870 Roosevelt
4    Irvine, California 92620
     Telephone: (949) 333-7777
5    Facsimile: (949) 333-7778

6    Attorneys for Chapter 7 Trustee,
     DAVID M. GOODRICH

7

8                    UNITED STATES BANKRUPTCY COURT

9          CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

10   In re                                    Case No. 2:17-bk-23812-BR

11   BENJAMIN W. GONZALES,                    Chapter 7

12          Debtor.                           WITHDRAWAL OF ABSTRACT OF
                                              JUDGMENT AND RELEASE OF LIEN
13
                                              [NO HEARING REQUIRED]
14

15          Gretel Gonzales ("Ms. Gonzales") recorded an abstract of judgment on February 19, 2016, as

16   Document Number 20160183748 ("Abstract"). The Abstract allegedly results in liens ("Liens") against

17   the real properties commonly known as:

18       •   14930 Mar Vista Street, Whittier, California 90605 (APN 8149-030-005); and

19       •   14663 Carnell Street, Whittier, California 90603 (APN 8150-017-016),

20   and legally described in the legal descriptions attached as **Exhibit 1**.

21          The Abstract was recorded pursuant to a spousal support judgment against Chapter 7 debtor,

22   Benjamin W. Gonzales, entered on January 12, 2016. A true and correct copy of the Abstract is attached

23   as **Exhibit 2**.

24          On January 3, 2019, Ms. Gonzales and David M. Goodrich, in his capacity as Chapter 7 Trustee

25   for the bankruptcy estate of Benjamin W. Gonzales, among others, entered into a carve-out agreement

26   and release ("Agreement") whereby Ms. Gonzales agreed to, *inter alia*, withdraw the Abstract and

27   release the Liens in their entirety.

28   / / /

1    12.    On August 9, 2016, the Fox Firm recorded a deed of trust against the Mar Vista Property

2    at the Los Angeles County Recorder's Office as instrument no. 16-940681 to secure an alleged debt in the

3    amount of $250,000.

4    13.    On February 27, 2017, the Fox Firm recorded a deed of trust against the Carnell Property

5    at the Los Angeles County Recorder's Office as instrument no. 17-0231102 to secure an alleged debt of

6    Ms. Gonzales in the amount of $250,000.

7    14.    On November 9, 2017, the Fox Firm filed a civil lawsuit against me commencing Civil

8    Case No. BC682953 ("Fox Case"). The complaint commencing the Fox Case seeks damages in the

9    amount of $763,330.48 ("Fox Damages").

10    15.    On January 5, 2018, I filed an answer disputing the Fox Damages and a cross-complaint

11    against the Fox Firm. The trial in the Fox Case is currently set for March 2019.

12    16.    As of October 9, 2018, the Fox Firm alleges that it is owed attorneys' fees and interest

13    in the total amount of $837,783.23 ("Fox Claim"). The Fox Claim is allegedly secured by the

14    Properties pursuant to the Fox Liens.

15    17.    A Schafer & Sons piano was located at the Mar Vista Property ("Piano") when I

16    moved out. Recently, police reported that the Piano was stolen from the Mar Vista Property. The

17    Piano holds substantial sentimental value to my family. The approximate fair market value of the

18    Piano is $3,000.

19    I declare under penalty of perjury that the foregoing is true and correct. Executed on

20    01·15·19.

21    GRETEL GONZALES

22

23

24

25

26

27

28

1    Pursuant to the Agreement, Ms. Gonzales hereby withdraws the Abstract and releases the Liens

2    in their entirety.

3

4    Dated: January 15th, 2019

5

6                                    GRETEL GONZALES

7

8    A notary public or other officer completing this certificate verifies only the identity of the

9    individual who signed the document to which this certificate is attached, and not the

10    truthfulness, accuracy, or validity of that document.

11

12    STATE OF CALIFORNIA                )
                                         )
13    COUNTY OF LOS ANGELES              )

14    On January 15th, 2019, before me, John Restrepo , Notary Public, personally appeared

15    Gretel Gonzales , who proved to me on the basis of satisfactory evidence to be the
      person(s) whose name is subscribed to the within instrument and acknowledged to me that he/she/they

16    executed the same in his/her/their authorized capacity, and that by his/her/their signature on the
      instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

17

18    I certify UNDER PENALTY OF PERJURY under the laws of the State of California that the foregoing
      paragraph is true and correct.

19
      WITNESS my hand and official seal.
20

21                                    Signature

22    (seal)

23

24

25

26

27

28

Exhibit "1"

Order Number: **O-SA-5647521**
Page Number: 7

### LEGAL DESCRIPTION

Real property in the City of Whittier, County of Los Angeles, State of California, described as follows:

THE NORTHWESTERLY 135 FEET OF LOT 13 OF TRACT 11571, IN THE CITY OF WHITTIER, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 243 PAGES 27 TO 29 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM THE SOUTHWESTERLY 185 FEET MEASURED ALONG THE NORTHWESTERLY LINE OF SAID LOT.

