```
 1 │ THE LAW FIRM OF FOX AND FOX
   │ 4262 Wilshire Blvd, Third Floor
 2 │ Los Angeles, California 90010-3505
   │
 3 │ (323) 937-4422  FAX (323) 937-0282
   │
 4 │ THE LAW FIRM OF FOX AND FOX,
   │       Defendant
 5 │
 6 │
 7 │
 8 │    UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA
 9 │
10 │ In re                                ) Case No. 2:17-bk-23812-BR
   │                                      )
11 │ BENJAMIN W. GONZALES,                ) CHAPTER 7
   │                                      )
12 │      Debtor.                         ) OPPOSITION TO MOTION FOR ORDER:
   │ _____ ) 1) APPROVING SUBORDINATION
13 │                                      ) AGREEMENT; 2) APPROVING
   │ COMERICA BANK,                       ) COMPROMISE; AND 3) AUTHORIZING
14 │                                      ) SALE OF REAL PROPERTY
   │      Plaintiff,                      )
15 │                                      ) Date: August 10, 2021
   │    v.                                ) Time: 10:00 a.m.
16 │                                      )
   │ THE LAW FIRM OF FOX AND FOX,         ) Hearing Judge: Barry Russell
17 │                                      )
   │      Defendant.                      ) Location: 255 E. Temple Street,
18 │                                      ) Courtroom 1668, Los Angeles,
   │                                      ) California 90012
19 │ _____ )
20 │
21 │
22 │
23 │
24 │
25 │
26 │
27 │
28 │
```

---

THE LAW FIRM OF FOX AND FOX                              OPPOSITION TO MOTION
IN RE BENJAMIN W. GONZALES              CASE NO. 2:17-bk-23812-BR; PAGE 1
foxvgonzales/pleading/2019/opposition-7a/7

The Law Firm Of Fox And Fox ("Fox"), a Creditor of the above-titled bankruptcy Estate, hereby opposes, in part, "TRUSTEE'S MOTION FOR ORDER: 1. APPROVING SUBORDINATION AGREEMENT BETWEEN THE TRUSTEE AND BANK OF AMERICA; 2. APPROVING COMPROMISE BETWEEN TRUSTEE AND COMERICA BANK; AND 3. AUTHORIZING SALE OF REAL PROPERTY (A) OUTSIDE THE ORDINARY COURSE OF BUSINESS; (B) FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES; (C) SUBJECT TO OVERBID; AND (D) FOR DETERMINATION OF GOOD FAITH PURCHASER UNDER 11 U.S.C. §363(M)" filed by the Chapter 7 Trustee, David M. Goodrich ("Trustee").

**MEMORANDUM OF POINTS AND AUTHORITIES**

Specifically, Fox does not oppose the sale of the real property, located at 14930 Mar Vista Street, Whittier, California 90605 (the "Property"), for the proposed price of $1,522,222.00; nor does Fox oppose Trustee's request to approve the compromise between Trustee and Bank of America, increasing the amount available for unsecured creditors from $100,000.00 to $300,000.00; what Fox opposes is the Trustee's request to approve the compromise between Trustee and COMERICA BANK ("Comerica"), another Creditor. **This would negate the obligation that COMERICA BANK now has to pay the Bankruptcy Estate the sum of $150,000**, pursuant to the initial Agreement entered into with Comerica Bank. The proposed compromise and sale terms would not be advantageous to the Bankruptcy Estate and represents an abdication of the Trustee's duty to be neutral and act in the best interests of the Estate, as follows:

    1.    The first ostensible basis in support of this new

---

agreement is the claim that Comerica has incurred higher-than-expected attorney's fees in prosecuting the two (2) adversary cases against Fox.  Comerica has incurred these expenses at its own discretion, and the Bankruptcy Estate is not required to finance its continuing litigation against competing creditors.  Nor does the Estate gain any advantage from doing so, where the total amount paid out to the Estate's creditors will not change, but only be parsed differently among those creditors.

  2.  The second ostensible basis is that Comerica's fees may be recoverable as an administrative claim against the Estate. Fox disputes this claim and will litigate it with Comerica should it be brought to the Court's attention.  Comerica is aware that Fox would oppose any such claim, when Fox opposed the terms of the earlier proposed settlement between Trustee and Comerica.  Comerica has been aware, since the time of the first settlement, that it would not be able to recover its fees from the Bankruptcy Estate, yet has chosen to reject Fox' settlement proposals and chosen, instead, to litigate.  The Estate would gain no benefit from financing Comerica's continued litigation by negating Comerica's $150,000, which it now owes to the Bankruptcy Estate.

