D. EDWARD HAYS, #162507
ehays@marshackhays.com
CHAD V. HAES, #267221
chaes@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 7 Trustee
DAVID M. GOODRICH

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>BENJAMIN W. GONZALES,<br><br>Debtor. | Case No. 2:17-bk-23812-BR<br><br>Chapter 7<br><br>TRUSTEE'S OMNIBUS REPLY TO RESPONSES TO MOTION FOR ORDER:<br>1. APPROVING SUBORDINATION AGREEMENT BETWEEN THE TRUSTEE AND BANK OF AMERICA;<br>2. APPROVING COMPROMISE BETWEEN TRUSTEE AND COMERICA BANK; AND<br>3. AUTHORIZING SALE OF REAL PROPERTY (A) OUTSIDE THE ORDINARY COURSE OF BUSINESS; (B) FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES; (C) SUBJECT TO OVERBID; AND (D) FOR DETERMINATION OF GOOD FAITH PURCHASER UNDER 11 U.S.C. §363(M)<br><br><u>Hearing</u><br>Date:  August 10, 2021<br>Time:  2:00 p.m.<br>Place: Courtroom 1668 (Hon. Barry Russell)<br>         255 East Temple Street<br>         Los Angeles, California 90012 |

REPLY IN SUPPORT OF MOTION FOR ORDER APPROVING: SUBORDINATION; COMPROMISE; AND SALE

## 1. Introduction

The Fox Firm[1] opposes the Motion *only as to the Trustee's request for approval of the Comerica Compromise Agreement*. Comerica conditionally opposes the Motion, arguing that if the Comerica Compromise Agreement is not approved, then Comerica *does not* consent to the proposed sale of the Property. The Motion should be approved in its entirety. The Property has been vacant and falling into disrepair since late 2018. Through the Trustee's diligence, the repairs necessary to increase the value of the Property from less than $1.2 million to in excess of $1.5 million have been made exclusively from funds paid by BofA's insurance carrier. The real estate market is strong, and the $1.522 million offer received from Buyers is likely the best and highest offer that will be received by the Estate. If the sale is not approved, the Estate stands to lose hundreds of thousands of dollars in unencumbered funds that will be paid under the BofA Subordination Agreement.

With respect to the Fox Firm's opposition, the Comerica Compromise Agreement should be approved because it is fair, reasonable, and in the best interest of creditors of the Estate. Comerica asserts a substantial contribution claim of approximately $150,000 against the Estate. Failure to approve the compromise may lead to tens of thousands of dollars of litigation against Comerica – a party that has displayed a willingness to litigate – with no guarantee of success by the Estate.

With respect to Comerica's limited opposition, the Motion should be approved regardless of whether Comerica consents to the sale. Specifically, the sale should be approved free and clear of Comerica's alleged lien under the express provisions of the Bankruptcy Code and because Comerica has already consented to the sale pursuant to an operative and court-approved settlement agreement.

## 3. Argument

### A. The Comerica Compromise Agreement should be approved.

The Fox Firm opposes the Motion by arguing, *inter alia*, that the Comerica Compromise Agreement provides no benefit to the Estate. To the contrary, the proposed settlement and release of the Comerica Carve-Out Obligation will preserve Estate resources and will allow the Trustee to focus on case closure rather than another round of litigation with Comerica.

---

[1] All capitalized terms not defined in this Reply Memorandum have the meanings the Motion or the Memorandum of Points and Authorities accompanying the Motion ascribe to such terms.

Specifically, the Trustee believes that Comerica may have, and Comerica vigorously asserts that it does indeed have, a $150,000 substantial contribution claim against the Estate for the reasons set forth in Comerica's reply in support of the Motion filed on July 30, 2021, as dk. no. 269 ("Comerica Reply"). As such, the Trustee joins the Comerica Reply to the extent Comerica argues that: (1) it possesses a colorable substantial contribution claim; and (2) the Comerica Compromise Agreement should be approved. Rather than spend tens of thousands of dollars litigating the merits of Comerica's alleged administrative claim and a potential opposition to the Motion with no guarantee of success,[2] and also considering that there will be no equity from which to carve-out any funds for the Estate if the Fox Firm prevails in its litigation with Comerica, the Trustee determined that it was in the best interest of the Estate to settle all disputes with Comerica in exchange for a release of the Comerica Carve-Out Obligation. As detailed in the Motion, the Estate will net $50,000 more from lienholders than the Trustee originally negotiated even after approval of the Comerica Compromise Agreement. The settlement with Comerica will effectively resolve all outstanding potential litigation involving the Estate, and the Comerica Compromise Agreement should be approved by the Court.

### B. The sale should be approved free and clear of Comerica's alleged lien even if the Comerica Compromise Agreement is denied.

Comerica's limited opposition to the Motion confirms that Comerica consents to the proposed sale, but *only if* the Comerica Compromise Agreement is approved. The Trustee disagrees that approval of the sale should be conditioned upon approval of the agreement with Comerica. Simply put, the Court should approve the sale even if the Comerica Compromise Agreement is denied. The Trustee has been trying to sell the Property for nearly four years. However, the Property has been plagued by issue after issue. With a currently robust real estate market and interest rates at all-time lows, the pending offer of $1.522 million (which will net the Estate $300,000 in unencumbered funds) is likely the best the Estate can do. Both the Buyers and the $300,000 subordination agreement may be lost if the sale falls through.

To that end, the Trustee believes that the sale may be approved free and clear of Comerica's alleged lien under 11 U.S.C. §§ 363(f)(1) and (f)(5) even if Comerica retracts its consent to the sale.