APN: 8149-030-005

**Exhibit "1"**
**Page 4**

Order Number: **O-SA-5665854**
Page Number: 6

**LEGAL DESCRIPTION**

Real property in the City of Whittier, County of Los Angeles, State of California, described as follows:

LOT 151 OF TRACT NO. 16722, IN THE CITY OF WHITTIER, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 389, PAGE(S) 29 TO 31 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

APN: 8150-017-016

**Exhibit "1"**
**Page 5**

# Exhibit "2"

**This page is part of your document - DO NOT DISCARD**



## 20160183748



**Pages:**
**0003**



Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**02/19/16 AT 01:36PM**

| | |
|---|---|
| FEES: | 30.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 30.00 |



**L E A D S H E E T**



**201602193310025**

**00011735724**



**007391539**

**SEQ:**
**01**

DAR - Counter (Upfront Scan)



**THIS FORM IS NOT TO BE DUPLICATED**

*E535543*

*Description: Los Angeles,CA Document - Year.DocID 2016.183748 Page: 1 of 3*
*Order: CA0310-18015973 Comment:*

RECORDING REQUESTED BY
The Law Firm Of Fox & Fox
**WHEN RECORDED MAIL TO**
NAME, Frank O. Fox
C/O Law Firm Of Fox & Fox
MAILING 4262 Wilshire Bl. 3rd Flr, LA, Ca
90010
CITY, STATE, ZIP CODE
LA, CA. 90010

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

**TITLE**

Abstract Of Support Judgement

**FL-480**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(name, address, and State Bar number):*
After recording, return to:

THE LAW FIRM OF FOX AND FOX
FRANK O. FOX - STATE BAR NO. 117780
4262 WILSHIRE BOULEVARD, THIRD FLOOR
LOS ANGELES, CA 90010-3505

TEL NO.: (323)937-4422 FAX NO. *(optional):* (323)937-
E-MAIL ADDRESS *(optional):* FRANK@FOXANDFOX.COM

[ X ] ATTORNEY  [ ] JUDGMENT  [ ] ASSIGNEE
FOR GRETEL    CREDITOR    OF RECORD

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 NORTH HILL STREET
MAILING ADDRESS:
CITY AND ZIP CODE: LOS ANGELES, 90012
BRANCH NAME: CENTRAL DISTRICT

**RECEIVED – CENTRAL
FAMILY LAW CLERK'S OFFICE**

FEB 0 2 2016

PETITIONER/PLAINTIFF: GRETEL A. GONZALES

RESPONDENT/DEFENDANT: BENJAMIN GONZALES

| FOR RECORDER'S USE ONLY |
|---|
| CASE NUMBER: |
| BD 616 423 |
| FOR COURT USE ONLY |

## ABSTRACT OF SUPPORT JUDGMENT

1. The [ X ] original judgment creditor  [ ] assignee of record
   applies for an abstract of a support judgment and represents the following:
   a. Judgment debtor's
      name and last known address

   | WILLIAM BENJAMIN GONZALES |
   | 14930 MAR VISTA STREET |
   | WHITTIER, CA 90605 |

   b. Driver's license no. and state:                      [ X ] Unknown
   c. Social security number [last four digits]: 1518      [ ] Unknown
   d. Birthdate: FEBRUARY 20, 1962                          [ ] Unknown
   Date: JANUARY 28, 2016

   FRANK O. FOX-THE LAW FIRM OF FOX AND FOX
   (TYPE OR PRINT NAME)                                    (SIGNATURE OF APPLICANT OR ATTORNEY)

2. I CERTIFY that the judgment entered in this action contains
   an order for payment of spousal, family, or child support.

3. Judgment creditor *(name):* GRETEL GONZALES

   whose address appears on this form above the court's name.

4. [ ] The support is ordered to be paid to the following county
   officer *(name and address):*

5. Judgment debtor *(full name as it appears in judgment):*
   WILLIAM BENJAMIN GONZALES
6. a. A judgment was entered on *(date):* JANUARY 12, 2016
   b. Renewal was entered on *(date):*
   c. Renewal was entered on *(date):*

7. [ ] An execution lien is endorsed on the judgment as follows:
   a. Amount: $
   b. In favor of *(name and address):*

8. A stay of enforcement has
   a. [ X ] not been ordered by the court.
   b. [ ] been ordered by the court effective until
      *(date):*
9. [ ] This is an installment judgment.