  3.  Trustee's third ostensible basis is that Comerica inaccurately "believed" that Bank of America would substantially reduce its debt associated with the second Deed Of Trust, resulting in a higher payout **to Comerica**.  Comerica's belief was speculative and not supported by any of the documents attached as evidence to

---

Case 2:17-bk-23812-BR    Doc 268    Filed 07/27/21    Entered 07/27/21 21:27:36    Desc
                      Main Document    Page 4 of 10

Trustee's Motion or any other pleading. More to the point, any higher payout to Comerica would confer no benefit on the Bankruptcy Estate, and it is not the Trustee's duty to avoid assets belonging to the Bankruptcy Estate for the benefit of one creditor over another, when the Estate, itself, will not only not receive a benefit but by avoiding the $150,000 obligation owed by Comerica, would detrimentally hurt the creditors in the Bankruptcy Estate.

    4. Trustee's fourth ostensible basis is that Comerica's liens are subordinate to Bank of America's liens. There is nothing novel in this; this was true when the Estate and Comerica entered into their previous agreement, when Comerica agreed to be obligated to pay $150,000 to the Bankruptcy Estate, and it remains true. The proposed new agreement does not change the priority of the liens, so there is no incentive for the Estate to agree to relieve Comerica of its obligation to the Bankruptcy Estate to the detriment of the other creditors; of whom, Fox is the largest.

    5. Trustee's fifth ostensible basis is that the agreement is necessary and/or expeditious because the Estate may not be able to sell the Property without Comerica's consent. This is disingenuous; Comerica has not raised any such objections, and even if it did, if the Court determines that the sale (which Fox does not oppose) is in the best interests of the Estate, the Court can and would order the sale to take place, over any such objections. Furthermore, any such objections would be inviable, since Comerica cannot reasonably argue that the Property should remain in the Estate and incur further debt, nor that there is any better

THE LAW FIRM OF FOX AND FOX                               OPPOSITION TO MOTION
IN RE BENJAMIN W. GONZALES         CASE NO. 2:17-bk-23812-BR; PAGE 4
foxvgonzales/pleading/2019/opposition-7a/7

alternative than selling it on the terms Trustee proposes.

6. Trustee's sixth ostensible basis is that it would be "inequitable" for the Estate to receive an additional $200,000.00 from the sale of the Property, while Comerica continues to litigate matters that, even if successful, would likely obtain no result and no recovery because of the subordination to Bank of America. This is exactly contrary to the Trustee's duty, which is to administer the Estate for the best interests of itself and **all** creditors. Said duty is not to "dole" out portions of the estate as a reward for litigious conduct by one creditor over another. Comerica's obligation to pay $150,000 should not be negated simply because the Trustee wants to benefit Comerica to the detriment of the Estate and the other creditors.

7. In summary, the proposed agreement is not in the best interests of the Estate, where it ostensibly negates the recovery of $150,000, now owed to the Estate, in order to avoid potential objections to the sale, which have never been brought and would not be successful if they were. It does so at the expense of the other creditors, and increases the likelihood of further litigation and depletion. This does not serve any benefit to the Estate or the its creditors.

8. Pursuant to the authorities on which Trustee relies, the Trustee is required to be neutral and not advocate for any one party. Instead of being so neutral, Trustee seeks to "reward"

Comerica for litigating on its own behalf and not on behalf of the Estate, at Fox' expense. There is no basis to avoid Comerica's obligation in the first agreement, to pay $150,000 to the Estate, for the benefit of the unsecured creditors simply because Trustee speculates that that Comerica may object to its proposed sale.

9. Of the other unsecured creditors, Fox holds the largest claim against the Estate and would be most negatively affected by the proposed second agreement with Comerica.