---

[2] While the Fox Firm asserts in its opposition that it would formally dispute any potential substantial contribution claim of Comerica, such representation does not relieve the Estate of its obligation to also dispute such claim should one be asserted.

2
REPLY IN SUPPORT OF MOTION FOR ORDER APPROVING: SUBORDINATION; COMPROMISE; AND SALE

*See* Motion, sections E.iii. and E.iv. Further, Comerica has already consented to the sale of the Property pursuant to the enforceable and operative settlement and carve-out agreement ("First Agreement") approved by the Court on March 1, 2019, as dk. no. 138. Again, the First Agreement remains effective and enforceable, as does Comerica's consent to the sale under the First Agreement.

**4.     Conclusion**

For the foregoing reasons, the Trustee respectfully requests that the Court grant the Motion on its stated terms.

Dated: August 3, 2021                                      MARSHACK HAYS LLP


                                                           By:  */s/ Chad V. Haes*
                                                                D. EDWARD HAYS
                                                                CHAD V. HAES
                                                                Attorneys for Chapter 7 Trustee,
                                                                David M. Goodrich

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled: **TRUSTEE'S OMNIBUS REPLY TO RESPONSES TO MOTION FOR ORDER: 1. APPROVING SUBORDINATION AGREEMENT BETWEEN THE TRUSTEE AND BANK OF AMERICA; 2. APPROVING COMPROMISE BETWEEN TRUSTEE AND COMERICA BANK; AND 3. AUTHORIZING SALE OF REAL PROPERTY (A) OUTSIDE THE ORDINARY COURSE OF BUSINESS; (B) FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES; (C) SUBJECT TO OVERBID; AND (D) FOR DETERMINATION OF GOOD FAITH PURCHASER UNDER 11 U.S.C. §363(M)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **August 3, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On **August 3, 2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **August 3, 2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA OVERNIGHT MAIL:**

**PRESIDING JUDGE'S COPY**
HONORABLE BARRY RUSSELL
UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
EDWARD R. ROYBAL FEDERAL BUILDING AND COURTHOUSE
255 E. TEMPLE ST., SUITE 1660 / COURTROOM 1668
LOS ANGELES, CA 90012

**DEBTOR**
BENJAMIN W GONZALES
P.O. BOX 1530
LOS ANGELES, CA 90001

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 3, 2021 | Chanel Mendoza | /s/ Chanel Mendoza |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

*June 2012*

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:
   - **ATTORNEY FOR CREDITOR BMW BANK OF NORTH AMERICA, C/O AIS PORTFOLIO SERVICES, LP:** Bhagwati Barot    bbarot@aissolution.com
   - **ATTORNEY FOR CREDITOR/PLAINTIFF COMERICA BANK:** Jennifer Witherell Crastz    jcrastz@hrhlaw.com
   - **ATTORNEY FOR CREDITOR/PLAINTIFF COMERICA BANK:** Christopher D Crowell    ccrowell@hrhlaw.com
   - **CREDITOR BANK OF AMERICA, N.A.:** Joseph C Delmotte    ecfcacb@aldridgepite.com, JCD@ecf.inforuptcy.com; jdelmotte@aldridgepite.com
   - **INTERESTED PARTY COURTESY NEF:** Howard M Ehrenberg    hehrenberg@sulmeyerlaw.com, hehrenberg@ecf.inforuptcy.com; mviramontes@ecf.inforuptcy.com
   - **INTERESTED PARTY ANDY EPSTEIN:** Andy J Epstein    taxcpaesq@gmail.com
   - **CREDITOR FRANK O FOX AND DEFENDANT THE LAW FIRM OF FOX AND FOX:** Frank O Fox    frank@foxandfox.com
   - **TRUSTEE DAVID M GOODRICH (TR):** David M Goodrich (TR) dgoodrich@wgllp.com, c143@ecfcbis.com; dgoodrich11@ecf.axosfs.com; lrobles@wgllp.com
   - **ATTORNEY FOR TRUSTEE DAVID M GOODRICH (TR):** Chad V Haes chaes@marshackhays.com, chaes@ecf.courtdrive.com; cmendoza@ecf.courtdrive.com; cmendoza@marshackhays.com; kfrederick@ecf.courtdrive.com
   - **ATTORNEY FOR TRUSTEE DAVID M GOODRICH (TR):** D Edward Hays ehays@marshackhays.com, ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
   - **ACCOUNTANT SAM S LESLIE:** Sam S Leslie admin@leaaccountancy.com
   - **ATTORNEY FOR TRUSTEE DAVID M GOODRICH (TR):** Laila Masud lmasud@marshackhays.com, lmasud@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
   - **ATTORNEY FOR DEBTOR BENJAMIN W GONZALES:** James R Selth jim@wsrlaw.net, jselth@yahoo.com; brian@wsrlaw.net; vinnet@ecf.inforuptcy.com
   - **INTERESTED PARTY COURTESY NEF:** Valerie Smith    claims@recoverycorp.com
   - **UNITED STATES TRUSTEE (LA):** United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
   - **ATTORNEY FOR DEBTOR BENJAMIN W GONZALES:** Daniel J Weintraub dan@wsrlaw.net, vinnet@ecf.inforuptcy.com; gabby@wsrlaw.net; eduardo@wsrlaw.net
   - **ATTORNEY FOR CREDITOR BONIAL & ASSOCIATES, P.C. – PHH:** Gilbert R Yabes    ecfcacb@aldridgepite.com, GRY@ecf.inforuptcy.com; gyabes@aldridgepite.com
   - **ATTORNEY FOR CREDITOR GRETEL GONZALES:** Jasmin Yang jasmin.yang@usdoj.gov, USACAC.CIVIL@usdoj.gov

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

*June 2012*