   Clerk, by _____ SHERRI R. CARTER, Deputy

This abstract issued on
*(date):* FEB 0 2 2016

Clerk, by _____, Deputy

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
FL-480 [Rev. January 1, 2015]

**ABSTRACT OF SUPPORT JUDGMENT**

Code of Civil Procedure, §§ 488.480, 674,
697.320, 700.190
www.courts.ca.gov

Legal Solutions Plus

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled (*specify*): **WITHDRAWAL OF ABSTRACT OF JUDGMENT AND RELEASE OF LIEN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **July 2, 2019**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

⊠ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **July 2, 2019**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

| **DEBTOR** | **ATTORNEYS FOR CREDITOR THE LAW FIRM OF FOX AND FOX** |
|---|---|
| BENJAMIN W GONZALES | FRANK O. FOX |
| P.O. BOX 1530 | THE LAW FIRM OF FOX AND FOX |
| LOS ANGELES, CA 90001-0530 | 4262 WILSHIRE BLVD., THIRD FLOOR |
| | LOS ANGELES, CA 90010--3505 |

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **July 2, 2019**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.
**VIA PERSONAL DELIVERY**
PRESIDING JUDGE'S COPY, Bankruptcy Judge Barry Russell
United States Bankruptcy Court, Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1660 / Courtroom 1668, Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 2, 2019 | Chanel Mendoza | */s/ Chanel Mendoza* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

*June 2012*
4843-0409-8694, v. 1

1. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>: CON'T:

- CREDITOR BMW BANK OF NORTH AMERICA, C/O AIS PORTFOLIO SERVICES, LP: Bhagwati Barot    bbarot@aissolution.com
- **ATTORNEY FOR COMERICA BANK:** Jennifer Witherell Crastz    jcrastz@hrhlaw.com
- CREDITOR COMERICA BANK<u>:</u> Christopher D Crowell    ccrowell@hrhlaw.com
- INTERESTED PARTY: Howard M Ehrenberg    hehrenberg@sulmeyerlaw.com, hehrenberg@ecf.inforuptcy.com;mviramontes@ecf.inforuptcy.com
- INTERESTED PARTY: Andy J Epstein    taxcpaesq@gmail.com
- **TRUSTEE:** David M Goodrich (TR)    dgoodrich@wgllp.com, c143@ecfcbis.com;dgoodrich11@ecf.epiqsystems.com;lrobles@wgllp.com
- **ATTORNEY FOR TRUSTEE:** Chad V Haes    chaes@marshackhays.com, 8649808420@filings.docketbird.com
- **ATTORNEY FOR TRUSTEE:** D Edward Hays    ehays@marshackhays.com, 8649808420@filings.docketbird.com
- Sam S Leslie    admin@leaaccountancy.com
- **ATTORNEY FOR TRUSTEE:** Laila Masud    lmasud@marshackhays.com, 8649808420@filings.docketbird.com
- **ATTORNEY FOR DEBTOR AND INTERESTED PARTY:** James R Selth    jim@wsrlaw.net, jselth@yahoo.com;brian@wsrlaw.net;vinnet@ecf.inforuptcy.com
- INTERESTED PARTY: Valerie Smith    claims@recoverycorp.com
- **U.S. TRUSTEE:** United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- **DEBTOR BENJAMIN W. GONZALES:** Daniel J Weintraub    dan@wsrlaw.net, vinnet@ecf.inforuptcy.com;brian@wsrlaw.net
- **INTERESTED PARTY AND CREDITOR BONIAL & ASSOCIATES, P.C.:** Gilbert R Yabes    ecfcacb@aldridgepite.com, GRY@ecf.inforuptcy.com;gyabes@aldridgepite.com
- **CREDITOR GRETEL GONZALES:** Jasmin Yang    Jasmin.Yang@lewisbrisbois.com, Cheryl.Scranton@lewisbrisbois.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

*June 2012*
4843-0409-8694, v. 1

# EXHIBIT 8

## SETTLEMENT, RELEASE AND INDEMNIFICATION AGREEMENT

IT IS HEREBY STIPULATED by and between THE LAW FIRM OF
FOX AND FOX, A GENERAL PARTNERSHIP COMPOSED OF FRANK O. FOX AND
CLAIRE S. FOX ("FOX") and GRETEL GONZALES ("GRETEL") as both an
individual and co-trustee of the Gonzales Family Trust, and
their respective counsel in consideration of the promises made
herein, as hereinafter set forth, effective as of October 3 1,
2019.