Dated: July 27, 2021                               THE LAW FIRM OF FOX AND FOX

                                                   By /s/ Frank O. Fox
                                                      FRANK O. FOX

## VERIFICATION

I am a partner in THE LAW FIRM OF FOX AND FOX, a Creditor of the Bankruptcy Estate in in the above-entitled proceeding. I have read the foregoing OPPOSITION TO MOTION FOR ORDER: 1) APPROVING SUBORDINATION AGREEMENT; 2) APPROVING COMPROMISE; AND 3) AUTHORIZING SALE OF REAL PROPERTY and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Dated: July 27, 2021

_____
FRANK O. FOX

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
4262 Wilshire Boulevard, Third Floor
Los Angeles, California 90010-3505

A true and correct copy of the foregoing document entitled (*specify*): _____
OPPOSITION TO MOTION FOR ORDER: 1) APPROVING SUBORDINATION AGREEMENT; 2) APPROVING
COMPROMISE; AND 3) AUTHORIZING SALE OF REAL PROPERTY_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 07/27/2021_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

[✔] Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) __07/27/2021_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

[✔] Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

[ ] Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 07/27/2021 | MICHAEL J. LEE | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

**SERVICE LIST**
**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

| | Attorney for |
|---|---|
| Bhagwati Barot<br>AIS Data Services<br>1212 Corporate Dr, Ste 400<br>Irving, TX 75038<br>469-417-0235<br>972-870-5562 (fax)<br>bbarot@aissolution.com | BMW Bank of North America, c/o AIS Portfolio Services, LP |
| Jennifer Witherell Crastz & Christopher D. Crowell<br>Hemar, Rousse-& Heald, LLP<br>15910 Ventura Blvd 12th Flr<br>Encino, CA 91436-2829<br>818-501-2985<br>818-501-2985 (fax)<br>jcrastz@hrhlaw.com<br>ccrowell@hrhlaw.com | Comerica Bank |
| Howard M Ehrenberg<br>333 South Grand Avenue, Ste 3400<br>Los Angeles, CA 90071-1406<br>213-626-2311<br>213-629-4520 (fax)<br>hehrenberg@sulmeyerlaw.com<br>hehrenberg@ecf.inforuptcy.com<br>mviramontes@ecf.inforuptcy.com | Courtesy NEF |
| Andy J Epstein<br>20211 Spectrum<br>Irvine, CA 92618<br>619-846-7369<br>866-212-7227 (fax)<br>taxcpaesq@gmail.com | Andy J. Epstein |
| Chad V. Haes<br>Marshack Hays LLP<br>870 Roosevelt Ave<br>Irvine, CA 92620<br>949-333-7777<br>949-333-7778 (fax)<br>chaes@marshackhays.com<br>chaes@ecf.courtdrive.com<br>cmendoza@ecf.courtdrive.com<br>cmendoza@marshackhays.com<br>kfrederick@ecf.courtdrive.com | David M. Goodrich |

| | |
|---|---|
| D. Edward Hays & Laila Masud<br>Marshack Hays LLP<br>870 Roosevelt Ave<br>Irvine, CA 92620<br>949-333-7777<br>949-333-7778 (fax)<br>ehays@rnarshackhays.com<br>ehays@ecf.courtdrive.com<br>kfrederick@ecf.courtdrive.com<br>lmasud@marshackhays.com<br>lmasud@ecf.courtdrive.com | David M. Goodrich |
| David M. Goodrich<br>dgoodrich@wgllp.com<br>c143@ecfcbis.com<br>dgoodrich11@ecf.axosfs.com<br>lrobles@wgllp.com | Trustee |
| Sam S. Leslie<br>admin@leaaccoutancy.com | Courtesy NEF |
| Lovee D. Sarenas<br>Loveee.sarenas@lewisbrisbois.com | Gretel Gonzales |
| James R. Selth<br>jim@wsrlaw.net<br>jselth@yahoo.com<br>brian@wsrlaw.net<br>vinnet@ecf.inforuptcy.com | Benjamin W. Gonzales |
| Valerie Smith<br>claims@recoverycorp.com | Courtesy NEF |
| United States Trustee<br>Ustprefion16.la.ecf@usdoj.gov | United States Trustee (LA) |
| Daniel J. Weintraub<br>dan@wsrlaw.net<br>vinnet@ecf.inforuptcy.com<br>brian@wsrlaw.net | Benjamin W. Gonzales |
| Gilbert R. Yabes<br>Aldridge Pite, LLP<br>4375 Jutland Drive, Ste 200<br>P.O. Box 1793<br>San Diego, CA 92177-0933<br>858-750-7600<br>619-590-1385 (fax)<br>ecfcacb@aldridgepite.com | Courtesy NEF |
| Jasmin Yang<br>jasmin.yang@usdoj.gov<br>USACAC.CIVIL@ysdoj.gov | Gretel Gonzales |