### NATURE AND EFFECT OF AGREEMENT

1.   This agreement consists of a compromise and
settlement by each party of that party's claims against the other
party or parties.   This facts herein set forth are for purposes of
Settlement and may be used as evidence in the pending bankruptcy
proceeding, filed by William Benjamin Gonzales in the United
States Bankruptcy Court proceeding, in Central District of
California, case number 2:17-bk-23812-BR

### NATURE AND STATUS OF DISPUTE

The following facts, set forth in paragraphs 2 through 20,
inclusive, below, are acknowledged to be accurate,:



foxvgonzales/letters/2019/settlement-1e/1

-1-

2.    On February 24, 2015, FOX and GRETEL willingly
and voluntarily entered into a Retainer Agreement, pursuant to
which FOX agreed to represent GRETEL in Los Angeles Superior
Court case number BD 616 423 (Gretel Gonzales v. William
Benjamin Gonzales);

3.    On March 9, 2015, GRETEL willingly and voluntarily
signed a Note, letter, and two Deeds Of Trust, payable to FOX,
in the sum of $150,000.00, which were secured by the real
properties, located at 14930 Mar Vista Street, Whittier,
California 90605 and 14663 Carnell Street, Whittier, CA 90603,
after having been advised to contact an independent attorney and
after having had sufficient time to consider and read the
documents.  The Deed Of Trust was recorded on the real property,
located at 14930 Mar Vista Street, Whittier, California 90605,
on June 30, 2015.  The Deed Of Trust was recorded on the real
property, located at 14663 Carnell Street, Whittier, CA 90603,
on August 10, 2015.  Notice of a Family Law Attorney Real
Property Lien was given to William Benjamin Gonzales, on March
25, 2015.

4.    On February 19, 2016, an Abstract Of Support was
recorded in Los Angeles County, reflecting the spousal support
ordered payable to GRETEL from her spouse, W. Benjamin Gonzales.



5.   On July 25, 2016, GRETEL willingly and voluntarily signed a Note, letter, and Deed Of Trust, payable to FOX, in the additional sum of $250,000.00, which was secured by the real property, located at 14930 Mar Vista Street, Whittier, California 90605, after having been advised to contact an independent attorney and after having had sufficient time to consider and read the documents.  The Deed Of Trust was recorded on August 9, 2016, after Notice of a Family Law Attorney Real Property Lien was given to Michael L. Whitmarsh, the attorney for W. Benjamin Gonzales, on July 26, 2016.

6.   On October 6, 2016, FOX and GRETEL entered into a Retainer Agreement, pursuant to which FOX agreed to represent GRETEL in <u>Los Angeles Superior Court</u> case number BC 635 532 (<u>Gretel Gonzales v. C-PAK Seafoods, Inc.</u>);

7.   On January 5, 2017, FOX and GRETEL entered into a Retainer Agreement, pursuant to which FOX agreed to represent GRETEL in <u>Los Angeles Superior Court</u> case number BC 645 400 (<u>Gretel Gonzales v. CPAK Seafoods, Inc.</u>);

8.   On January 5, 2017, FOX and GRETEL entered into a Retainer Agreement, pursuant to which FOX agreed to represent GRETEL in <u>Los Angeles Superior Court</u> case number BC 640 599



(<u>Comerica Bank vs. C-PAK Seafoods, Inc.</u>);

9.   On January 5, 2017, GRETEL willingly and voluntarily signed a Note, letter, and Deed Of Trust, payable to FOX, in the additional sum of $250,000.00, which was secured by the real property, located at 14930 Mar Vista Street, Whittier, California 90605, after having been advised to contact an independent attorney and after having had sufficient time to consider and read the documents.   The Deed Of Trust was recorded on February 27, 2017, after Notice of a Family Law Attorney Real Property Lien was given to Michael L. Whitmarsh, the attorney for W. Benjamin Gonzales, on January 6, 2017.

10.   GRETEL's husband, W. Benjamin Gonzales, is the Bankruptcy Debtor in the United States Bankruptcy Court proceeding, filed in Central District of California, case number 2:17-bk-23812-BR (hereinafter "the Bankruptcy Proceeding"). Both FOX and GRETEL are creditors in the Bankruptcy Proceeding.

11.   Monthly billing statements, which reflected the accurate amount of fees and costs, incurred by GRETEL, in Los Angeles Superior Court case numbers BD 616 423, BC 645 400, BC 640 599 and BC 635 532 by FOX were sent to and received by GRETEL and accurately reflected the fees and costs incurred on



foxvgonzales/letters/2019/settlement-1e/1

her behalf in said proceedings.

12.   As of November 20, 2017, GRETEL owed FOX the sum of $625,790.06 for the attorney's fees and costs, incurred on her behalf, related to the matters involved in the action filed in Los Angeles Superior Court case number BD 616 423.  As of September 17, 2019, the amount owed by GRETEL to FOX in this matter was equal to $739,975.31.

13.   As of November 20, 2017, GRETEL owed FOX the sum of $13,981.00 for the attorney's fees and costs, incurred on her behalf, related to the matters involved in the action filed in Los Angeles Superior Court case number BC 645 400.  As of September 17, 2019, the amount owed by GRETEL to FOX in this matter was equal to $16,532.05.

14.   As of November 20, 2017, GRETEL owed FOX the sum of $25,421.25 for the attorney's fees and costs, incurred on her behalf, related to the matters involved in the action filed in Los Angeles Superior Court case number BC 640 599.  As of September 17, 2019, the amount owed by GRETEL to FOX in this matter was equal to $30,059.76.

15.   As of November 20, 2017, GRETEL owed FOX the sum



of $12,732.60 for the attorney's fees and costs, incurred on her

behalf, related to the matters involved in the action filed in

Los Angeles Superior Court case number BC 635 532.  As of

September 17, 2019, the amount owed by GRETEL to FOX in this

matter was equal to $15,088.86.


16.  As of September 17, 2019, the total amount owed

by GRETEL to FOX in all of the aforementioned matters was equal

to the sum of $801,665.98.


17.  On November 9, 2017, FOX filed a Complaint

against GRETEL, alleging causes of action for breach of contract

and common counts, in Los Angeles Superior Court, case number BC

682 953.


18.  On December 18, 2017, GRETEL filed a Cross-

Complaint against FOX, alleging breach of contract, breach of

good faith and fair dealing, breach of fiduciary duty by

attorney, legal malpractice, promissory fraud, intentional

infliction of emotional distress and negligent infliction of

emotional distress, in Los Angeles Superior Court, case number

BC 682 953.


19.  The Parties have previously attended mediation

foxvgonzales/letters/2019/settlement-1e/1

wherein GRETEL and FOX have each paid the sum of $2,800 in

mediation fees to ADR.


20.   GRETEL and FOX have both incurred significant

attorney's fees and costs, out of pocket, in pursuing and

defending the Complaint and Cross-Complaint.


## TERMS AND CONDITIONS


21.   All parties, in consideration of the promises and

concessions made by the others, hereby compromise and settle any

and all past, present, or future claims, demands, obligations, or

causes of action, whether based on tort, contract, or other

theories of recovery, which that party has or which may later

accrue to or be acquired by that party against any other party and

the other party's predecessors and successors in interest, heirs,

and assigns, arising from the subject matter of the matters

described in Paragraphs 2 through 20, inclusive, of this

Agreement, and any other matter that is not related to paragraphs

2 through 20, and are not limited by the recitals contained in

this Agreement, on the following terms and conditions:


22.   GRETEL shall execute an Assignment, along with

any other document, required to assign the entirety of her



foxvgonzales/letters/2019/settlement-1e/1

interest and rights in W. Benjamin Gonzales' Bankruptcy

Proceeding, including but not limited to, spousal support,

spousal support liens resulting from the Abstract of Judgment,

recorded February 19, 2016, and assets, to FOX, forthwith.


       23.  GRETEL shall take no action contrary to FOX' or

GRETEL's claims and rights in W. Benjamin Gonzales' Bankruptcy

Proceeding.


       24.  In support of his claims in W. Benjamin Gonzales'

Bankruptcy Proceeding, FOX may submit evidence of his billing

statements, costs incurred, fees incurred, fees and costs paid,

correspondence between FOX and GRETEL, Notes signed by GRETEL,

Deeds Of Trust signed by GRETEL, information letters sent to

and/or signed by GRETEL, Retainer Agreements entered into by

GRETEL, Family Law Attorney Real Property Liens signed by

GRETEL, Preliminary and Final Disclosures signed by GRETEL,

Notices or other documents, related to the matters filed in Los

Angeles Superior Court, case numbers BD 616 423, BC 645 400, BC

640 599, BC 635 532 and BC 682 953; the use of which will be

deemed with GRETEL's full knowledge and consent and which shall

not be deemed to be a violation of the attorney / client

privilege between FOX and GRETEL.

25.   FOX' total recovery from GRETEL, for matters arising from the matters described in Paragraphs 2 through 20, above, of this Agreement, is limited to the entirety of GRETEL's rights in W. Benjamin Gonzales' Bankruptcy Proceeding, the value of which has not yet been determined.   FOX shall be entitled to receive up to the total amount owed, including interest, calculated as $801,665.98 as of September 17, 2019, and if any amounts are received from the Bankruptcy Proceeding over and above what is owed to FOX, said overage will be paid to GRETEL.

26.   FOX shall also be entitled to collect and keep any funds from the pending orders issued against W. Benjamin Gonzales, payable to FOX, in the family law proceeding, filed in Los Angeles Superior Court, case number BD 616 423, up to the total amount owed by GRETEL, including interest, and if any amounts are received over and above what is owed to FOX, said overage will be paid to GRETEL.

27.   Insofar as COMERICA BANK seeks to collect against any interest of GRETEL's that is turned over to FOX, FOX shall defend against this.

28.   FOX and GRETEL shall execute and file a Request For Dismissal of the entire action, filed in Los Angeles

Superior Court, case number BC 682 953, including the Complaint and Cross-Complaint, with prejudice, forthwith, but no later than five business days from the date of execution of this Agreement and any necessary Assignments to effectuate the terms of this Agreement, however, the Court shall retain jurisdiction to enforce the provisions herein set forth, pursuant to <u>Code Of Civil Procedure</u> §664.6.

## MUTUAL GENERAL RELEASE

29.  All of the parties and, without limitation, FOX and GRETEL, on behalf of themselves, their descendants, ancestors, dependents, heirs, executors, administrators, assigns hereby fully release and discharge each other and without limitation, FOX and GRETEL, and the descendants, ancestors, dependents, heirs, executors, administrators, and assigns of each, from all rights, claims, and actions which each party and the above-mentioned successors now have against the other parties and the above-mentioned successors, including, without limitation, those rights, claims, and actions stemming from the dispute regarding attorney's fees owed to Fox & Fox by Gretel Gonzales and the subject of litigation in LASC Case No. BC 682 953."



30.  By executing this Settlement Agreement, FOX and GRETEL, or either of them, are not acknowledging or admitting to fault or liability of any kind.

UNKNOWN CLAIMS

31.  The parties, and each of them, agree that this compromise and settlement shall constitute a bar to all past, present, and future claims, herein or any other matter between the parties.

32.  The parties, and each of them, agree that the release which he or she gives to the other party upon executing this Agreement applies to all claims for injuries, damages, or losses to her own person or entity and property, real or personal, whether those injuries, damages, or losses are known or unknown, foreseen or unforeseen, patent or latent which he or she may have against the other party.

33.  All parties, and each of them, waive application of California Civil Code §1542.

34.  All parties, and each of them, certify that they have read the following provisions of California Civil Code

§1542:

"A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party", and indicates that fact by signing his or her initials here:

(FRANK O. FOX' initials)

(GRETEL GONZALES' initials)

35.   The parties, and each of them, understand and acknowledge that the significance and consequence of this waiver of <u>California Civil Code</u> §1542 is that, even if he or she should eventually suffer additional damages arising out of the facts referred to herein, or any other matter, he or she will not be able to make any claim for those damages.   Furthermore, each party acknowledges that he or she consciously intends these consequences even as to claims for damages that may exist as of the date of this release but which it does not know exist, and which, if known, would materially affect his or her decision to execute this release, regardless of whether his or her lack of knowledge is the result of ignorance, oversight, error, negligence, or any other cause.

36.  All of the terms and provisions hereof shall be binding upon the heirs, successors, assigns and legal representatives of the parties hereto and shall inure to the benefit of said heirs, successors, assigns and legal representatives.

37.  In the event that any covenant, condition or other provision herein contained is held to be invalid, void or illegal by any court of competent jurisdiction, it shall be deemed severable from the remainder of this Agreement and shall in no way effect, impair or invalidate any other covenant, condition or other provision contained herein, if such condition, covenant or other provision shall be deemed valid to the extent of the scope or breadth, such covenant, condition or other provision shall be deemed valid to the extent of the scope or breadth permitted by law.

38.  No waiver, express or implied, by one party of any breach by the other of any provision of this Agreement shall be effective unless in writing and signed by all parties.  The waiver of one provision shall not be a waiver of any other provision and one waiver shall not be a waiver of a subsequent breach of the same provision.

foxvgonzales/letters/2019/settlement-1e/1

## ADVICE OF ATTORNEY

39.   The parties, and each of them, warrant and represent that in executing this Agreement, he or she has relied upon legal advice from the attorney of his or her choice or has been told to retain an attorney and chosen not to do so; that the terms of this Agreement have been read and its consequences (including risks, complications, and costs) have been completely explained to him or her; and that he or she fully understands the terms of this Agreement.   Each party further acknowledges and represents that, in executing this release, he or she has not relied on any inducements, promises, or representations made by the other party or anyone representing or serving the other party.

## CONDITIONS OF EXECUTION

40.   The parties, and each of them, acknowledge and warrant that his or her execution of this release is free and voluntary and that he or she has the authority to execute this Agreement.

## EXECUTION OF OTHER DOCUMENTS

41.   The parties, and each of them, shall cooperate

fully in the execution of any and all other documents and in the completion of any additional actions that may be necessary or appropriate to give full force and effect to the terms and intent of this Agreement.

## ATTORNEY'S FEES

42. Except as set forth in this Agreement, the parties, and each of them, shall bear all attorneys' fees and costs arising from each party's own counsel (if any) in connection with this Agreement and the matters referred to herein.

43. If any action or proceeding at law or in equity is instituted to enforce or interpret the terms of this Agreement, the undersigned parties agree that the prevailing party or parties therein shall be entitled to reasonable attorneys' fees, costs and necessary disbursements, in addition to any other relief to which said party may be entitled.

## GOVERNING LAW; VENUE

44. This Agreement is entered into, and shall be construed and interpreted in accordance with the laws of the State of California. Any action brought to enforce the terms of this

Settlement Agreement or regarding its subject matter shall be
filed in the Los Angeles Superior Court, Central District.

45.   This Agreement may be signed in counterparts and
fax signatures shall be deemed equivalent to original signatures.

APPROVED AS TO FORM AND CONTENT:

Dated _November 8_ , 2019

THE LAW FIRM OF FOX AND FOX

By _____
   FRANK O. FOX

Dated: _10·31·_____ , 2019          _10·31_____ , 2019

_____          _____
GRETEL GONZALES, an individual    GRETEL GONZALES, as co-Trustee
                                  of the Gonzales Family Trust

APPROVED AS TO FORM ONLY:

Dated _____ , 2019

KERMISCH & PALETZ LLP

By_____
   MARY LU,
   Attorneys for GRETEL GONZALES

Settlement Agreement or regarding its subject matter shall be filed in the Los Angeles Superior Court, Central District.

45.    This Agreement may be signed in counterparts and fax signatures shall be deemed equivalent to original signatures.

APPROVED AS TO FORM AND CONTENT:

Dated _N̲o̲v̲e̲m̲b̲e̲r̲ ̲5̲_ , 2019

THE LAW FIRM OF FOX AND FOX

By _____
FRANK O. FOX

Dated: _10·31·_ , 2019          _10·31_ , 2019

_____      _____
GRETEL GONZALES, an individual    GRETEL GONZALES, as co-Trustee
                                  of the Gonzales Family Trust

APPROVED AS TO FORM ONLY:

Dated _11 –14_ , 2019

KERMISCH & PALETZ LLP

By _____
MARY LU,
Attorneys for GRETEL GONZALES

A notary public or other officer completing this certificate verifies only the identity of the individual(s) who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA

COUNTY OF ORANGE

S.S.

On this 31st. day of OCTOBER 2019, before me John Restrepo, Notary Public, personally appeared **GONZALES, GRETEL** who proved to me on the basis of satisfactory evidence to be the person whose name is  subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____    (Notary Seal)
Signature of Notary Public

*GONZALES, GRETEL – SETTLEMENT, RELEASE AND INDEMNIFICATION AGREEMENT DOC.*

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**          CIVIL CODE § 1189

| A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document. |
| --- |

State of California                     )

County of _Los Angeles_                )

On _November 12, 2019_ before me, _Matt Henderson, Notary Public_.
    Date                                     Here Insert Name and Title of the Officer

personally appeared _Frank O Fox_
                        Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

MATT HENDERSON
Notary Public - California
Los Angeles County
Commission # 2304801
My Comm. Expires Sep 19, 2023

Signature _____
                Signature of Notary Public

Place Notary Seal Above

—————————————————— **OPTIONAL** ——————————————————

*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**

Title or Type of Document: _____   Document Date: _____

Number of Pages: _____   Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

| Signer's Name: _____ | Signer's Name: _____ |
| --- | --- |
| ☐ Corporate Officer — Title(s): _____ | ☐ Corporate Officer — Title(s): _____ |
| ☐ Partner — ☐ Limited ☐ General | ☐ Partner — ☐ Limited ☐ General |
| ☐ Individual      ☐ Attorney in Fact | ☐ Individual      ☐ Attorney in Fact |
| ☐ Trustee      ☐ Guardian or Conservator | ☐ Trustee      ☐ Guardian or Conservator |
| ☐ Other: _____ | ☐ Other: _____ |
| Signer Is Representing: _____ | Signer Is Representing: _____ |

©2014 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)   Item #5907

# EXHIBIT 9

```
 1  THE LAW FIRM OF FOX AND FOX
    4262 Wilshire Blvd, Third Floor
 2  Los Angeles, California 90010-3505
    (323) 937-4422   FAX (323) 937-0282
 3  Email: frank@foxandfox.com

 4  THE LAW FIRM OF FOX AND FOX,
         Defendant
 5

 6

 7

 8      UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA

 9

10  In re                          )  Case No. 2:17-bk-23812-BR
                                    )
11  BENJAMIN W. GONZALES,           )  CHAPTER 7  19- 01081 BR
                                    )
12       Debtor.                    )  IRREVOCABLE ASSIGNMENT OF
                                    )  INTEREST IN TRUST / ESTATE
13  _____ )
                                    )  Hearing Judge: Barry Russell
14  COMERICA BANK,                  )  Location: 255 E. Temple Street,
                                    )  Courtroom 1668, Los Angeles,
15       Plaintiff,                 )  California 90012
                                    )
16    v.                            )
                                    )
17  THE LAW FIRM OF FOX AND FOX,    )
                                    )
18       Defendant.                 )
                                    )
19                                  )
                                    )
20

21       I, GRETEL GONZALES, as an individual and as co-Trustee of

22  the Gonzales Family Trust ("ASSIGNOR"), for good and valuable

23  consideration, do irrevocably and absolutely assign and transfer to

24  Frank O. Fox of The Law Firm Of Fox And Fox ("ASSIGNEE"), the

25  **entirety** of my claims, interests and rights in any asset(s),

26  proceeds or payments I am entitled to receive from the Bankruptcy

27  Estate of Benjamin W. Gonzales (2:17-bk-23812-BR) on account of my

28  claim in the Bankruptcy Estate as evidenced by proof of claim #4-1
```

------------------------------------------------------------

THE LAW FIRM OF FOX AND FOX                    ASSIGNMENT OF INTEREST

1  filed in the Bankruptcy Estate on March 5, 2018, including, but not
2  limited to, spousal support, spousal support arrears, and assets.

3

4      ASSIGNOR irrevocably authorizes and directs all parties,
5  relating to the assets I receive from Benjamin W. Gonzales'
6  Bankruptcy Estate, any Trust in Benjamin W. Gonzales' or The
7  Gonzales Family Trust name or any Trust of which Benjamin W.
8  Gonzales is a trustee, co-trustee, settlor or beneficiary, to pay
9  and to transfer to ASSIGNEE my interest as set forth herein from
10 ASSIGNOR and to accept the receipt of ASSIGNEE for any money paid or
11 property transferred pursuant to this instrument.  ASSIGNEE agrees
12 to relinquish his interest in said Estate or Trust upon payment of
13 all sums due and owing to ASSIGNEE as herein set forth.

14

15     The ASSIGNOR hereby instructs the Trustee of Benjamin W.
16 Gonzales' Bankruptcy Estate, any Trust in Benjamin W. Gonzales' name
17 or any Trust of which Benjamin W. Gonzales is a trustee, settlor or
18 beneficiary, to deliver any money or property, due ASSIGNOR, to
19 Frank O. Fox of The Law Firm Of Fox And Fox.  Frank O. Fox of The
20 Law Firm Of Fox And Fox shall execute any and all documents,
21 receipts, releases and checks given by any personal representative
22 or trustee, as required by such instrument.  ASSIGNOR authorizes the
23 Superior Court/County Clerk, upon declaration for ex parte
24 application, without notice, to execute such documents, receipts,
25 releases and checks given by any personal representative or trustee
26 on the ASSIGNOR'S behalf in order to transfer assets or proceeds due
27 to Frank O. Fox of The Law Firm Of Fox And Fox, or to perform all
28 acts and things requisite and necessary to be done in order to carry

---

THE LAW FIRM OF FOX AND FOX                    ASSIGNMENT OF INTEREST

1  out the terms of this instrument.

2

3      ASSIGNOR warrants and declares that this instrument is

4  intended as an absolute and unqualified assignment of all claims and

5  interests set forth herein.

6

7      Should ASSIGNOR in any manner prevent payment to ASSIGNEE,

8  all costs incurred, together with reasonable attorney's fees shall

9  be payable by ASSIGNOR.

10

11      ASSIGNOR warrants and declares that ASSIGNOR is not

12  indebted to any other person, firm or corporation who has any claim

13  or right to all or any part of ASSIGNOR'S beneficial interest or

14  share in any assets I receive from Benjamin W. Gonzales' Bankruptcy

15  Estate, any Trust in Benjamin W. Gonzales' name or any Trust of

16  which Benjamin W. Gonzales is a trustee, settlor or beneficiary.

17

18      This agreement binds the trustees, heirs, executors,

19  administrators and assigns of ASSIGNOR, and all benefits and rights

20  of ASSIGNEE shall inure to the benefit of ASSIGNEE and its

21  successors and assigns.

22

23      I, ASSIGNOR, have executed this instrument at San Juan,

24  Capistrano Ca, October 31, 2019.

25  _____
    GRETEL GONZALES, as an

26  individual,

27  _____
    GRETEL GONZALES, as co-Trustee

28  of the Gonzales Family Trust

_____

THE LAW FIRM OF FOX AND FOX                    ASSIGNMENT OF INTEREST

1  | A notary public or other officer completing this certificate
2  | verifies only the identity of the individual who signed the
   | document to which this certificate is attached, and not the
3  | truthfulness, accuracy, or validity of the document.

4  STATE: California              )
                                  )   SS.
5  COUNTY: Los Angeles            )

6
7      On _October the 31st_, 2019, before me,
8  _John Restrepo_____, a Notary Public, personally appeared
9  GRETEL GONZALES, who proved to me on the basis of satisfactory
10 evidence to be the persons whose name are subscribed to the within
11 instrument and acknowledged to me that she executed the same in her
12 authorized capacity, and that by her signature on the instrument the
13 person or the entity upon behalf of which the person acted, executed
14 the instrument.

15
16     I CERTIFY UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE
17 STATE OF CALIFORNIA THAT THE FOREGOING PARAGRAPH IS TRUE AND
18 CORRECT.

19
20     WITNESS my hand and official seal.
21
22
23                                     Notary Public in and for said
24                                     Country and City
25
26
27
28

---------------------------------------------------------------------

THE LAW FIRM OF FOX AND FOX                ASSIGNMENT OF INTEREST